Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  510) 725-3001
shanas@hbsslaw.com

Joseph M. Vanek
Eamon P. Kelly
SPERLING & SLATER, P.C.
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile: (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com

*Attorneys for the Cameron Plaintiffs and the Proposed Classes*

[Additional counsel listed on the signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　　　　Defendant. | No. 3:19-cv-03074-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:　　October 7, 2019<br>TIME:　　2:00 p.m.<br>JUDGE:　　Hon. Yvonne Gonzalez Rogers<br>CTRM:　　1 – 4th Floor |

| | |
|---|---|
| BARRY SERMONS, on behalf of himself and all others similarly situated, | No. 3:19-cv-3796-YGR |
| Plaintiff, | |
| v. | |
| APPLE INC., a California corporation | |
| Defendant. | |

1   Pursuant to the Standing Order for All Judges of the Northern District of California and Civil

2   Local Rule 16-9, and this Court's Order Granting Administrative Motions to Relate Cases (ECF No.

3   168[1]), Plaintiffs Donald R. Cameron, Pure Sweat Basketball, Inc., and Barry Sermons (collectively,

4   "Developer Plaintiffs") and Apple Inc. ("Apple") (collectively, the "Parties") submit this Joint Case

5   Management Statement.

6   *Apple's Statement*:  Plaintiffs insist that the Parties submit two joint Case Management

7   Statements—one between Apple and Consumer Plaintiffs[2], and one between Apple and Developer

8   Plaintiffs—even though the subject matter (and Apple's positions) are almost identical.  This seems

9   like precisely the sort of duplication of effort that this Court sought to prevent when it ordered

10  relation and set a single Case Management Conference ("CMC") for all of the Related App Store

11  Actions.  Apple believes a single Case Management Statement ("CMS") should be jointly submitted

12  by the Parties to all of the related lawsuits brought by Plaintiffs based on Apple's App Store business

13  model.

14  *Developer Plaintiffs' Statement*: While the Developer Plaintiffs will endeavor and have

15  endeavored to cooperate and coordinate where possible, while observing the distinctions between the

16  consumer and developer litigation, the Court's order regarding this CMS and the upcoming CMC

17  contemplates separate CMS filings (*see Cameron*, ECF No. 40).  The Developer Plaintiffs have

18  worked together, and with Apple, on this document, even though their cases have not yet been

19  consolidated.

20  **1.      JURISDICTION & SERVICE**

21  The parties agree that this Court has subject matter jurisdiction pursuant to Sections 4 and 15

22  of the Clayton Act, 15 U.S.C. § 15 and 15 U.S.C. § 26, respectively.  Additionally, the Court has

23  subject matter jurisdiction over these actions pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28

24

25      [1]  Unless otherwise noted, all ECF references are to the docket in *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (N.D. Cal.) ("*Pepper*").

26      [2]  In addition to relating the two lawsuits filed by Developer Plaintiffs to *Pepper* (ECF No. 168), the Court also related another action filed by consumers, *Lawrence v. Apple, Inc*., 4:19-cv-02852-

27  YGR ("*Lawrence*") to *Pepper* (ECF No. 145).  The *Pepper* and *Lawrence* plaintiffs are collectively referred to as the "Consumer Plaintiffs."

28

1    U.S.C. § 1367.  Apple has been served with the complaint in each of the cases filed by Consumer

2    Plaintiffs and Developer Plaintiffs.

3        **2.    FACTS**

4        *Developer Plaintiffs' statement*:

5        Substantive summary

6        Plaintiffs in both matters are developers who sell iOS apps or in-app products (which

7    includes subscriptions) in Apple's exclusive App Store.  Among other claims, they allege in their

8    suits that Apple has acquired and maintained monopoly (or, alternatively, monopsony) power as it

9    relates to the distribution of iOS apps and in-app products, including sales of subscriptions, via the

10   App Store.  They also allege that Apple abuses its power by mandating minimum and end-in-$.99

11   pricing for paid apps and other digital products sold through the App Store.  They allege that Apple's

12   iron-fisted exclusion of competition results in the App Store being hopelessly overcrowded, such that

13   consumers cannot find their digital products.  Additionally, they contend that Apple has overcharged

14   developers for distribution services (or underpaid them for their digital products), and that its

15   practices have led to lost profits and decreased output and innovation, all to the detriment of

16   competition.[3]

17       All Developer Plaintiffs allege violations of Section 2 of the Sherman Act under monopoly

18   and attempted monopoly theories, as well as under alternative monopsony and attempted monopsony

19   theories.  They also allege violations of California's Unfair Competition Law.  Further, they ask that

20   the Court certify a federal law class on a nationwide basis and a proposed California-law class on a

21   nationwide basis, or, alternatively with respect to their California-law claim, and at a minimum, that

22   the Court certify a California-resident class based on California law.

