RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599
byrd@whafh.com
dejong@whafh.com

MARK C. RIFKIN (*pro hac vice)*
MATTHEW M. GUINEY (*pro hac vice*)
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile:  212/545-4677
rifkin@whafh.com
guiney@whafh.com

*Interim Class Counsel for the
Consumer Plaintiffs*

STEVE W. BERMAN (*pro hac vice*)
ROBERT F. LOPEZ (*pro hac vice*)
**HAGENS BERMAN SOBOL
  SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

SHANA E. SCARLETT (SBN 217895)
**HAGENS BERMAN SOBOL
  SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

*Interim Class Counsel for the
Developer Plaintiffs*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | CASE NO. 4:11-cv-06714-YGR |
| | **FURTHER JOINT CASE MANAGEMENT STATEMENT** |
| | |
| DONALD R. CAMERON, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | CASE NO. 4:19-cv-03074-YGR<br><br><br>DATE:　　　August 3, 2020<br>TIME:　　　2:00 p.m.<br>JUDGE:　　　Hon. Yvonne Gonzalez Rogers<br>CTRM:　　　1 – 4th Floor |

1
2
3
4
5
6
7

Plaintiffs in the Related App Store Actions, including Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, and Edward Lawrence, plaintiffs in *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (collectively, "Consumer Plaintiffs"); Plaintiffs Donald R. Cameron and Pure Sweat Basketball, Inc.,[1] plaintiffs in *Cameron, et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (collectively, "Developer Plaintiffs"); and Defendant Apple Inc. ("Defendant," and with Consumer Plaintiffs and Developer Plaintiffs, the "Parties"), by and through their respective counsel, hereby submit this Further Joint Case Management Statement in advance of the August 3, 2020 Case Management Conference.

8
9
10
11
12

Unless otherwise stated herein, the Parties' positions on the topics discussed in the initial joint case management statements, submitted on September 30, 2019, and Further Joint Case Management statement submitted on January 6, 2020, remain unchanged. *See* Consumer ECF Nos. 174, 196; Developer ECF Nos. 54, 82. Per this Court's Standing Order in Civil Cases, ¶ 6, the Parties submit the following updates.

### 1. MOTIONS

13
14
15
16
17

There are no pending motions at this time. However, the Parties reserve the right to file discovery-related motions with Magistrate Judge Thomas S. Hixson, as directed by the Court, should certain outstanding discovery disputes remain unresolved. Pursuant to the Parties' Stipulation and Order Modifying Schedule, the Consumer and Developer Plaintiffs presently anticipate filing their respective motions for class certification by February 3, 2021, and the Parties presently anticipate filing their motions for summary judgment (if any) by the Court-ordered deadline.

18

*Plaintiffs' Statement*:

19
20
21

As Plaintiffs have advised Apple, they disagree that it would be proper for Apple to bring any motion in either matter not contemplated by the current case schedule, including any Rule 12 motions, at this time or later.

22

*Apple's Statement*:

23
24

Apple also reserves the right to raise by motion any matters posed by new developments in the law.

/ / /

25

/ / /

26

27
28

---

[1] Because the Developer Plaintiffs and Apple are in the process of dismissing Barry Sermons from the developer case, Mr. Sermons has not participated in the preparation of this Further Joint Case Management Statement.

FURTHER JOINT CASE MANAGEMENT STATEMENT
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR

1

2. **AMENDMENT OF PLEADINGS**

2

    a.    **Consumer Plaintiffs' Proposed Amendments**

3

Consumer Plaintiffs and Apple have exchanged drafts of a Stipulation and [Proposed] Order

4

For Leave To File Third Amended Consolidated Class Action Complaint.  Should the parties be

5

unable to reach agreement on the language of the Stipulation, Consumer Plaintiffs intend to file a

motion for leave to amend.

6

    b.    **Potential Amendment of Developer Plaintiff Complaint to Reach Foreign Transactions**

7

8

*Developer Plaintiffs' Statement*:

9

On June 3, 2020, counsel for Apple sent counsel for the Developer Plaintiffs a letter

10

indicating Apple's view that certain developer transactions "involv[e] trade or commerce with

11

foreign nations" within the meaning of the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a

("FTAIA").  These transactions are related to retail sales to end users in or via foreign storefronts for

12

Apple's App Store.  In that letter, Apple apprised Developer Plaintiffs of its view that the

13

Developers' Claims as set forth in their consolidated complaint do not encompass these transactions.

