| | |
|---|---|
| RACHELE R. BYRD (190634) | PAUL J. RIEHLE (SBN 115199) |
| BRITTANY N. DEJONG (258766) | paul.riehle@faegredrinker.com |
| **WOLF HALDENSTEIN ADLER** | **FAEGRE DRINKER BIDDLE &** |
| **FREEMAN & HERZ LLP** | **REATH LLP** |
| 750 B Street, Suite 1820 | Four Embarcadero Center, 27th Floor |
| San Diego, CA 92101 | San Francisco, CA 94111 |
| Telephone: 619/239-4599 | Telephone: (415) 591-7500 |
| Facsimile: 619/234-4599 | Facsimile: (415) 591-7510 |
| byrd@whafh.com | |
| dejong@whafh.com | CHRISTINE A. VARNEY (*pro hac vice*) |
| | cvarney@cravath.com |
| MARK C. RIFKIN (*pro hac vice*) | KATHERINE B. FORREST (*pro hac vice*) |
| MATTHEW M. GUINEY (*pro hac vice*) | kforrest@cravarth.com |
| **WOLF HALDENSTEIN ADLER** | GARY A. BORNSTEIN (*pro hac vice*) |
| **FREEMAN & HERZ LLP** | gbornstein@cravarth.com |
| 270 Madison Avenue | YONATAN EVEN (*pro hac vice*) |
| New York, NY 10016 | yeven@cravath.com |
| Telephone: 212/545-4600 | LAUREN A. MOSKOWITZ (*pro hac vice*) |
| Facsimile: 212/545-4677 | lmoskowitz@cravath.com |
| rifkin@whafh.com | M. BRENT BYARS (*pro hac vice*) |
| guiney@whafh.com | mbyars@cravath.com |
| | **CRAVATH, SWAINE & MOORE LLP** |
| *Interim Class Counsel for the Consumer Plaintiffs* | 825 Eighth Avenue |
| | New York, New York 10019 |
| STEVE W. BERMAN (*pro hac vice*) | Telephone: (212) 474-1000 |
| ROBERT F. LOPEZ (*pro hac vice*) | Facsimile: (212) 474-3700 |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | |
| 1301 Second Ave., Suite 2000 | *Attorneys for Epic Games, Inc.* |
| Seattle, WA 98101 | |
| Telephone: (206) 623-7292 | THEODORE J. BOUTROUS JR. (SBN 132099) tboutrous@gibsondunn.com |
| Facsimile: (206) 623-0594 | RICHARD J. DOREN (SBN 124666) |
| steve@hbsslaw.com | rdoren@gibsondunn.com |
| robl@hbsslaw.com | DANIEL G. SWANSON (SBN 116556) |
| SHANA E. SCARLETT (SBN 217895) | dswanson@gibsondunn.com |
| BENJAMIN J. SIEGEL (SBN 256260) | JAY P. SRINIVASAN (SBN 181471) |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | jsrinivasan@gibsondunn.com |
| 715 Hearst Avenue, Suite 202C | **GIBSON, DUNN & CRUTCHER LLP** |
| Berkeley, CA 94710 | 333 South Grand Avenue |
| Telephone: (510) 725-3000 | Los Angeles, CA 90071-3197 |
| Facsimile: (510) 725-3001 | Telephone: 213.229.7000 |
| shanas@hbsslaw.com | Facsimile: 213.229.7520 |
| bens@hbsslaw.com | |
| | *Attorneys for Defendant Apple Inc.* |
| *Interim Class Counsel for the Developer Plaintiffs* | |

[Additional counsel appear on signature page]

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | CASE NO. 4:11-cv-06714-YGR |
| DONALD R. CAMERON, ET AL.,<br>  Plaintiffs,<br><br>   v.<br><br>APPLE INC.,<br>  Defendant. | CASE NO. 4:19-cv-03074-YGR |
| EPIC GAMES, INC.,<br>  Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br>  Defendant. | CASE NO. 4:20-cv-05640-YGR<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Hon. Yvonne Gonzalez Rogers |

2

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

Plaintiffs and Defendant Apple Inc. ("Apple") (collectively, "the Parties", and individually, a "Party") submit the following protocol to govern discovery of electronically stored information ("ESI") in this action. This protocol (hereinafter "protocol" or "ESI Protocol") will serve as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of ESI, and any other applicable orders and rules.

