Guido Saveri (22349)
R. Alexander Saveri (173102)
SAVERI & SAVERI, INC.
706 Sansome Street, #200
San Francisco, CA  94111
Telephone: (415) 217-6810
Facsimile:  (415) 217-6813
guido@saveri.com
rick@saveri.com

Kimberly A. Justice (*pro hac vice*)
Jonathan M. Jagher (*pro hac vice*)
FREED KANNER LONDON & MILLEN LLC
923 Fayette Street
Conshohocken, PA 19428
Telephone: (610) 234-6487
Facsimile: (224) 632-4521
kjustice@fklmlaw.com
jjagher@fklmlaw.com

*Attorneys for Plaintiff Sermons and the Proposed Classes*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, *et al*.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | **STIPULATION AND [PROPOSED] ORDER GRANTING BARRY SERMONS' VOLUNTARY DISMISSAL**<br><br>The Honorable Yvonne Gonzales Rogers<br><br>Case No. 4:19-cv-03074-YGR |

1   Plaintiffs in the above-captioned action including Donald R. Cameron, Pure Sweat Basketball,
2   Inc., and Barry Sermons (collectively, "Developer Plaintiffs") and Defendant Apple Inc. ("Defendant")
3   (collectively, the "Parties"), by and through their respective counsel, hereby agree as follows:

4   WHEREAS Mr. Sermons filed his complaint against Defendant on June 28, 2019 (Case
5   No. 4:19-cv-03796-YGR);

6   WHEREAS on September 30, 2019, a Consolidated Complaint was filed in *Cameron v. Apple*
7   *Inc*. (Case No. 4:19-cv-03796-YGR) (the "*Cameron* Action") naming Donald R. Cameron, Pure Sweat
8   Basketball, Inc., and Barry Sermons as plaintiffs representing putative classes of iOS developers [ECF
9   53];

10  WHEREAS Mr. Sermons' action was formally consolidated with the *Cameron* Action on
11  November 5, 2019 [ECF 72];

12  WHEREAS on November 11, 2019, Defendant answered the Consolidated Complaint [ECF
13  74];

14  WHEREAS Mr. Sermons represents that he no longer wishes to serve as a named plaintiff or
15  take any part in this litigation and therefore wishes to voluntarily dismiss with prejudice all of his
16  claims asserted against Defendant in this litigation;

17  WHEREAS Donald R. Cameron and Pure Sweat Basketball, Inc. represent that they will
18  continue to prosecute this action as named plaintiffs;

19  WHEREAS Mr. Sermons has produced thousands of pages of documents in connection with
20  discovery in this case, which Apple represents to have spent significant resources to review and
21  analyze;

22  WHEREAS Mr. Sermons represents that all of the documents that he has produced in this case
23  (SERMONS0000001-SERMONS0010321) are authentic, true, and accurate copies of documents that
24  were in his custody and control at the time that he produced documents in this case, unaltered except
25  for the addition of Bates numbers and confidentiality labels for use in this litigation;

26  WHEREAS the Parties have determined that it is in their mutual interest to avoid the significant
27  and unnecessary burden and expense associated with document-by-document authentication of
28

Mr. Sermons' documents, and that establishing the authenticity of his documents by way of a declaration from Mr. Sermons will promote the orderly and efficient progress of this case;

WHEREAS Defendant believes that Mr. Sermons produced documents that are business records under Rule 803(6) of the Federal Rules of Evidence;

WHEREAS the Parties have determined that establishing by way of declaration from Mr. Sermons the authenticity of any of his produced documents as business records under Rule 803(6) of the Federal Rules of Evidence is in their mutual interest and will promote the orderly and efficient progress of this case;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED among the Parties, by and through their respective counsel and subject to entry by the Court of an Order providing that:

1. Mr. Sermons shall provide to Defendant, within 30 days of entry of this Stipulation by the Court, a declaration stating that all documents that he produced in this case are authentic, true, and accurate copies of documents that were in his custody and control at the time that he produced documents in this case, unaltered except for the addition of Bates numbers and confidentiality labels for use in this litigation.

