THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

VERONICA S. LEWIS (Texas Bar No.
24000092; *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
HARRY R. S. PHILLIPS (D.C. Bar No.
1617356; *pro hac vice*)
  hphillips2@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br>Case No. 4:19-cv-03074-YGR |
| | **DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE** |
| DONALD R. CAMERON, *et al.*,<br><br>                    Plaintiffs<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Hon. Yvonne Gonzalez Rogers |

1

**INTRODUCTION**

2      A motion "seek[ing] to modify a pretrial scheduling order must be brought pursuant to Civil

3    Local Rule 6-3," not an "improper administrative motion." *Silverman v. City & Cty. of San Francisco*,

4    No. C 11-1615 SBA, 2012 WL 6019309, at *1 (N.D. Cal. Dec. 3, 2012).  Moreover, class plaintiffs

5    chose to file their administrative motion (and 564 pages of exhibits) on the evening of Monday,

6    November 23—making Apple's response due the day after Thanksgiving, despite the Court's

7    admonition that "[a] lawyer should not serve papers . . . at a time . . . designed to inconvenience an

8    opponent," N.D. Cal. Guidelines for Prof'l Conduct § 5(c).  Class plaintiffs agreed to extend the

9    response date by one business day after Apple raised this timing.

10     Procedural defects aside, the Court should reject class plaintiffs' attempt to decouple the class

11   cases from *Epic*—and deprive the Court of the class certification briefs it sought before the *Epic* trial.

12   Their administrative motion raises the same two concerns they voiced at the October 19, 2020 case

13   management conference, at which the Court indicated that it would not entertain an extension motion

14   unless (a) Apple refused to coordinate on deposition scheduling, or (b) Magistrate Judge Hixson made

15   a finding of discovery prejudice.  Neither of those things has happened.  The motion should be denied.

16

**BACKGROUND**

17     Months ago, the Court set a class certification schedule running from February to May 2021.

18   Dkt. 209 at 4-5.  Apple has undertaken extraordinary efforts to maintain that schedule, including by

19   producing nearly 3.7 million documents by the end of July, the deadline Apple set for substantial

20   completion.  Dettmer Decl., Ex. A at 2.  All parties have worked diligently and cooperatively, and until

21   very recently no one raised any discovery issues with Magistrate Judge Hixson.

22     On October 6, 2020, the Court set *Epic v. Apple* for a bench trial on May 3, 2021, Dkt. 119 at

23   1-2, with interim deadlines designed to synchronize with the extant deadlines in the class cases.  As the

24   Court explained during the October 19 hearing:  "[W]hen I put the [Epic] schedule in place, I had [the

25   class] schedule in mind" to ensure that it would have "all of [the class certification] briefing . . . to

26   understand the landscape" and "have the full scope of your class certifications in mind" before trial.

27   Dkt. 159-25, Ex. 38 at 31:14-32:1.  Accordingly, the Court said that no extension requests would be

28   entertained unless Magistrate Judge Hixson found a party had been "prejudiced by some discovery

Gibson, Dunn &
Crutcher LLP

1

1  dispute." *Id.* at 38:7-12.  Nor did the Court "want a motion [for an extension]" based on deposition

2  scheduling "until [it had] dueling lists of depositions," and any scheduling issue arising out of a "failure

3  to produce . . . documents" similarly had "to go in front of Judge Hixson first." *Id.*

| Epic | Pepper/Cameron |
|---|---|
|  | 1/4 - Case Management Statement Due |
| 1/6 - Deadline to complete document production |  |
|  | 1/11 - Case Management Conference |
| 1/22 - Deadline for joint Trial Elements, Legal Framework and Remedies submission |  |
|  | 2/3 - Deadline for Class Certification Motion and Supporting Expert Reports |
| 2/15 - Fact Discovery Cutoff & Expert Reports |  |
| 3/1 - Case Management Conference |  |
| 3/15 - Rebuttal Expert Reports |  |
| 3/31 - Expert Discovery Cutoff |  |
| 4/7 - Deadline for proposed Findings of Fact and Conclusions of Law |  |
| 4/9 - Deadline for Joint Pretrial Conference Statement and file Motions in Limine |  |
| 4/12 - Deadline to File Responses to Motions in Limine | 4/12 - Deadline for Class Certification Opposition and Expert Reports |
| 4/21 - Pretrial Conference |  |
| 5/3 - Trial Begins |  |

Following the October 19 hearing, the class plaintiffs sent a flurry of letters to Apple,

demanding immediate responses to over 50 discovery-related issues.  Dettmer Decl., Ex. A at 1.  These

included new demands for production and additional custodians—even though Apple had substantially

completed discovery months earlier.  *Id.* at 1-2.  Apple nevertheless responded promptly to each inquiry

in turn, and has produced more documents accordingly.  *Id.* at 1-2.  The two issues that class plaintiffs

raise now were submitted to Magistrate Judge Hixson on November 13, 2020:

- First, plaintiffs seek allegedly missing "structured cost data" even though Apple has repeatedly explained that this data is not readily obtainable or, to the extent it is readily available, has already been produced.  Dkt. 146-3 at 1, 4.
- Second, plaintiffs seek to compel immediate production of 65 billion transactional records. Dkt. 147-3 at 4.  Yet any delay is the product of plaintiffs' shifting demands; Apple has made clear that it stands ready to produce this data (but will do so only once given the burden).  *Id.* at 4-5.

