RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
byrd@whafh.com
dejong@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677
rifkin@whafh.com
guiney@whafh.com

*Interim Class Counsel for the Consumer Plaintiffs*

STEVE W. BERMAN (*pro hac vice*)
ROBERT F. LOPEZ (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

SHANA E. SCARLETT (SBN 217895)
BENJAMIN J. SIEGEL (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202C
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com

*Interim Class Counsel for the Developer Plaintiffs*

[Additional counsel appear on signature pages]

PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravarth.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravarth.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

THEODORE J. BOUTROUS JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
JAY P. SRINIVASAN (SBN 181471)
jsrinivasan@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendant Apple Inc.*

Case 4:19-cv-03074-YGR   Document 189   Filed 12/15/20   Page 2 of 9

FILED
Dec 15 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR |
| DONALD R. CAMERON, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant.* | Case No. 4:19-cv-03074-YGR <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER RE: VALIDATION PROTOCOL** <br><br> Judge: Hon. Yvonne Gonzalez Rogers; Hon. Thomas S. Hixson |

Plaintiff Epic Games, Inc. ("Epic"), the Developer Plaintiffs, the Consumer Plaintiffs and Defendant Apple Inc. ("Apple") (collectively, "the Parties," and individually, a "Party") submit the following protocol to govern the use and validation of the Parties' respective document culling and review efforts.

Validation of Apple's TAR Process

1. Apple is using Technology Assisted Review ("TAR") to select the documents that will be subject to human review or produced without human review. The steps described in the following paragraphs 2 through 7 shall be completed separately for the following document populations (a) and (b): (a) Apple's total TAR population comprised of (i) the documents collected by Apple for the custodians and time periods identified initially in the class action cases ("Apple's Class Action Collection") and (ii) the documents collected by Apple for the custodians added following the filing of the *Epic* litigation, as well as the documents collected by Apple for additional time periods for certain class action custodians ("Apple's *Epic* Collection"); and (b) Apple's *Epic* Collection alone.

2. At the substantial completion of its TAR process, Apple shall disclose the number of documents to which the TAR process has been applied, the number of documents either reviewed or produced without human review as a result of its TAR process, and the number of documents excluded from human review and production based on its TAR process.

3. Apple shall gather: (1) a random sample of 500 documents from those produced or withheld as privileged (the "Reviewed Responsive/Produced Documents"); (2) a random sample of 500 documents from those unproduced documents identified as non-responsive during the course of the review (the "Unproduced Reviewed Nonresponsive Documents"); and (3) a random sample of 500 documents from those unproduced documents that were unreviewed at the time of validation (the "Unreviewed Documents") (collectively, these samples are the "TAR Validation Samples").

4. The TAR Validation Samples shall be coded by an SME, *i.e.*, an attorney employee of outside counsel, who is knowledgeable about the subject matter of the litigation and assigned to work on the above-captioned cases. For purposes of the SME's validation review, the SME will not be provided with any information regarding how any document in the TAR Validation Samples was initially categorized during the course of the review.

5. The estimated recall of the review will then be calculated as follows: the total number of documents produced or withheld as privileged that were correctly identified as responsive, divided by the sum of: (1) the total number of documents produced or withheld as privileged that were correctly identified as responsive; (2) the number of unproduced reviewed documents incorrectly marked nonresponsive; and (3) the number of unproduced unreviewed but responsive documents. For purposes of the foregoing recall calculation: (1) the total number of documents produced or withheld as privileged that were correctly identified as responsive will be calculated by multiplying the number of documents produced or withheld as privileged by the percentage of the 500 Reviewed Responsive/Produced Documents that were responsive (as determined by the SME); (2) the unproduced reviewed documents incorrectly marked nonresponsive will be calculated by multiplying the total number of documents marked as nonresponsive by the percentage of the 500 Unproduced Reviewed Nonresponsive Documents that were incorrectly marked as nonresponsive (as determined by the SME); and (3) the unproduced unreviewed but responsive documents will be calculated by multiplying the total number of unproduced unreviewed documents by the percentage of the 500 Unreviewed Documents subsequently coded responsive by the SME.

6. In calculating recall, Apple shall not consider in its calculation any set of documents it reasonably expects to constitute 2% or more of documents produced from the universe of documents to which TAR was applied that comprises (a) duplicates or near duplicates of one another; (b) documents automatically generated by the same or similar

source; (c) documents automatically sent from the same or similar sender; or (d) any other category of documents identified as responsive on a categorical basis.

7. Apple shall provide the other Parties with the recall calculations based on its TAR Validation Samples. For Apple, a recall rate of 70% (75% with respect to Apple's *Epic* Collection), as confirmed by an SME shall be considered presumptively acceptable, and if another Party believes that additional documents should be produced after a 70% recall rate (75% with respect to Apple's *Epic* Collection) is achieved and confirmed by an SME, that Party must make a detailed showing as to how the probative value outweighs the burden of further document review. If a recall rate of 70% (75% with respect to Apple's *Epic* Collection) is not achieved by Apple, Apple shall continue to produce documents until a further validation test adhering to the above requirements confirms that 70% (75% with respect to Apple's *Epic* Collection) recall has been achieved, unless otherwise agreed to by the Parties.