23

24

25

26

27   _____

       [3] These and other characterizations are mere summaries.  Developer Plaintiffs' current
28   allegations are set forth in their complaints.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Procedural summary

Mr. Cameron and his fellow plaintiff, Pure Sweat Basketball, Inc., filed their proposed class action suit in this judicial district on June 4, 2019.  Mr. Sermons filed his complaint in this judicial district on June 28, 2019.

*Apple's statement*:  Apple launched the App Store in July 2008, alongside the iPhone 3G, about a year after it introduced the original iPhone.  The App Store revolutionized the way consumers find, purchase, and install software applications.  At the same time, Apple introduced a software development kit ("SDK") offering powerful tools to developers for the design of apps that were more functional, better looking, and more advanced than those available in any other app marketplace.  The App Store has exponentially expanded developer options and consumer choice while providing world-class security, strict user privacy, and unprecedented app quality, all seamlessly integrated into Apple's cutting-edge devices.

Consumer Plaintiffs nonetheless brought claims alleging that (1) Apple unlawfully maintained the App Store as the exclusive distribution ecosystem for iOS apps, and (2) charged a supracompetitive commission on each paid app sold.  Developer Plaintiffs brought lawsuits making similar allegations, albeit almost a decade later.

The allegations in Plaintiffs' complaints confirm that these lawsuits are misplaced:  Apple is no monopolist, and its business model is demonstrably procompetitive.  The App Store is part of the iOS ecosystem, which was designed from the ground up for the use, development, sale, and distribution of apps.  It was the first platform of its kind, and Apple committed to making it a safe and trusted place for customers to discover and download apps, and a great business opportunity for all developers.  The App Store has exponentially expanded consumer choice, putting access to well over a million applications and services at consumers' fingertips.  Security and seamless performance are at the core of Apple's iOS ecosystem, and Apple holds iOS apps to a high standard for privacy and content.  Apple's App Store curation efforts—through which it reviews every app and every update—are a vital driver of the consumer appeal and business success of Apple mobile devices and iOS apps.  Apple devotes enormous effort to the review process, using a combination of automated resources and hundreds of human experts covering 81 languages across three time zones.

It reviews 100,000 apps a week, with a 40% initial rejection rate.  One of the top reasons for rejection is user privacy.

Under this model, app developers have gained instant access to hundreds of millions of consumers and receive 70% of revenues associated with sales on the App Store as opposed to the typical 30% in the traditional retail model.  Meanwhile, Apple continually invests enormous resources in maintaining and improving its devices, its software, and the App Store itself.  Apple's innovations in iOS, for example, open up new avenues for app development, such as augmented reality capabilities.  In short, Apple has created whole new industries by connecting developers and consumers of unique products.

Competition, both inside and outside the App Store, is fierce, and Plaintiffs do not even attempt to allege any anticompetitive foreclosure—nor could they.  Consumers enjoy choices and competition at every level: for devices, platforms, and individual apps.  And Apple competes against some of the largest companies in the world.  It is common knowledge that the protection of consumer privacy is an essential part of the Apple brand and a major differentiator in the competition between operating systems and devices.  While the great majority of apps available through the App Store can be found on competing platforms—including app marketplaces owned and operated by other major technology companies—consumers can rest assured that the App Store is a trusted environment and iOS apps are safe.

### 3.     LEGAL ISSUES

*Developer Plaintiffs' statement*:  Among the legal issues raised by Developer Plaintiffs' complaints, including the consolidated complaint they will file, are:

Whether Apple has unlawfully achieved and maintained monopoly or, alternatively, monopsony, power in one or more relevant markets or sub-markets for iOS distribution services, or for retailing iOS applications and other digital products (including subscriptions) in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, such that the Developer Plaintiffs and the proposed classes are entitled to treble damages and injunctive relief as requested in their complaints;

Whether Apple has violated California's Unfair Competition Law with respect to the conduct alleged in the Developer Plaintiffs' complaints, such that the Developer Plaintiffs and the proposed classes are entitled to restitution and injunctive relief as requested in their complaints; and

Whether a class or classes should be certified pursuant to Fed. R. Civ. P. 23, including pursuant to sections (b)(1), (b)(2), and/or (b)(3).

*Apple's statement*:  It is Apple's position that, in addition to those listed by Developer Plaintiffs above, central legal issues in dispute include all elements of a claim under Sherman Act Section 2 and Clayton Act Sections 4 and 15, and all elements of a claim under California's Unfair Competition Law, and may also include (but are not limited to) the following:  whether Plaintiffs have defined legally cognizable markets; whether Plaintiffs can prove anticompetitive or exclusionary conduct by Apple under any recognized theory; whether Plaintiffs can prove a lack of legitimate business justification for Apple's conduct; whether Plaintiffs can prove that the alleged conduct has harmed competition; whether Plaintiffs suffered causal injury; whether Plaintiffs suffered antitrust injury and damages; whether Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations; and whether any affirmative defense applies.