14

Apple also indicated that in its view, if the Developer Plaintiffs wished to include these transactions

in the case, the proper course would be to seek to amend the complaint, which Apple would oppose.

15

   The Developer Plaintiffs disagree with Apple's positions on this matter, as they have

16

explained to Apple.  The Developer Plaintiffs and Apple plan to meet and confer with regard to this

17

matter within the next few days.

18

While the Developer Plaintiffs believe that no amendment to the complaint is needed as to

19

this matter, nonetheless, it may be that following their planned conferences with Apple, they will

20

seek to file an amended complaint.

More recently, Apple, on July 16, 2020, advised the Developer Plaintiffs that it did not intend

21

to provide data relating to these transactions in response to their requests for production.  The

22

Developer Plaintiffs and Apple have agreed to meet and confer regarding this discovery dispute.

23

*Apple's Statement*:

24

The Developer Plaintiffs and Apple have scheduled a conference regarding this matter

25

shortly.  Apple has been clear throughout the meet and confer process that it would produce

26

transactional data only from its U.S. storefront, not from the foreign storefronts.  Apple's storefronts

27

currently serve users in 155 countries and regions around the world.  There is no issue here that

requires the attention of the Court at this time, and Apple will not burden the Court with its positions

28

on this issue when the dispute is not presented for resolution by the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.      DISCOVERY**

*Plaintiffs' Statement*:

Consumer Plaintiffs served Apple with their first set of Requests for Production of Documents ("RFPs") on October 10, 2019, and Developer Plaintiffs served Apple with their first set of RFPs on October 17, 2019.  Apple served responses and objections to those RFPs on November 12, 2019 and November 18, 2019, respectively.  The Parties have met and conferred extensively, and continue to meet and confer, regarding Apple's responses and objections to Plaintiffs' RFPs.  Apple has not yet completed its document production from current custodians. Consumer Plaintiffs and Developer Plaintiffs continue to review Apple's document production, including for purposes of identifying deficiencies.

The Developer Plaintiffs' custodial productions on behalf of plaintiffs Donald R. Cameron and Pure Sweat Basketball, Inc. are complete.

*Apple's Statement*:

Apple served Consumer and Developer Plaintiffs with its first sets of RFPs on October 17, 2019.   Consumer and Developer Plaintiffs served responses and objections to those RFPs on November 18, 2019.  The Parties have met and conferred extensively, and continue to meet and confer, regarding Plaintiffs' responses and objections to Apple's RFPs.  Apple continues to review Plaintiffs' document productions, including to identify deficiencies, in addition to issues about which it has already met and conferred with Plaintiffs.

*Plaintiffs' Statement*:

There are several outstanding issues between and among the Parties, as well as other issues involving non-party discovery, including the following: (a) discovery of important data related to the App Store, including Apple's production of transactional and cost and expense data; (b) Apple's production of documents to the Plaintiffs which it has produced to governmental bodies, including the House Judiciary Committee; (c) Apple's production of data related to sales from foreign storefronts (pursuant to the Developer Plaintiffs' Requests for Production); (d) discovery from non-party recipients of document request subpoenas; and (e) entry of an ESI protocol.

In light of the serious, time-sensitive nature of these matters, including longstanding disputes, Plaintiffs have provided this non-exhaustive list.  They will continue to meet and confer with Apple in good faith on all open issues.  However, it is possible that they may need to bring some of these, or others, to Magistrate Judge Hixson for resolution.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Furthermore, the Plaintiffs have at all times remained mindful of the COVID-19 crisis, and they have expressed to Apple their continued willingness to consider modifications to the schedule based on COVID-related disruptions.  Moreover, Plaintiffs themselves have suffered COVID-related disruptions.  And the timing of various events in the discovery process are also cause for concern. For this reason, too, Plaintiffs wish to flag these issues for the Court, in the event a request for an extension to the schedule becomes necessary in their view.

*Apple's Statement*:

Apple has long been clear that it anticipates substantially completing its productions by July 31.  Apple will have substantially completed its large custodial document production by that date and still anticipates that it will substantially complete data production then or shortly thereafter.

There are no discovery issues in this litigation that require the Court's attention at this time.

**a.      Data discovery issues**

*Plaintiffs' Statement*:

To-date, Apple has produced no structured data in response to Plaintiffs' October 2019 RFPs. Plaintiffs are hopeful that Apple's ultimate data production will be completed by July 31, 2020, per Apple's previous representations, especially given the short timeline between now and the current February 2021 deadline for class-certification motions.[2]  Plaintiffs had requested a data sample from Apple for several months, and Apple provided one on July 23.  Plaintiffs and Apple are meeting and conferring about several issues with regard to the ultimate production of data.