**1.    Liaison**

The Parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The Parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**2.    Search**

The Parties will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. The Parties agree that such methods may include the appropriate use of Technology Assisted Review ("TAR"). Any Party may propose to use search terms. In the event of such a proposal, the Parties shall meet and confer via counsel as to the protocol and details for the use of search terms in the proposed manner. No Party shall use search terms on a corpus of potentially responsive documents and then use TAR on the documents identified by the preceding use of search terms to exclude documents from review. The following sources of data are presumptively not discoverable and not reasonably accessible, but will be searched for good cause shown:

    1. backup systems and/or tapes used for disaster recovery;
    2. systems, server and network logs;
    3. systems no longer in use that cannot be accessed.
    4. automatically saved interim versions of documents and emails;
    5. deleted, slack, fragmented, or other data accessible only by forensics;

3

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

    6. random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

    7. on-line access data such as temporary internet files, history, cache, and cookies;

    8. dynamic fields of databases or log files that are not retained in the usual course of business; and

    9. data in metadata fields that are frequently updated automatically, such as last opened dates.

**3.** **Unsearchable ESI**

ESI that has been identified as potentially responsive and for which searching is fundamentally ineffective, including images, audio files, or otherwise unsearchable ESI documents, must be reviewed without culling that relies primarily on text.  However, if unsearchable ESI is part of a responsive, non-privileged family, then the unsearchable ESI does not need to be reviewed to the extent it is already included in the family-complete production.

**4.** **Family Groups**

A "family" refers to an email with its attachments or a document that has embedded material that is "attached" to the document after processing and extracting all the materials.  Parent-child relationships (the association between a document and its attachments) will be preserved through the production of an appropriate metadata field.  If any member of a family group is determined to be responsive to a Party's document requests, then all members of that group must also be considered subject to production.

**5.** **Document Production Format for Documents Existing in Electronic Format**

Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be imaged and produced in TIFF/JPG or PDF format with corresponding text in accordance with the provisions contained herein.  If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents.  The Parties agree not to degrade the searchability of documents as part of the document production process.  Notwithstanding the foregoing and any other provision in this protocol, a Party may produce any or all documents in native format as they exist in the ordinary course of business.

4

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

### A. Metadata Fields

Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the Parties are not obligated to include metadata for any document that does not contain such metadata in the original if it is not possible to automate the creation of metadata when the document is collected, with the exception of the following: BegBates, EndBates, BegAttach, EndAttach, Pages, NativeLink (for native files only), ProdVol, Custodian, All Custodian, FileType, Time Zone, Redacted, and Confidentiality. The metadata file shall be delimited according to the following characters:

Delimiter = ¶ (ASCII:020)

Text-Qualifier = þ (ASCII:254)

New Line = ® (ASCII:174)

Multi-value delimiter - ; (ASCII Code 059)

### B. Load Files

For each document, a delimited text file (DAT) containing metadata described in Exhibit A and an image load file (OPT) for TIFF/JPG images shall be provided. The text file name shall be the same as the Bates number of the first page of the document; do not include OCR or extracted text within a DAT file. The DAT file should be in Unicode (UTF8) format.

### C. Images

Images may be produced as either single page Group IV TIFFs, color JPGs, or PDFs. Images may be produced in black & white, except that a Party may request color images where color is reasonably necessary to their comprehension or use, and such request shall not unreasonably be denied. Each image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. All documents that contain comments, deletions and revision marks (including the identity of the person making the deletion or revision and the date and time thereof), speaker notes or other user-entered data that the source application can display to the user will be processed such that all that data is visible in the Image File to the extent reasonably feasible.

5

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

**D.     Native Files**

i.      Any native files (for example, Excel and Numbers files) produced shall have a Bates-numbered slip sheet stating the documents have been produced in native format.  Native files shall be produced with the extracted text and applicable metadata fields.

ii.     Spreadsheets (e.g. Excel, Google Sheets and Numbers) will be produced in native format.

iii.    Presentations (e.g., PowerPoint and Keynote) will be produced in native or TIFF/JPG or PDF format.

iv.     Audio and video files may be produced in native format or, for good cause, by transcription in TIFF/JPG or PDF format.

v.      Delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) will be produced in native format.

vi.     For any other types of documents, the Parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis.  Notwithstanding any production permitted under this order in non-native format, where the production of the native file is reasonably necessary to the document's comprehension or use, a request for the native file shall not unreasonably be denied.

vii.    If the Parties are unable to reach agreement with regard to requests for additional documents in native-file format, the Parties reserve the right to seek relief from the Court.