2. Developer Plaintiffs will not contest the authenticity of documents produced by Mr. Sermons that he declares to be authentic, as described in the preceding paragraph.

3. Upon request from Defendant, and if Mr. Sermons in consultation with his counsel determines that a document or documents identified by Defendant are business records under Rule 803(6) of the Federal Rules of Evidence ("Business Records"), Mr. Sermons shall provide a declaration stating that (1) the document or documents identified in Defendant's request were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, someone with knowledge of those matters; (2) that the same document or documents were kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; and (3) that the making of such document or documents was a regular practice of that activity. If Mr. Sermons refuses to provide such a declaration for any document, Defendant may depose him on the issues that would have been stated in such a declaration and on his grounds for refusing to provide the declaration. Mr. Sermons, however, expressly reserves and does not waive attorney-client

privilege or the protections of the work-product or trial-preparation doctrines, or those of any related doctrines, and expressly reserves and does not waive the right to decline to answer any questions asked in any such deposition on the basis of good-faith assertions of attorney-client privilege or the protection of work-product or trial-preparation or related doctrines.

4. For any document which Mr. Sermons declares to be a Business Record, Developer Plaintiffs will not contest Mr. Sermons' testimony (by written declaration) that the document (1) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, someone with knowledge of those matters; (2) that the same document was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; and (3) that the making of such document was a regular practice of that activity.

5. Mr. Sermons' claims in the above-captioned lawsuit shall be and hereby are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each side to bear its own costs, expenses, and attorneys' fees.

**IT IS SO STIPULATED**

DATED: November 16, 2020         By:    /s/ R. Alexander Saveri
                                 Guido Saveri (22349)
                                 R. Alexander Saveri (173102)
                                 SAVERI & SAVERI, INC.
                                 706 Sansome Street, #200
                                 San Francisco, CA  94111
                                 Telephone: (415) 217-6810
                                 Facsimile:  (415) 217-6813
                                 guido@saveri.com
                                 rick@saveri.com

                                 Kimberly A. Justice (*pro hac vice*)
                                 Jonathan M. Jagher (*pro hac vice*)
                                 FREED KANNER LONDON & MILLEN LLC
                                 923 Fayette Street
                                 Conshohocken, PA 19428
                                 Telephone: (610) 234-6487
                                 Facsimile: (224) 632-4521
                                 kjustice@fklmlaw.com
                                 jjagher@fklmlaw.com

| | | |
|---|---|---|
| | | *Attorneys for Plaintiff Sermons and the Proposed Classes* |
| DATED: November 16, 2020 | By: | */s/ Steve Berman* |

**HAGENS BERMAN SOBOL SHAPIRO LLP**
STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
ROBERT F. LOPEZ (*pro hac vice*)
rob@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206)623-0594

SHANA E. SCARLETT (SBN 217895)
shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

*Interim Class Counsel for the Developer Plaintiffs*

| | | |
|---|---|---|
| DATED: November 16, 2020 | By: | */s/ Ethan Dettmer* |

**GIBSON, DUNN & CRUTCHER LLP**
ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

**GIBSON, DUNN & CRUTCHER LLP**
THEODORE J. BOUTROUS JR (SBN 132099)
  tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
  rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
  dswanson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

**GIBSON, DUNN & CRUTCHER LLP**
CYNTHIA E. RICHMAN (D.C. Bar No. 492089;
appearance *pro hac vice*)
  crichman@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8234
Facsimile: 202.530.9691

**GIBSON, DUNN & CRUTCHER LLP**
VERONICA S. LEWIS (Texas Bar No. 24000092;
appearance pro hac vice)
  vlewis@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

*Attorneys for Defendant Apple Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:_____

_____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

**DECLARATION REGARDING CONCURRENCE**

I, R. Alexander Saveri, am the ECF user whose identification and password are being used to file this STIPULATION AND [PROPOSED] ORDER GRANTING VOLUNTARY DISMISSAL. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all of the signatories listed above have concurred in this filing.

DATED: November 16, 2020            **SAVERI & SAVERI, INC.**

/s/ *R. Alexander Saveri*
R. Alexander Saveri