Judge Hixson has to date taken no action on these submissions.

In addition, the class plaintiffs have expressed concern that they will be unable to coordinate

with Epic, requiring some Apple witnesses to be deposed twice—an issue the Court noted at the

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO MOTION TO MODIFY CASE SCHEDULE

October 19 CMC.  Dkt. 159-25, Ex. 38 at 29:1-30:3, 35:10-19.  Immediately after that hearing, counsel for the Developer Plaintiffs emailed all counsel:

> Essentially, we think if we identify approx. 5 deponents all parties will want to depose, or more, we then ask Apple – today on a call if possible – if they want those deponents to be deposed once or twice. If once, they have to agree to move the schedule, given when Epic will be ready. If twice, then so be it and class plaintiffs will start depos before Epic may be ready.

Dkt. 159-25, Ex. 40 at 4.  Apple responded by *agreeing* that five Apple witnesses could be deposed twice.  Dkt. 159-25, Ex. 45 at 1.  And Apple also said it would discuss extending the length of depositions so long as the class plaintiffs and Epic coordinated about which witnesses needed such special treatment.  *Id.*  The class plaintiffs have never provided a meaningful response to Apple's proposal.  They instead have asked to depose two current Apple employees; Apple promptly provided available dates for each, and class plaintiffs have confirmed both "[o]n behalf of" all plaintiffs.  Dettmer Decl. Ex. C; *accord* Dettmer Decl. Ex. D.

## DISCUSSION

The Court devised a coordinated schedule to accommodate the overlapping demands of *Cameron*, *Pepper*, and *Epic*.  Apple is committed to meeting the deadlines in the current coordinated schedule.  Yet class plaintiffs now seek to de-coordinate these cases, depriving the Court of the class certification briefing it sought in advance of the *Epic* trial.  *See* Mot. at 1.  While they assure the Court that it "will still have the benefit of *Plaintiffs'* motions, supporting expert reports, and trial briefs," *id.* at 5 (emphasis added), the Court would not have the benefit of Apple's responses or expert reports.  Thus, plaintiffs' proposal would deny the Court a full map of these cases' "landscape"—the reason why the Court "put the schedule in place."  Dkt. 159-25, Ex. 38 at 31:14-18.

Class plaintiffs offer no cause to justify the disruption they seek.  *See* Fed. R. Civ. P. 16.  They raise the same two concerns voiced at the October 19 CMC—deposition coordination and document production—but have not heeded the Court's guidance regarding either.  *See* Dkt. 159-25, Ex. 38 at 39:7-12 ("I don't want a motion until I have dueling lists of depositions, . . . and if you even mention the failure to produce millions of documents, then that has to go in front of Judge Hixson first.  So you cannot bring that motion without having certainty on those two topics.").

**1.**  With respect to depositions, the thrust of the class plaintiffs' motion is that Apple seeks "to have its cake and eat it too" by refusing to coordinate depositions or agree to an extension.  Mot. at 4.

1    But this Court has already ordered that "[w]itnesses should only be deposed once," putting the burden

2    of coordination on the plaintiffs.  Moreover, in light of the Court's admonition to avoid disrupting the

3    schedule by coordinating depositions, Dkt. 159-25, Ex. 38 at 35:10-14, Apple has agreed to let plaintiffs

4    identify, in advance, a reasonable number of witnesses who could be deposed twice.  Dkt. 159-25, Ex.

5    45 at 1.  Apple has also indicated its willingness to adjust time limits, in advance, in appropriate

6    circumstances.  *Id.*  Plaintiffs, not Apple, have refused to discuss any relevant compromise.  *See id.*

7            Plaintiffs suggest they "have long planned to take depositions in November and December,"

8    implying that Apple is somehow stopping them from doing so.  Mot. at 3.  To the contrary, before filing

9    the instant motion class plaintiffs had identified only three deponents: Messrs. Okamoto, Fischer, and

10   Shoemaker.   Apple promptly provided available dates for the first two, who are current Apple

11   employees, and informed plaintiffs that they would have to subpoena the third, who is a former

12   employee.  Dettmer Decl. ¶ 2.  Critically, there are no conflicts regarding "dual depositions" at this