8. If Apple has previously validated a document production as described above and achieved the designated recall objective, Apple need not repeat validation of that production unless any changed circumstances (such as the additional collection of documents) are mathematically significant enough potentially to cause Apple to fail to reach the designated recall objective with respect to that document production.

Validation of Epic's Linear Review Process

9. Epic is using linear review of documents that hit on agreed upon search terms to identify documents responsive to requests for production served on it. At the substantial completion of its linear review process, Epic shall disclose the number of documents that hit on the agreed search terms, the number of documents produced or withheld as privileged, and the number of documents identified as non-responsive during the course of the review.

10. Epic shall gather: (1) a random sample of 500 documents from those produced or withheld as privileged (the "Reviewed Responsive/Produced Documents"); and (2) a

random sample of 500 documents from those unproduced documents identified as non-responsive during the course of the review (the "Unproduced Reviewed Nonresponsive Documents") (collectively, these samples are the "Epic Validation Samples").

11. The Epic Validation Samples shall be coded by an SME, *i.e.*, an attorney employee of outside counsel, who is knowledgeable about the subject matter of the litigation and assigned to work on the above-captioned cases. For purposes of the SME's validation review, the SME will not be provided with any information regarding how any document in the Epic Validation Samples was initially categorized during the course of the review.

12. The estimated recall of the review will then be calculated as follows: the total number of documents produced or withheld as privileged that were correctly identified as responsive, divided by the sum of: (1) the total number of documents produced or withheld as privileged that were correctly identified as responsive; and (2) the number of unproduced reviewed documents incorrectly marked nonresponsive. For purposes of the foregoing recall calculation: (1) the total number of documents produced or withheld as privileged that were correctly identified as responsive will be calculated by multiplying the number of documents produced or withheld as privileged by the percentage of the 500 Reviewed Responsive/Produced Documents that were responsive (as determined by the SME); and (2) the unproduced reviewed documents incorrectly marked nonresponsive will be calculated by multiplying the total number of documents marked as nonresponsive by the percentage of the 500 Unproduced Reviewed Nonresponsive Documents that were incorrectly marked as nonresponsive (as determined by the SME).

13. In calculating recall, Epic shall not consider in its calculation any set of documents it reasonably expects to constitute 2% or more of documents produced that comprises (a) duplicates or near duplicates of one another; (b) documents automatically generated by the same or similar source; (c) documents automatically sent from the same or similar

sender; or (d) any other category of documents identified as responsive on a categorical basis.

14. Epic shall provide the other Parties with the recall calculations based on the Epic Validation Samples.  A recall rate of 75% as confirmed by an SME shall be considered presumptively acceptable, and if another Party believes that additional documents should be produced after a 75% recall rate is achieved and confirmed by an SME, that Party must make a detailed showing as to how the probative value outweighs the burden of further document review.  If a recall rate of 75% is not achieved, Epic shall produce documents until a further validation test adhering to the above requirements confirms that 75% recall has been achieved, unless otherwise agreed to by the Parties.

Parties Exempted from Validation

15. A Party is not obligated to conduct validation if it has conducted exhaustive linear review of every document in its document collection, which does not exceed 2500 documents.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| Dated: December 14, 2020 | CRAVATH, SWAINE & MOORE LLP<br>  Christine Varney<br>  Katherine B. Forrest<br>  Gary A. Bornstein<br>  Yonatan Even<br>  Lauren A. Moskowitz<br>  M. Brent Byars<br><br>Respectfully submitted,<br><br>By:   */s/ Yonatan Even*<br>       Yonatan Even<br><br>*Attorneys for Plaintiff Epic Games, Inc.* |
| Dated: December 14, 2020 | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP<br>  Mark C. Rifkin<br>  Rachele R. Byrd<br>  Matthew M. Guiney<br>  Brittany N. DeJong<br><br>Respectfully submitted,<br><br>By:   */s/ Rachele R. Byrd*<br>       Rachele R. Byrd<br><br>*Interim Class Counsel for Consumer Plaintiffs* |
| Dated: December 14, 2020 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>  Steve W. Berman<br>  Robert F. Lopez<br>  Shana E. Scarlett<br>  Benjamin J. Siegel<br><br>Respectfully submitted,<br><br>By:   */s/ Robert F. Lopez*<br>       Robert F. Lopez<br><br>*Interim Class Counsel for Developer Plaintiffs* |

Dated: December 14, 2020

GIBSON, DUNN & CRUTCHER LLP
Theodore J. Boutrous Jr.
Richard J. Doren
Daniel G. Swanson
Mark A. Perry
Veronica S. Lewis
Cynthia E. Richman
Jay P. Srinivasan
Ethan D. Dettmer
Eli M. Lazarus

Respectfully submitted,

By:   */s/ Jay P. Srinivasan*
        Jay P. Srinivasan

*Attorneys for Defendant Apple Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: December 15, 2020         _____

THE HONORABLE UNITED STATES
MAGISTRATE JUDGE THOMAS S. HIXSON

**E-FILING ATTESTATION**

I, Jay Srinivasan, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

        */s/ Jay P. Srinivasan*
          Jay P. Srinivasan

---

-8-
JOINT STIPULATION AND [PROPOSED] ORDER RE: VALIDATION PROTOCOL
CASE NOs. 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH; 4:20-cv-05640-YGR-TSH