## 4.     MOTIONS

Following service of each complaint, Apple moved separately to relate the *Cameron* and *Sermons* cases to the *Pepper* consumer matter, N.D. Cal. No. C 11-06714-YGR.  (*Pepper* ECF Nos. 150, 163.)  After briefing, including supplemental briefing filed by both sides, the Court granted Apple's motion on August 22, 2019.  (*Pepper* ECF No. 168.)

There is a pending motion for the appointment of leadership in the developer litigation. (*Cameron*, ECF No. 49.)  At present, the parties anticipate one or more motions to dismiss. Furthermore, the parties anticipate motions for summary judgment by each side.  And the Developer Plaintiffs anticipate filing one or more motions for class certification.  Apple reserves the right to bring any other future motions.

## 5.     AMENDMENT OF PLEADINGS

Developer Plaintiffs and Apple have met and conferred, and Developer Plaintiffs have agreed to file a consolidated complaint.  Developer Plaintiffs anticipate filing their consolidated complaint

on September 30, 2019.  The Parties have agreed that Developer Plaintiffs, at their election, may file an amended consolidated complaint, in lieu of an opposition, in response to a motion to dismiss filed by Apple.  The Parties have agreed that Developer Plaintiffs will file such an amended consolidated complaint within 30 days of being served with Apple's motion to dismiss.

*Developer Plaintiffs' statement*:

The Developer Plaintiffs reserve the right to seek to file one or more additional amended complaints beyond the consolidated complaint or any amended consolidated complaint, as may be merited or appropriate, at their election.

**6.    EVIDENCE PRESERVATION**

The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and that they have held meet-and-confer sessions pursuant to Fed. R. Civ. P. 26(f), including with respect to reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The Parties are also working on an ESI stipulation and agree that ESI should be a topic for continued discussion.

**7.    DISCLOSURES**

The Parties have agreed to exchange initial disclosures by October 14, 2019.

**8.    DISCOVERY**

No discovery has been conducted by either Developer Plaintiffs or Apple to-date.  The Parties agree that discovery can begin immediately.  The Parties' further proposals regarding the discovery are set forth below and in the attached Exhibits A and B.

*Developer Plaintiffs' statement*:

Developer Plaintiffs will seek production of any pertinent material that may already have been produced to—or that will be produced to—governmental agencies, regulators, or legislative bodies, domestic or foreign.

Developer Plaintiffs intend to serve requests for production on the defendant within two weeks of filing their consolidated complaint, with the expectation that such service will further aid the Parties as they continue to confer with regard to discovery issues.  Developer Plaintiffs propose

1    that any production of documents to Consumer Plaintiffs be produced simultaneously to the

2    Developer Plaintiffs.

3        Developer Plaintiffs note that in large complex antitrust cases, the clear trend among district

4    courts, including those in this Circuit, is to order the early production of documents produced by

5    defendants to governmental entities even before the consolidated complaint is filed. *See, e.g.*, *In re*

6    *Lithium Ion Batteries Antitrust Litigation*, No. 13-md-02420, 2013 U.S. Dist. LEXIS 72868, *25-32

7    (N.D. Cal. May 21, 2013) (requiring production of DOJ documents before consolidated amended

8    complaints were filed); *In re Resistors Antitrust Litig.*, No. 5:15-cv- 03820 (N.D. Cal. 2016), ECF

9    No. 112, Minute Entry ("All DOJ documents are to be voluntarily produced to Plaintiffs by

10   4/29/2016. The Consolidated Amended Complaint shall be filed by 5/27/2016"); *see also In re*

11   *Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*, No. 10-

12   ML-02151 (C.D. Cal. June 1, 2010), ECF No. 180, "Order No. 3," at 2 (ordering production of

13   documents already produced to the government prior to the filing of the consolidated complaint).

14       For these reasons, the Court should order Apple to produce to the Developer Plaintiffs all

15   pertinent material already provided to governmental entities no later than October 21, 2019, or as

16   soon as such material is produced to governmental entities, as explicitly authorized by Rule 26(d)(1)

17   (allowing for discovery before the parties have conferred as required by Rule 26(f) "when authorized

18   . . . when authorized . . . by stipulation, or by court order.").

19       As Apple noted in its motion to relate *Cameron* to *Pepper*: "Plaintiffs will presumably seek . .

20   . discovery into market conditions, barriers to entry, the 30% commission, the costs associated with

21   operating the App Store, and the business justifications for Apple's business model, just to provide a

22   few examples."  (ECF No. 150 at 3.)  Developer Plaintiffs concur insofar as this statement goes.

23       More broadly and additionally, Developer Plaintiffs presently anticipate seeking discovery

24   from Apple and appropriate third-parties regarding or consisting of: relevant market/sub-market

25   considerations; App Store-related profits and margins; apps and related digital products sold in the

26   App Store, including pricing and volume data; discoverability in the App Store of apps and related

27   digital products; pertinent technical, hardware, and software considerations; pertinent contracts,

28   policies, and practices, including as to pricing policies and mandates; the $99 annual fee charged to

App Store developers (and any other such fees); in-app purchasing mandates, requirements to use Apple payment processing, and the details thereof; materials regarding competition or the lack thereof; the newly launched Apple Arcade and iPad OS; and Apple's competition with iOS developers, among related and other matter raised in plaintiffs' individual complaints and the consolidated complaint to follow.  Again, Developer Plaintiffs plan to serve first RFPs on Apple by October 11, 2019.