Given the Order Granting Stipulation Regarding Coordination of Discovery entered on January 6, 2020, Consumer Plaintiffs have not propounded a request for production of documents duplicative of  Developer Plaintiffs' request for transactional data, but advised Apple on April 1, 2020 that if Apple does not agree to produce transactional data for the entire Relevant Time Period in Consumer Plaintiffs' requests for production, it will propound such a request. *See* Consumer ECF No. 194, ¶ 1 ("Consumer Plaintiffs and Developer Plaintiffs shall . . . coordinate discovery . . . .  To the extent discovery is served by any Plaintiff, such Plaintiff shall avoid duplicating discovery requests previously served by any other Plaintiff.")

/ / /

---

[2] In their May 27, 2020 joint Stipulation and [Proposed] Order Modifying Schedule, the Parties stated that "Defendant communicated to Consumer Plaintiffs and Developer Plaintiffs on February 10, 2020 and thereafter that it expects to substantially complete production of documents and data in July 2020 but was hoping to do so sooner, and on April 23, 2020 stated that it would substantially complete production by July 31, 2020." *See* Developer ECF No. 92 at 1.

1

*Apple's Statement*:

2

Developer Plaintiffs made an overbroad request for productions of transactional data;

3

Consumer Plaintiffs have made no requests for transactional data.  Apple stands ready to meet and

4

confer with Developer Plaintiffs about its sample production, and after Apple and the Developer

5

Plaintiffs have discussed this sample production, Apple expects to begin transfer of the full data set

6

responsive to Developer Plaintiffs' request.  Identifying the billions of records to be included in this

set of data and properly engineering its collection have been and continue to be burdensome tasks.

7

### i.    Data security

8

*Plaintiffs' Statement*:

9

Plaintiffs' consultants intend to download data to their local environments (*i.e*., physical

10

machines) for purposes of their work in this matter.[3]  Apple has stated that this is acceptable,

provided that Plaintiffs provide "assurances that [their] consultants will maintain the confidentiality

11

of the data in accordance with the Protective Order."

12

Plaintiffs have explained to Apple that as signatories to the stipulated protective order

13

governing confidential material (including data) entered by the Court, Plaintiffs are bound by its

14

provisions.  *See, e.g.*, Protective Order § 7.1 ("Protected Material must be stored and maintained by a

15

Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

16

authorized under this Order.").  Consistent with this, Plaintiffs have assured Apple that they will

17

comply with the Protective Order, including its requirement that: (a) confidential data will only be

18

accessed by individuals who have executed Exhibit A to the protective order; (b) data will be stored

19

only in local secure machines; and (c) access to the data will be protected.  Plaintiffs' position is that

20

these assurances are sufficient, particularly in light of the fact that all Parties, including Apple,

entered into a protective order specifically governing disclosure of confidential material.

21

Furthermore, as a gesture of good faith, Plaintiffs have provided additional specifics to Apple

22

about how the data will be stored.

23

*Apple's Statement*:

24

Given the business sensitivity of the data that Developer Plaintiffs have requested, it is

25

critically important to Apple that proper safeguards be implemented for preventing inadvertent loss of

the data or hacking by third parties.  Apple appreciates Plaintiffs' assurances in this regard.  The

26

27

[3] The alternative is purely cloud-based review—that is, data would remain on remote servers after uploading and be accessible solely from the cloud for purposes of Plaintiffs' consultants' review.

28

- 5 -

1
2
Parties continue to discuss the technical and logistical aspects of transferring this large amount of data.

3
There is no issue here that requires the attention of the Court at this time.

### ii.      Manner of production and data fields

4
5
*Plaintiffs' Statement*:

6
7
Apple has provided a list of proposed fields for production from its databases.  However, significant ambiguity remains as to several key issues related to: (a) the manner in which Apple intends to produce the data; and (b) the proposed data fields the production will contain.

8
9
10
11
12
13
14
Plaintiffs have requested that Apple identify how it stores its data and the proposed manner of production, so that data is produced in the most efficient and user-friendly means available.  Apple has provided Plaintiffs with a list of proposed fields for production from Apple's databases and provided a sample from those fields. In addition to discussing the fields identified by Apple, Plaintiffs have requested that Apple identify and describe its databases with responsive data, and produce a complete list of all fields in those databases.  Plaintiffs believe that this will better allow the Parties to identify fields *not* identified by Apple that contain relevant and responsive data. These are important matters.  Plaintiffs will continue to meet and confer with Apple accordingly.