**E.     Text files.**

A single multi-page text file shall be provided for each document, and the filename should match the first bates number of the document.  Text must be extracted directly from the native electronic file of ESI unless the document requires redaction, is a scanned hardcopy document, is an image file, or is any other native electronic file that does not contain text to extract (*e.g.,* non-searchable PDFs), in which case searchable text shall be created using OCR.  Text files shall not contain the Bates number or Confidentiality Designation.  A commercially acceptable technology for optical character recognition ("OCR") shall be used.

6

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

**F.     De-duplication**

i.  To the extent exact duplicate documents reside within a Party's ESI data set, the Party shall produce only a single, de-duplicated copy of a responsive document. "Exact duplicate" shall mean documents with the same content hash values or determined to be exact duplicates by another reliable method.

ii.  A producing Party shall de-duplicate documents across designated custodians and populate a field of data that identifies each designated custodian who had a copy of the produced document (the "Custodian" field). Such de-duplicated documents shall be deemed produced from the custodial files of each such identified custodian for all purposes in this litigation, including for use at deposition and trial. A producing Party shall use a uniform description of a particular custodian across productions.

iii.  No Party shall identify and/or eliminate duplicates by manual review.

iv.  Hard-Copy Documents shall not be eliminated as duplicates of ESI.

v.  If a newly identified custodian has been added following an initial production of documents, and that custodian is included on documents already produced, the producing Party also shall provide an overlay file to allow the receiving Party to update the "Custodian" field. The overlay file shall include all custodians listed in the "Custodian" field in prior productions and any custodians newly identified in the current supplemental production.

**G.     Embedded Objects**

Where reasonably feasible, non-image files embedded within other documents will be extracted as separate documents and treated like attachments to the document in which they were embedded. Image files embedded within documents, such as signature blocks, need not be extracted as separate documents.

**H.     Compressed Files**

Compression file types (e.g., .CAB, .GZ, .RAR, .TAR, .Z., .ZIP, etc.) shall be decompressed in a manner that ensures a container within a container is decompressed into the lowest uncompressed element resulting in individual files. The container file itself shall not be produced.

**I.    Redactions**

The Parties may redact information that is (1) privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity, (2) protected personal information subject to non-disclosure obligations imposed by governmental authorities, law, or regulation, or (3) information about unannounced hardware products that are still in active development. If a file that originates in ESI needs to be redacted before production, the file will be rendered in TIFF/JPG or PDF, and the TIFF/JPG or PDF will be redacted and produced. The producing Party will provide searchable OCR text for those portions of the document that have not been redacted, including all hidden content. If documents are produced with redactions, an electronic copy of the original, unredacted document shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such document including any metadata therein.

**J.    Bates Numbering**

The BegBates and EndBates fields should be populated for all documents sequentially within a given document, between documents, and across the production sets. These fields should not be blank under any circumstance.

The producing Party will brand all TIFF/JPG or PDF images in the lower right-hand corner with their corresponding Bates numbers, using a consistent font type and size. The producing Party will brand all TIFF/JPG or PDF images in the lower left-hand corner with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its Bates number and confidentiality designation identified in the filename of the native file.

**K.    Production Media**

The producing Party shall provide the production data via SFTP, CDs, DVDs, or external hard drives, or by way of other electronic transfer, as between accounts at a cloud provider (subject to prior agreement with the requesting Party), as appropriate. For any production exceeding five (5) terabytes in size, the producing Party shall reasonably confer with the requesting Party about the means of transmittal or production before undertaking it. The producing Party shall encrypt the production data, and the producing Party shall forward the password to decrypt the production data separately from the

8

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

CD, DVD, external drive or SFTP to which the production data is saved. Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002"). Each piece of Production Media shall also identify: (1) the producing Party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced.

**6.    Document Production Format for Documents Existing in Hardcopy**

All documents that are hardcopy or paper files shall be scanned and produced in TIFF/JPG or PDF files with the Optical Character Recognition (OCR)-acquired text files, with unique Bates number per page, consistent with the load file and Bates numbering requirements above. If a hardcopy or paper file has any notes affixed to them, the file should be scanned and produced with the notes as well as without the notes, and will be treated as the same document. A Party shall treat documents that are stapled or clipped together, or that otherwise clearly appear to be a single document, as a single document. Otherwise, a Party shall treat hardcopy documents as distinct documents.