13   time, *id.* ¶ 3, as class plaintiffs have agreed to coordinate with Epic for the Okamoto and Fischer

14   depositions.  Dettmer Decl. Exs. C & D.  Apple has also offered to find new dates if the supplemental

15   "productions for Mr. Okamoto" would "inhibit[] [their] deposition preparation."  Mot. at 4; *see also*

16   Dettmer Decl. Ex. E; Dkt. 159-25, Ex. 45 at 2.

17          Apple has thus continued to coordinate with plaintiffs since the October 19 CMC.  A month

18   has now passed, and no deposition conflicts have arisen; thus, it is altogether unclear why Plaintiffs

19   rushed to court just before Thanksgiving to grieve an "impossible position," Mot. at 5, that is purely

20   hypothetical—particularly given that the Court did not "want a motion until I have dueling lists of

21   depositions" and "certainty" on an actual dispute.  Dkt. 159-25, Ex. 38 at 39:7-12.

22          **2.**  Plaintiffs also blame Apple for supposed delays in document productions.  Mot. at 5.  Again,

23   they ignore the Court's clear statement that a motion premised on discovery prejudice would "have to

24   wait to see what Judge Hixson says on that topic."  Dkt. 159-25, Ex. 38 at 32:8-9.  The forthcoming

25   rulings could moot this motion: There will be no basis to revisit the schedule if Judge Hixson rejects

26   plaintiffs' positions or articulates a solution to the disputes that does not affect the schedule.  Moreover,

27   Apple already told the class plaintiffs it is willing to meet and confer if Judge Hixson's resolution of

28   either or both disputes *does* seem likely to impact the schedule.  *See* Dettmer Decl. Ex. B.

Gibson, Dunn &
Crutcher LLP

4
DEFENDANT APPLE INC.'S OPPOSITION TO MOTION TO MODIFY CASE SCHEDULE

1    In any event, class plaintiffs fail to substantiate their bare assertion of prejudice.  That Apple

2    has continued to produce documents since July 31, Mot. at 2, is no surprise given that "substantial

3    completion" is not "total completion."   Indeed, class plaintiffs have continued to propound new

4    requests and demand more productions.  Dettmer Decl. Ex. A at 2-4.  And while they misleadingly

5    note that Apple "produced 2.3 million pages of critical documents" since July 31, Mot. at 5, most of

6    these pages come from relatively few documents with lengthy HTML formatting (and little responsive

7    information).  Dkt. 159-25, Ex. 42 at 7 n.8.

8    Nor has Apple withheld its transactional data.  Mot. at 2.  As Apple has repeatedly explained,

9    producing 65 billion records is a colossal effort.  Dkt. 147-3 at 4.  Plaintiffs declined Apple's offer to

10   produce the data now and then supplement it at plaintiffs' expense in the future.  So Apple will produce

11   the data whenever plaintiffs want—but only once.  *Id.*   Class plaintiffs have instead shifted the

12   goalposts repeatedly, demanding a new format eight months after serving their request for production,

13   demanding new data after Apple produced a 100,000 row sample, and then responding with a dozen

14   new requests after Apple produced, at class plaintiffs' request, a second sample of 100 million records

15   (many of which Apple acceded to in an attempt to compromise).  *Id.* at 4-5.  Class plaintiffs have now

16   elected to take their uncompromising demands to Magistrate Judge Hixson.  *Id.*   That is their

17   prerogative, but they can blame only themselves for holding the data "hostage."  Mot. at 2.

18   **3.**  Apple would be harmed by the requested extension.  "[O]ur adversarial system . . . is

19   premised on the well-tested principle that truth—as well as fairness—is best discovered by powerful

20   statements on both sides of the question."  *Penson v. Ohio*, 488 U.S. 75, 84 (1988).  Yet plaintiffs

21   propose providing the Court with only one-sided briefing before the Court tries the *Epic* case—neither

22   helpful to the Court nor fair to Apple.  The Court ought to get what it asked for: "The *full* scope" of the

23   relevant issues informed by "*all* of th[e] briefing."  Dkt. 159-25, Ex. 38 at 31:16-32:1 (emphasis added).

24   Plaintiffs' proposed schedule also would require Apple's experts to simultaneously prepare

25   their trial testimony and the opposition to the certification motion.  If the Court is inclined to extend

26   the class certification schedule, it should defer all briefing until after the *Epic* trial concludes.

27                                                   **CONCLUSION**

28   The class plaintiffs' motion to modify the class certification schedule should be denied.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO MOTION TO MODIFY CASE SCHEDULE

1    Dated:  November 27, 2020                    GIBSON, DUNN & CRUTCHER LLP

2

3                                                 By:    /s/ Mark A. Perry
                                                            Mark A. Perry
4

5                                                 Attorneys for Defendant APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO MOTION TO MODIFY CASE SCHEDULE