Additionally, Developer Plaintiffs will seek: materials produced to the Consumer Plaintiffs; any materials produced to any federal or state governmental entity, domestic or foreign, including any legislative entities, regarding any pertinent matters, to include but not be limited to materials produced to the Committee on the Judiciary of the U.S. House of Representatives in response to its requests dated September 13, 2019.

Developer Plaintiffs acknowledge that there may be overlapping discovery needs among the developers and consumers.  However, Developer Plaintiffs note that the developer and consumer cases are different, with some of the variances noted and described in the Supreme Court's decision in *Pepper*.  *See, e.g.*, *Pepper v. Apple Inc.*, 139 S. Ct. 1514, 1525 (2019).  Developer Plaintiffs anticipate that their discovery needs will differ in some regards from those of the consumers.

Contrary to Apple's statement below, the Developer Plaintiffs have not declined to agree to its proposed Exhibit A.  Rather, the Developer Plaintiffs are reviewing this proposal and its individual terms (including its paragraph 5), and they will respond to Apple prior to the CMC scheduled for October 7, 2019.  Also, in any event, the Developer Plaintiffs will continue to listen to all reasonable proposals for discovery coordination, and to respond accordingly and reasonably.

Finally, as to Apple's professed bafflement as to what production to government entities could be of pertinence here, the Developer Plaintiffs cite above to document requests made by a Congressional Committee on September 13, 2019.  Plaintiffs do not yet know if other governmental entities have made similar or other requests to Apple for documents related to its App Stores, as they may pertain to iOS developers, including as to Apple's fees and commissions (or *de facto* wholesale payments for apps and in-app products, including subscriptions).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Apple's statement*:

Plaintiffs' Refusal to Stipulate to Discovery Coordination Contravenes the Court's Ruling on Relation and will Result in Massive Inefficiency.  As the Court observed, the Developer Plaintiffs' and Consumer Plaintiffs' claims are "underlined by the same operative facts" and "discovery will overlap."  ECF No. 168.  That is unquestionably correct and thus, to "avoid unduly burdensome duplication of effort," Apple has proposed that the Parties stipulate to requirements for coordination of discovery in the Related App Store Actions as set forth in Exhibit A.  Consumer Plaintiffs have agreed to stipulate to the procedures in Exhibit A.  *Pepper*, ECF No. 174; *Lawrence*, ECF No. 29.  Developer Plaintiffs, on the other hand, have declined to adopt these practical, nonburdensome and commonly employed methods for coordination across matters (except – inexplicably – for paragraph 5), claiming they have not been presented with a stipulation and that they are still reviewing Exhibit A.[4]  This is not an unusual situation.  Courts routinely require discovery coordination in cases brought by different plaintiffs involving the same operative facts.  *See, e.g.*, *Schueneman v. Arena Pharm., Inc*., No. 10-CV-1959-BTM-BLM, 2011 WL 3475380, at *2 (S.D. Cal. Aug. 8, 2011) (ordering coordinated discovery where cases "arise[] out of the same facts and involve[] similar legal issues").  The Court observed as much in its Order Allowing Additional Submissions regarding relation.  ECF No. 156 (analogizing the Consumer and Developer cases to "other antitrust cases where the defendant is the same but the plaintiffs are different, such as [cases brought by] direct purchasers and indirect purchasers" which are "routinely related" to achieve "[s]ignificant economies").  Developer Plaintiffs continue to invoke the Supreme Court's decision in *Pepper* to bolster their assertion that there is some significant difference between the factual allegations in Developer and Consumer Plaintiffs' cases that makes coordination untenable.  But the Court already concluded that Developer Plaintiffs "misconstrue the Supreme Court's statement regarding conflicting claims to the common fund.  The Supreme Court's statement does not, as plaintiffs

---

[4]      At the same time, attorneys for Developer Plaintiffs tout their commitment to litigating this case "efficiently and effectively" in their Motion for Appointment of Interim Lead Counsel.  ECF No. 49.  Similarly, they highlight their efforts to coordinate a joint 26(f) conference involving all parties.  Acceptance of the procedures in Exhibit A will considerably advance continued adherence to principles of efficiency and cooperation.

suggest, mean that the property at issue is not substantially similar."  ECF No. 168 at 2.  Apple will not agree to relax any discovery limitation under the Federal Rules of Civil Procedure (including deposition limitation) absent agreement by Plaintiffs on coordination.

Developer Plaintiffs' Demand for "Pertinent Material" Produced to Governmental Authorities Is Improper and Irretrievably Vague.  There is no dispute:  Apple agrees that the Parties can and should proceed to discovery.  Developer Plaintiffs demand that Apple make an "early production of documents produced … to governmental entities" without providing any inkling as to what documents or which governmental authorities they are referring to.  Developer Plaintiffs should be required to serve discovery requests and identify the materials they refer to with sufficient particularity, as in the ordinary course.  It is not Apple's job to divine what Developer Plaintiffs mean by "pertinent documents." In any event, there have been no such productions as far as Apple is concerned.