15
*Apple's Statement*:

16
17
18
19
20
21
Apple continues to meet and confer with Developer Plaintiffs with regard to the manner in which Apple will produce transactional data following the sample data set that Apple has already produced.  As Plaintiffs note, Apple has provided them with a list of data fields that are responsive to Developer Plaintiffs' request for transactional data, as well as extensive information about the contents of those fields, and has responded to many questions from the Plaintiffs regarding these data fields.  Apple continues to be willing to do so after Developer Plaintiffs have reviewed the sample data.

22
There is no issue here that requires the attention of the Court.

### iii.      Time period for production and cost and expense data

23
*Plaintiffs' Statement*:

24
25
26
27
**Time period for production**.  Plaintiffs have requested that Apple provide responsive data from the inception of, or in some cases prior to the inception of, the App Store, and they have asked Apple to indicate, for each field, how far back the data goes.  Apple has not provided the requested information.

28

FURTHER JOINT CASE MANAGEMENT STATEMENT
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Cost and expense data**.  Apple has indicated that after searching, it has found no structured cost and expense databases for the App Store, *i.e.*, databases capturing or related to the costs and expenses Apple incurs or purports to incur in connection with the App Store.  Instead, Apple has indicated that all such material is in the hands of custodians, rather than in a database or central file.  The Parties continue to meet and confer regarding all locations where documents (or other media) with relevant cost and expense information may be located, including in central files and custodial files.  Also, Apple has not provided the identities of the referenced custodians to the Plaintiffs, and disputes may arise as to the comprehensiveness of the custodians identified and files searched.

*Apple's Statement*:

These unrelated issues—the earliest dates from which responsive data exists and Developer Plaintiffs' requests for cost and expense data—remain issues of discussion between the Parties, which Apple continues to diligently investigate.

There is no issue here that requires the attention of the Court.

**b.       Production of documents produced to governmental agencies**

*Plaintiffs' Statement*:

Among their requests for documents that Apple has produced (or will produce) to governmental agencies, Plaintiffs have requested documents Apple produced to the House Judiciary Committee pursuant to the Committee's September 13, 2019 letter to Apple CEO Tim Cook. The Committee's document requests are related to an investigation into competition in digital markets.[4] Apple has long indicated that it is willing to produce a limited set of documents it deems relevant to this case,[5] and it has advised that it began to produce such documents with its May 7, 2020 tranche. Plaintiffs continue to seek production of all such requested documents, including documents that Apple has produced to the European Commission as part of the Commission's recently announced investigation into Apple's practices.  Apple has objected to producing any documents concerning investigations by foreign governments or regulatory bodies.  As with other matters referenced in this report, if the Parties cannot resolve their differences via the meet-and-confer process, Plaintiffs will need to bring this matter to Magistrate Judge Hixson for resolution.

/ / /

---

[4]*See* https://judiciary.house.gov/sites/democrats.judiciary.house.gov/files/documents/apple%20rfi%20-%20signed.pdf.

[5] Apple and Plaintiffs have not yet agreed as to the scope of Apple's production.

FURTHER JOINT CASE MANAGEMENT STATEMENT
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR

*Apple's Statement*:

Apple has produced or shortly will produce all of these documents that it agreed to produce in its Responses and Objections to Plaintiffs' RFPs.  To the extent Plaintiffs take issue with Apple's document productions, Apple remains willing to meet and confer with Plaintiffs.

There is no issue here that requires the attention of the Court.

**c.      Production of foreign App Store storefront data**

*Plaintiffs' Statement*:

As indicated above, Apple on July 16, 2020, indicated to the Developer Plaintiffs that it will not produce data related to its foreign App Store storefronts.  Thus, there now is an unresolved dispute as to this matter.  The Developer Plaintiffs and Apple intend to confer as to this matter shortly.

*Apple's Statement*:

As the Developer Plaintiffs note, the Developer Plaintiffs and Apple intend to confer as to this matter shortly.

There is no issue here that requires the attention of the Court.

**d.      Discovery from non-party recipients of document request subpoenas**

*Statement of all Parties*:

The Parties have served document subpoenas on various third-parties, and production and meet-and-confers are ongoing.  Further meet-and-confers may also be necessary, and the Parties may serve additional third-party subpoenas.  Apple has asked Magistrate Judge Hixson to compel Samsung Electronics America to comply with a document subpoena served by Apple.  Magistrate Judge Hixson has ordered full briefing of the issue.  The Plaintiffs anticipate that they may submit a response to Apple's motion to compel, if filed.