**7.    Instant Messages**

To the extent instant messages (e.g., Slack, Jabber, Google Chat) or text messages (e.g., SMS, iMessage) are produced for any custodian, a Party shall take reasonable steps to produce such messages in a manner that preserves the context of the communication by producing messages occurring before or after a given message pertaining to the same topic.

**8.    Requests for Hi-Resolution or Color Documents**

The Parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing Party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing Party shall not object if the document as originally produced is illegible or difficult to read. The producing Party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the Parties will meet and confer in good faith to try to resolve it.

**9.   Foreign Language Documents**

All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing Party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing Party shall produce both the original document and all English-language versions. Nothing in this agreement shall require a producing Party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

**10.   Re-productions**

Notwithstanding any provisions to the contrary, documents that are re-produced in whole or in part from the production files of another litigation, arbitration, government inquiry, or other matter may be produced in the same manner and form as originally produced in the other matter, provided however that a Party will re-produce documents in a different format if requested by a Party and reasonably necessary to the document's comprehension or use. For the avoidance of doubt, this ESI Protocol is a forward-looking document; nothing in this Order shall require the re-production of any production previously made in any of the Actions, and this Order has no bearing on any dispute regarding a production made before it was entered.

**11.   Privilege and Documents Protected From Discovery**

No producing Party intends to waive any rights or protections pursuant to privacy, confidentiality, attorney-client privilege, attorney work product, and any other privileges, protections, or objections to discovery. The Parties preserve all such rights, protections, and privileges.

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding, consistent with the Protective Orders entered in the actions. (*Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR, ECF No. 112; *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, ECF No. 199; *Donald R. Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR, ECF No. 85).

10

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

**12.    Privilege Logs**

Documents withheld from discovery on the basis of privilege will be described on a log containing information sufficient to enable the receiving Party to evaluate the claims made, including the following information: Custodian, From, To, CC, BCC, Subject, Date and Time, Basis for Withholding (e.g., Attorney-Client Communication), and Document Description.  The privilege log may be generated, in part, using available metadata, including the date and time sent; author/recipient or to/from/cc names; a description of the document; and the privilege claimed.  Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing Party shall include the unaccounted for fields in the privilege log, to the extent such fields are ascertainable from the face of the document.  Privilege logs should be produced within forty-five days of the date of the withholding of such documents from production, or by January 6, 2021, whichever is earlier.  Challenges to documents withheld for privilege may be made after this deadline notwithstanding that any deadline for Party document discovery has passed.  Parties must identify lawyers on their privilege logs in one of two ways: (1) they may provide the other Parties with a list with the privilege log that names the lawyers on the list, identifying whether they are in-house or external counsel, or (2) they may designate in-house attorney names with an asterisk, and designate outside counsel attorney names with a double asterisk.  To the extent attorneys are not identified in the above fields, they shall be identified in the Description or in a separate field.  Privileged communications concerning the litigation that include trial counsel attorney names in the To, From or CC fields that post-date the filing of the consumer complaint on December 29, 2011, need not be included on the privilege log.  A single document containing multiple email messages (i.e., in an email chain) may be logged as a single entry.  A Party is not required to log redacted documents provided that a metadata field is provided indicating which documents are redacted, and provided that the Party agrees to respond to reasonable requests for additional information regarding the basis for redactions on specific documents where the basis is unclear from the document itself.

**13.    Document Preservation**

The Parties have discussed their preservation obligations and agree that preservation of potentially relevant ESI will be consistent with their obligations set forth in Federal Rule of Civil

11

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

Procedure 26.  The parties represent that they have issued litigation hold notices to individuals whom they reasonably believe to possess relevant documents.  The Parties represent that they have taken reasonable and proportionate steps to suspend or modify regular or automatic policies or practices that would result in the loss of relevant documents.  The Parties shall have a continuing obligation to identify sources of relevant documents and to take reasonable and proportionate steps to preserve them.

**14.    No Waiver**

Matters not addressed in this protocol shall not be deemed waived.  Rather, any such matters shall be addressed by the Parties at a later time through additional meeting and conferring, and, if necessary, submitted to the Court for resolution.

**15.    Modification**

This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, **THROUGH COUNSEL OF RECORD.**

Dated:  October 28, 2020          By:     /s/ *Jay P. Srinivasan*

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr.
Richard J. Doren
Daniel G. Swanson
Mark A. Perry
Veronica S. Lewis
Cynthia E. Richman
Jay P. Srinivasan
Ethan D. Dettmer
Eli M. Lazarus

*Attorneys for Defendant APPLE INC.*

12

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

| | | | |
|---|---|---|---|
| Dated: October 28, 2020 | | By: | */s/ Rachele R. Byrd* |

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

*Consumer Plaintiffs' Interim Class Counsel*

| | | | |
|---|---|---|---|
| DATED: October 28, 2020 | | By: | */s/ Steve W. Berman* |

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Shana E. Scarlett (SBN 217895)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

*Developer Plaintiffs' Interim Class Counsel*

13

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

Dated: October 28, 2020        By:      */s/ Gary A. Bornstein*
                                        Gary A. Bornstein

**CRAVATH, SWAINE & MOORE LLP**
Christine Varney (*pro hac vice*)
Katherine B. Forrest  (*pro hac vice*)
Gary A. Bornstein  (*pro hac vice*)
Yonatan Even  (*pro hac vice*)
Lauren A. Moskowitz  (*pro hac vice*)
M. Brent Byars  (*pro hac vice*)
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
cvarney@cravath.com
kforrest@cravath.com
gbornstein@cravath.com
yeven@cravath.com
lmoskowitz@cravath.com
mbyars@cravath.com


Respectfully submitted,

*Attorneys for Plaintiff Epic Games, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: _____        _____
                                HON. YVONNE GONZALEZ ROGERS
                                United States District Court Judge

14

# EXHIBIT A

# TABLE OF METADATA FIELDS

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegBates | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndBates | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| Parent Date | Parent Date | Date (MM/DD/YYYY format) | The date of the parent document. | The date of the parent document |
| Parent Time | Parent Time | Time (using Coordinated Universal Time) | The time of the parent document | The time of the parent document |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | |
| TimeSent | | Time (using Coordinated Universal Time) | The time the email was sent. | |
| Author | Author | | | The name of the author as identified by the |

15

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| | | | | metadata of the document. |
| From | From | Paragraph | The display name of the author or sender of an email. | |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | | Custodians(s) designated in this litigation, including the Custodian for all copies of the Document that were removed as a result of de-duplication. | Custodian(s) designated in this litigation, including the Custodian for all copies of the Document that were removed as a result of de-duplication. |
| Date Created | | Date (MM/DD/YYYY format) | | Date document was created. |
| Time Created | | Time (using Coordinated Universal Time) | | Time document was created. |
| LastModifiedDate | | Date (MM/DD/YYYY format) | | The last modified date from a loose file. |
| LastModifiedTime | | Time (using Coordinated Universal Time) | | The time the electronic document was last modified (extracted from metadata). |

JOINT STIPULATION AND [PROPOSED] ORDER RE: ELECTRONICALLY STORED INFORMATION
CASE NOS. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR; 4:20-cv-05640-YGR

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| FileName | | | | Original file name at the point of collection |
| FileExtension | | | | Original file extension at the point of collection |
| MD5Hash or SHA1 Hash | | MD5 Hash or SHA-1 Hash | Unique MD5 or SHA-1 hash for email. | Unique MD5 or SHA-1 hash for document. |
| Text | | | Extracted/OCR text or a link to a file with the text. | Text |
| NativeLink | | Paragraph | Native file link (native files only) | |
| Title | | | | File property Title |
| Subject | | | | File property Subject |
| ProdVol | | | Name of media that data was produced on. | Name of media that data was produced on. |
| FileType | | | | Type of file (e.g., Word, Excel) |
| Time Zone | | | Time zone of data used during processing of data. | Time zone of data used during processing of data. |
| Confidentiality | | | Confidentiality level if assigned pursuant to any applicable Protective Order or stipulation. | Confidentiality level if assigned pursuant to any applicable Protective Order or stipulation. |
| Redacted | | | "Yes" for redacted Documents; "No" for un-redacted Documents. | "Yes" for redacted Documents; "No" for un-redacted Documents. |