A. **Proposed limitations or modifications of the discovery rules**

*Depositions.* Developer Plaintiffs' position is relief from the limitation on the number of depositions set forth in Rule 30(a)(2) is necessary and appropriate.  As noted above, Apple asserts that no discovery limitation under the Federal Rules of Civil Procedure (including deposition limitation) should be relaxed absent agreement by Plaintiffs on coordination.  The parties will meet and confer to attempt to propose to the Court a stipulated deposition protocol to govern depositions in this action.

*Document subpoenas to non-parties*. The parties agree to follow the procedure as set forth in Exhibit A with respect to non-parties producing materials in response to Fed. R. Civ. P. 45 document subpoenas in this action.

*Expert discovery*. The parties are negotiating a stipulation to govern expert discovery.

*Service*. Service of any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by email to all attorneys for the receiving party; the parties will provide each other with "service lists" that can be used to serve documents. In the event the volume of served materials is too large for email and requires electronic data transfer

1   by file transfer protocol or a similar technology, or overnight delivery, the serving party will

2   telephone or email the other side's principal designee when the materials are sent to provide notice

3   that the materials are being served. For purposes of calculating discovery response times under the

4   Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

5       **9.    CLASS ACTIONS**

6       *Developer Plaintiffs' statement*:

7       Developer Plaintiffs propose that a class or classes be certified pursuant to Fed. R. Civ. P.

8   23(a), 23(b)(1), 23(b)(2), and 23(b)(3), or some combination thereof.  They further propose to file a

9   motion for class certification pursuant to their proposed schedule as set forth below, though they

10  request leave to ask the Court to modify the schedule for their motion (and otherwise) depending on

11  developments in the case, including with respect to discovery.

12      *Apple's statement*:  Apple disputes that Plaintiffs may obtain class certification pursuant to

13  Fed. R. Civ. P. 23, or that Plaintiffs may establish a classwide basis for awarding monetary or

14  equitable relief.

15      **10.   RELATED CASES**

16      On June 12, 2019, this Court issued an order finding that *Lawrence* was related to *Pepper*.[5]

17  ECF No. 145.  Consumer Plaintiffs anticipate filing a stipulation and proposed order consolidating

18  *Lawrence* with the lead case, *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR.

19  On August 22, 2019, this Court issued an order finding that *Cameron* and *Sermons* are related to

20  *Pepper*.  ECF No. 168.  The Parties are not aware of other related cases or proceedings pending

21  before another judge of this Court, or before another court or administrative body.

22      **11.   RELIEF**

23      *Developer Plaintiffs' statement:*  Plaintiffs, on their own behalf, and on behalf of the

24  proposed classes, seek all appropriate relief, to include, but not be limited to, injunctive relief;

25  declaratory relief; as well as monetary relief, whether by way of restitution or damages, including

26

27      [5] On November 15, 2012, the Court issued an order finding that *Ward* was related to *Pepper*.
    ECF No. 92.  The *Ward* plaintiffs assert antitrust claims relating to Apple's decision to initially offer

28  the iPhone in the United States exclusively to AT&T Mobility voice and data services.

treble damages, or other multiple or punitive damages, or restitution, where mandated by law or equity or as otherwise available; together with recovery of their costs of suit, including their reasonable attorneys' fees, costs, expenses (including expert witness fees), and pre- and post-judgment interest to the maximum extent available at law or equity.

*Apple's statement:*  Apple disputes that Plaintiffs are entitled to any relief, or that Plaintiffs can establish a classwide basis for awarding monetary or equitable relief.  Apple reserves all of its defenses to individualized remedies (assuming Plaintiffs are able to establish liability, which Apple vigorously contests).

### 12.   SETTLEMENT AND ADR

No settlement discussions in any of the Developer Plaintiffs' cases have taken place to-date. The Parties have discussed ADR generally; their ADR options; and they have filed their ADR certifications in each case.  The Parties elect private mediation before a mutually agreeable third party, but believe that it is premature to select any deadlines or processes.  They anticipate that settlement discussions may be appropriate following dispositive motions practice or class certification proceedings; following substantial production in response to discovery requests; or at other times to be determined as the developer case proceeds.

### 13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties respectfully decline assignment to a magistrate judge for all further proceedings in the Related App Store Actions.

### 14.   OTHER REFERENCES

The Parties agree that this case is not suitable for reference to binding arbitration and/or to a special master.  Because all known related cases are currently pending before this Court, it is not necessary to refer these cases to the Judicial Panel on Multidistrict Litigation.

### 15.   NARROWING OF ISSUES

At this stage, the Parties agree it is too early to identify potential ways to expedite the presentation of evidence at trial or otherwise narrow the Related App Store Actions by agreement or motion.  No party has requested bifurcation of issues, claims, or defenses.

**16.   EXPEDITED TRIAL PROCEDURE**

The parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

**17.   SCHEDULING**

Apple and the Consumer Plaintiffs negotiated and reached agreement on a case schedule. Apple likewise sought to bridge the remaining gaps with the Developer Plaintiffs, but no agreement was achieved. The respective proposals are set forth in the attached Exhibit B. Apple's view is that the Developer Plaintiffs' proposal could easily be adjusted to fall into line with that offered by Apple and the Consumer Plaintiffs and that the cases should be on a single schedule. With that said, Apple believes that its schedule is only feasible if the Developer Plaintiffs adhere to Apple's proposed discovery coordination protocol in Exhibit A. Any duplication of discovery efforts will create unnecessary burdens and will delay the Parties' ability to conclude discovery in a timely manner. Similarly, overbroad and unnecessary discovery requests, including for unreasonable numbers of custodians and unlimited productions of documents and data, will impair the parties' ability to meet this schedule. Apple expects the scope of Plaintiffs' discovery will be proportional to their proposed timeframe for completion of discovery.

*Developer Plaintiffs' statement*:

As stated above, the Developer Plaintiffs plan to continue to cooperate with Apple, and with Apple and the Consumer Plaintiffs, wherever reasonable in the prosecution of their case, while at the same time observing and honoring the differences between the developer matter and the consumer matter. As for their proposed schedule, the Developer Plaintiffs will seek to advance the developer matter through motions and to trial as reasonably as case developments, including discovery, allow. Much will depend on Apple's responses and any objections to discovery requests, and its willingness to resolve any disputes meaningfully, and expeditiously. The Developer Plaintiffs reserve the right to ask for modifications to any schedule ordered by the Court, including on the basis of their present proposals as stated in the scheduling exhibit attached hereto. They do not agree with the proposition that that the scope of their discovery efforts should in way be limited or "proportional" to their

proposed schedule.  To the contrary, the Developer Plaintiffs plan to pursue whatever discovery is necessary in order to prosecute their case through trial, including as to class certification.

### 18.   TRIAL

Developer Plaintiffs have demanded a jury trial and presently expect the trial to last 10 days. Apple also demanded a jury trial, but believes that it is premature to estimate the length of trial before any discovery has been taken.

### 19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Apple has filed its Certifications of Interested Entities or Persons in *Pepper* (ECF No. 13), *Lawrence* (ECF No. 16), *Cameron* (ECF No. 18), and *Sermons* (ECF No. 29).

*Developer Plaintiffs' Certification*: The corporate plaintiff, Pure Sweat Basketball, Inc., has also filed its Certification of Interested Entities or Persons.  (*See Cameron*, ECF No. 52.)

*Apple's Certification:* Pursuant to Civil L.R. 3-15, the undersigned certifies that other than the named parties, there is no such interest to report.[6]

### 20.   PROFESSIONAL CONDUCT

The parties confirm that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21.   OTHER

Quarterly status conferences

*Developer Plaintiffs' statement*:

A complex antitrust class action presents special case management issues, in particular the efficient and timely completion of discovery.  Given the issues likely to arise in the course of litigating this matter, plaintiffs believe that these actions would benefit from quarterly status conferences in person or by telephone on dates and at times convenient for the Court. *See* Manual for Complex Litigation, Fourth §11.22 (2004).

To the extent status conferences are held quarterly or at other intervals, the Developer Plaintiffs propose that the parties jointly filing a Status Conference Report seven days in advance of

---

[6] Apple intends to file an amended Certification in *Pepper* certifying same.

1    a scheduled Status Conference setting forth what issues, if any, there are for discussion with or

2    resolution by the Court.

3        *Apple's statement*: Apple defers to the Court's determination regarding scheduling of future

4    status conferences and will work with both groups of Plaintiffs to file joint case management

5    statements in advance of any such conference pursuant to the Court's local rules.

1   DATED: September 30, 2019                    HAGENS BERMAN SOBOL SHAPIRO LLP

2                                                By _____/s/ Steve W. Berman_____
                                                        Steve W. Berman
3                                                Steve W. Berman (*pro hac vice*)
                                                 Robert F. Lopez (*pro hac vice*)
4                                                HAGENS BERMAN SOBOL SHAPIRO LLP
                                                 1301 Second Avenue, Suite 2000
5                                                Seattle, WA  98101
                                                 Telephone: (206) 623-7292
6                                                Facsimile: (206) 623-0594
                                                 steve@hbsslaw.com
7                                                robl@hbsslaw.com

8
                                                 Shana E. Scarlett (SBN 217895)
9                                                HAGENS BERMAN SOBOL SHAPIRO LLP
                                                 715 Hearst Avenue, Suite 202
10                                               Berkeley, CA 94710
                                                 Telephone: (510) 725-3000
11                                               Facsimile: (510) 725-3001
                                                 shanas@hbsslaw.com
12

13                                               Joseph M. Vanek (*pro hac vice*)
                                                 Eamon Kelly (*pro hac vice*)
14                                               SPERLING & SLATER, P.C.
                                                 55 W. Monroe Street, 32nd Floor
15                                               Chicago, IL 60603
                                                 Telephone: (312) 676-5845
16                                               Facsimile: (312) 641-6492
                                                 jvanek@sperling-law.com
17                                               ekelly@sperling-law.com

18                                               *Attorneys for the Cameron Plaintiffs and the Proposed*
19                                               *Classes*

20                                               By _____/s/ R. Alexander Saveri_____
                                                        R. Alexander Saveri
21                                               Guido Saveri (22349)
                                                 R. Alexander Saveri (173102)
22                                               Cadio Zirpoli (179108)
                                                 SAVERI & SAVERI, INC.
23                                               706 Sansome Street
                                                 San Francisco, CA 94111
24                                               Telephone: (415) 217-6810
                                                 guido@saveri.com
25                                               rick@saveri.com
                                                 cadio@saveri.com
26

27

28

1

By _____/s/ Jonathan M. Jagher_____
Jonathan M. Jagher

2

Kimberly A. Justice (*pro hac vice*)

3

Jonathan M. Jagher (*pro hac vice*)
FREED KANNER LONDON & MILLEN, LLC
923 Fayette Street

4

Conshohocken, PA 19428

5

Telephone: (610) 234-6487
kjustice@fklmlaw.com

6

jjagher@fklmlaw.com

7

Douglas A. Millen (*pro hac vice*)

8

Brian M. Hogan (*pro hac vice*)
FREED KANNER LONDON & MILLEN, LLC

9

2201 Waukegan Road, #130
Bannockburn, IL 60015

10

Telephone: (224) 632-4500
dmillen@fklmlaw.com

11

bhogan@fklmlaw.com

12

*Attorneys for Barry Sermons and the Proposed Classes*

13

14

DATED:  September 30, 2019       By:       /s/ Cynthia E. Richman_____

15

**GIBSON, DUNN & CRUTCHER LLP**

16

THEODORE J. BOUTROUS JR. (SBN 132099)
tboutrous@gibsondunn.com

17

RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com

18

DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com

19

MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com

20

**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue

21

Los Angeles, CA 90071-3197
Telephone:  213.229.7000

22

Facsimile:  213.229.7520

23

CYNTHIA E. RICHMAN (D.C. Bar No. 492089;
appearance *pro hac vice*)

24

crichman@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**

25

1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306

26

Telephone:  202.955.8234
Facsimile:  202.530.9691

27

*Attorneys for Defendant Apple Inc.*

28

**EXHIBIT A (as proposed by Apple; under consideration by the Developer Plaintiffs as of the date of this Joint Case Management Statement)**
**COORDINATION OF DISCOVERY**

1.      App Store Plaintiffs shall coordinate discovery efforts to minimize expenses and facilitate the orderly and efficient progress of the Related App Store Actions.  Consumer Plaintiffs and Developer Plaintiffs shall consult in good faith and engage in reasonable efforts to coordinate discovery and jointly resolve any disputes concerning discovery they are seeking so as to avoid duplication and unnecessary burden.  To the extent discovery is served by any Plaintiff, such Plaintiff shall avoid duplicating discovery requests previously served by any other Plaintiffs.

2.      Future discovery requests, future responses to discovery requests, and future discovery produced in response to such requests by parties and non-parties in any of the Related App Store Actions shall be served on counsel for all parties in the Related App Store Actions.

3.      Witnesses should only be deposed once.  All parties in the Related App Store Actions who wish to question a witness should participate in a single deposition.  The Parties must coordinate regarding deposition noticing and scheduling.  If a witness is to testify pursuant to both Fed. R. Civ. P. 30(b)(1) and Fed. R. Civ. P. 30(b)(6), the witness should sit for a single deposition, with multiple days being scheduled consecutively to the extent possible.

4.      All discovery-related meet and confers with Apple shall include representatives of all Plaintiffs where practical and where the issues relate to all Plaintiffs.  Plaintiffs will work together to include representatives from the other Plaintiffs at all discovery meet and confers where appropriate.

5.      The Parties must make an attempt to coordinate on third-party discovery.  Before serving discovery on non-parties (whether a document request, deposition notice, or other), the Parties shall consider whether the request may be served by joint subpoena of the Plaintiffs collectively or Apple.  Any correspondence with a non-party (including email) shall be provided to all parties in the Related App Store Actions within 24 hours.  Subpoenaed productions from non-parties must be sent to all parties by the requesting party within 7 days.  If, notwithstanding such request, the non-party does not produce the materials to both sides, the issuing party shall provide a copy of all materials to the other side within three business days after receipt of the materials from the non-party, subject to any limitations in the Protective Order.

1

2

3

4

5

6.      All disclosures made pursuant to Fed. R. Civ. P. 26(f) (i.e., initial disclosures and expert disclosures) shall also be served on counsel for all parties in the Related App Store Actions.

7.      Any cases that are subsequently related to the Related App Store Actions are to be bound by these protocols governing the coordination of discovery, as well as the stipulations regarding ESI and expert discovery.

**EXHIBIT B (as adapted by Apple—the Developer Plaintiffs do not agree to a lockstep schedule with the Consumer Plaintiffs, whose case has been pending for much longer than theirs, and which already has proceeded through multiple motions to dismiss)**

| Deadline/Event | Consumer Plaintiffs' Proposal | Developer Plaintiffs' Proposal | Apple's Proposal |
|---|---|---|---|
| Developer Consolidated Complaint filed | | September 30, 2019 | September 30, 2019 |
| Defendant's Motion to Dismiss | | October 30, 2019 | October 30, 2019 |
| Opposition to Defendant's Motion to Dismiss | | November 29, 2019 | November 29, 2019 |
| Alternatively, in response to Defendant's Motion to Dismiss, Developer Plaintiffs file amended consolidated complaint after motion to dismiss | | November 29, 2019 | November 29, 2019 |
| Reply in support of Defendant's Motion to Dismiss | | December 13, 2019 | December 13, 2019 |
| Hearing on Defendant's Motion to Dismiss | | TBD per the Court | TBD per the Court |
| (If Developer Plaintiffs file amended consolidated complaint after motion to dismiss) Defendant's Motion to Dismiss | | December 30, 2019 | January 13, 2020 |

| **Deadline/Event** | **Consumer Plaintiffs' Proposal** | **Developer Plaintiffs' Proposal** | **Apple's Proposal** |
|---|---|---|---|
| (If Developer Plaintiffs file amended consolidated complaint after motion to dismiss) Plaintiffs' Response to Defendant's Motion to Dismiss | | January 29, 2020 | February 12, 2020 |
| (If Developer Plaintiffs file amended consolidated complaint after motion to dismiss) Defendant's Reply in support of Motion to Dismiss | | February 12, 2020 | February 26, 2020 |
| (If Developer Plaintiffs file amended consolidated complaint after motion to dismiss) Hearing on Defendant's Motion to Dismiss | | TBD per the Court | TBD per the Court |
| Fact Discovery | | | |
| Commencement of Discovery | October 14, 2019 | Immediately (October 7, 2019) | Immediately |
| Exchange of Initial Disclosures | October 14, 2019 | October 14, 2019 | October 14, 2019 |
| Production of materials provided to governments | October 21, 2019 | October 21, 2019 | N/A |
| Deadline to Complete Fact Discovery; | 12 months after commencement | 60 days after decision on class certification | 12 months after commencement (October 7, 2020) |

| Deadline/Event | Consumer Plaintiffs' Proposal | Developer Plaintiffs' Proposal | Apple's Proposal |
|---|---|---|---|
| Deadline to amend the pleadings | (October 7, 2020) | | |
| Discovery motions filed | 30 days prior to close of discovery (September 7, 2020) | As necessary, but Developer Plaintiffs will endeavor to file any such motions at least 30 days prior to the close of discovery in the Developer Case, based on the date proposed for the close of discovery by the Developer Plaintiffs | 30 days prior to close of discovery (September 7, 2020) |
| **Class Certification** | | | |
| Class Certification Motion and Supporting Expert Reports | 30 days after end of fact discovery | September 30, 2020 | 30 days after end of fact discovery |
| Class Certification Opposition and Supporting Expert Reports | 60 days after submission of motion | November 16, 2020 | 60 days after submission of motion |
| Class Certification Reply | 30 days after submission of opposition | December 16, 2020 | 30 days after submission of opposition |
| Hearing on Class Certification | TBD per the Court | January 19, 2021, or at the Court's convenience | TBD per the Court |
| **Expert Discovery** | | | |
| Parties' expert reports filed | 60 days after decision on class certification | 60 days after decision on class certification | 60 days after decision on class certification |
| Rebuttal expert reports filed | 45 days after receipt of opening expert reports | 45 days after submission of initial expert reports | 45 days after submission of initial expert reports |
| Close of Expert Discovery | 30 days after submission of rebuttal expert reports | 30 days after submission of rebuttal expert reports | 30 days after submission of rebuttal expert reports |
| **Dispositive Motions** | | | |
| Opening brief filed | 45 days after close of expert discovery | 45 days after close of expert discovery | 45 days after close of expert discovery |

| Deadline/Event | Consumer Plaintiffs' Proposal | Developer Plaintiffs' Proposal | Apple's Proposal |
|---|---|---|---|
| Opposition brief filed | 45 days after opening brief is filed | 45 days after opening brief is filed | 45 days after opening brief is filed |
| Reply brief filed | 30 days after opposition brief is filed | 20 days after opposition brief is filed | 30 days after opposition brief is filed |
| Hearing | To be determined by the Court | To be determined by the Court | To be determined by the Court |
| Trial | | | |
| Pretrial Conference | Two weeks prior to trial date | TBD | TBD |