**e.      Document review and depositions**

*Plaintiffs' Statement*:

In the past two months, Apple has produced large volumes of documents to Plaintiffs, and review is ongoing.  Further, as noted above, Apple has indicated that production will be substantially complete by July 31, 2020.  Plaintiffs are currently exploring certain issues related to this document production (*e.g*., the need for additional custodians, as broached previously with Apple, and the production of cost- and expense-related documents that are referenced and linked to, per embedded links, other documents) as well as whether these issues will need to be raised with the Court if there is indeed an impasse.

FURTHER JOINT CASE MANAGEMENT STATEMENT
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR

1
2
    Plaintiffs intend to take depositions in these matters beginning later this year, although timing will depend in part on the completion and sufficiency of document and data production.

3
    *Apple's Statement*:

4
5
6
    Apple has worked diligently to produce millions of documents as well as collecting and preparing to produce large amounts of transactional data.  Apple has already taken depositions of two of the named Consumer Plaintiffs, Edward Hayter and Edward Lawrence, and intends to depose more witnesses in the coming months.

7
## 4.    SETTLEMENT AND ADR

8
9
10
    The Parties mediated before the Hon. Layn Phillips (U.S.D.J. Ret.) on June 30, 2020.  Certain follow-up discussions have occurred.  The Parties have been unable to resolve either matter thus far; however, the Parties expect to continue to engage in further settlement discussions as appropriate.

## 5.    RELATED CASES

11
12
13
14
    On March 12, 2019, this Court issued an order consolidating *Fahey v. Apple Inc.*, Case No. 4:20-cv-00534-YGR, with *In re Apple iPhone Antitrust Litigation*.  *See Fahey* ECF No. 17. Consumer Plaintiffs have not expressed any intention to add the plaintiff in *Fahey*, A. Kevin Fahey, as a named plaintiff in *In re Apple iPhone Antitrust Litigation*.

15
    Dated:  July 27, 2020                                       WOLF HALDENSTEIN ADLER FREEMAN &
                                                                          HERZ LLP
16
                                                                               Mark C. Rifkin
                                                                               Rachele R. Byrd
17
                                                                               Matthew M. Guiney
                                                                               Brittany N. DeJong
18
                                                                        By: */s/ Rachele R. Byrd*
19
                                                                               Rachele R. Byrd
                                                                               750 B Street, Suite 1820
20
                                                                               San Diego, CA 92101
                                                                               Telephone:  619.239.4599
21
22
                                                                        *Interim Class Counsel for the Consumer Plaintiffs*

23
    Dated:  July 27, 2020                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                                                               Steve W. Berman
24
                                                                               Robert F. Lopez
                                                                               Shana E. Scarlett
25
                                                                        By: */s/ Steve W. Berman*
26
                                                                               Steve W. Berman
                                                                               1301 Second Avenue, Suite 2000
27
                                                                               Seattle, WA 98101
                                                                               Telephone:  206.623.0594
28
                                                                        *Interim Class Counsel for the Developer Plaintiffs*

- 9 -

1

2    Dated:  July 27, 2020                         GIBSON, DUNN & CRUTCHER LLP
                                                       Theodore J. Boutrous Jr.
3                                                      Richard J. Doren
                                                       Daniel G. Swanson
4                                                      Veronica S. Lewis
                                                        Cynthia E. Richman
5                                                       Jay P. Srinivasan
                                                        Ethan D. Dettmer
6                                                       Eli M. Lazarus

7
                                                    By: */s/ Cynthia E. Richman*
8                                                       Cynthia E. Richman
                                                        1050 Connecticut Avenue, N.W.
9                                                       Washington, DC 20036-5306
                                                        Telephone:  202.955.8234
10
                                                    *Attorneys for Defendant Apple Inc.*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

1

**ECF SIGNATURE ATTESTATION**

2          In accordance with Local Rule 5-1, the filer of this document hereby attests that the

3   concurrence of the filing of this document has been obtained from the other signatories hereto.

4

5   Dated:  July 27, 2020                    WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

6                                              By: */s/ Rachele R. Byrd*
                                                   Rachele R. Byrd
7                                                  *Interim Class Counsel for the Consumer Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FURTHER JOINT CASE MANAGEMENT STATEMENT
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR