Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
**HAGENS BERMAN SOBOL
  SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
tedw@hbsslaw.com

*Interim Lead Class Counsel in Cameron, et. al v. Apple Inc., Case No. 4:19-cv-03074-YGR*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR (TSH)<br><br>**DEVELOPER PLAINTIFFS' RESPONSE TO APPLE INC.'S STATEMENT IN RESPONSE TO ORDER TENTATIVELY DENYING ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE**<br><br>Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, et al.,<br>           Plaintiffs,<br><br>      v.<br><br>APPLE INC.<br>           Defendant. | Case No. 4:11-cv-06714-YGR (TSH) |
| EPIC GAMES, INC.<br>           Plaintiff, Counter-defendant<br><br>      v.<br><br>APPLE INC.<br>           Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR (TSH) |

1    Developer Plaintiffs respectfully submit this response to Defendant Apple Inc.'s Statement in
2    Response to Order Tentatively Denying Administrative Motion to Modify Case Schedule.[1]
3    In its Order Tentatively Denying Administrative Motion to Modify Case Schedule (Order),
4    the Court directed Apple to advise by January 4, 2021 whether it had produced certain transactional
5    data on or before December 31, 2020, and if not, to say when it would do so.[2]  But instead of
6    submitting the simple statement contemplated by the Order, Apple filed a six-page brief with
7    argument, a new proposal for altering deadlines, and two declarations, one of them accompanied by
8    exhibits.
9    Apple evidently seeks to re-litigate the long-running dispute between it and the Developer
10   Plaintiffs regarding the production of transactional data.  But that dispute was resolved—following
11   briefing and argument—by Magistrate Judge Hixson's recent order requiring Apple to produce the
12   data, and to include the "proceeds_reason" field as part of that production.[3] Developer Plaintiffs
13   submit this response in order to note their strong disagreement with Apple's characterization of the
14   underlying history of that dispute and to note, and refer the Court to, their prior submissions
15   outlining the facts on which the dispute was already resolved by Magistrate Judge Hixson.[4]
16   Developer Plaintiffs also write to respond to Apple's new proposals regarding scheduling
17   adjustments.  Apple suggests either moving "all the deadlines"—class-certification related, as well as
18   its trial date with Epic—eight weeks forward, which would require class certification motions to be

---

[1] Apple's "Statement" appears at *Cameron, et. al v. Apple Inc.*, N.D. Cal. Case No. 4:19-cv-03074-YGR, at Developer ECF No. 217. All citations are to the developer docket and identified as "Developer ECF No. __."

[2] Order (Developer ECF No. 203) at 3 ("[I]f Apple produces the transactional data ordered by Magistrate Judge Hixson by December 31, 2020, the briefing on the motion for class certification shall remain as ordered.  If not, the Court will grant the request and reset a briefing schedule.  Apple shall file a notice by Monday, January 4, 2021 confirming whether the production was made.  If not, Apple shall provide the Court with a date certain for the production.").

[3] *See* Discovery Order (Developer ECF No 192) at 7-8.

[4] *See, e.g.*, Joint Statement Regarding Apple's Production of Transactional Data (Developer ECF No. 147-3) and Exhibits thereto; Decl. of Benjamin J. Siegel in Supp. of Administration Mot. to Modify Case Schedule (Developer ECF No.159-4), ¶¶ 28-38 and Exhibits thereto (setting forth history of parties' transactional data negotiation).

28   DEV PLS. RESPONSE TO APPLE STATEMENT RE
     MODIFICATION OF CASE SCHEDULE - Case Nos.
     4:11-06714-YGR, 4:19-cv-03074-YGR, 4:20-cv-5640-YGR        -1-

1  filed on March 31, 2021.[5]  Alternatively, Apple suggests that the Court "defer all class-certification
2  briefing until after the Epic trial has concluded."[6]
3       The Developer Plaintiffs note that they initially moved to reschedule the class certification
4  motions deadline to April 16, 2021 (though their request was made "subject to Apple's completion of
5  data and document production by December 31, 2020").[7]  And though Apple did not complete these
6  productions by December 31, 2020, the Developer Plaintiffs continue to believe that April 16, 2021
7  is a workable deadline, provided Apple delivers both its transactional data, and separate cost data
8  that Judge Hixon has ordered produced,[8] no later than January 22, 2021.[9]  Of course, the Developer
9  Plaintiffs would expect Apple to comply with its other discovery obligations promptly as well,
10 including as to depositions and further productions of documents and data (whether addressed by
11 Judge Hixon's discovery orders or otherwise).  In the alternative, Developer Plaintiffs do not oppose
12 Apple's request that the class certification motion deadline be set for a date after the *Epic v. Apple*
13 trial is concluded.[10]
14      Developer Plaintiffs will coordinate with all parties to submit an amended pretrial schedule
15 keyed to whatever deadline the Court sets for class certification motions.
16 //
17 //
18 //
19 //
20 //

---

[5] Developer ECF No. 217 at 1.
[6] *Id.*
[7] *See* Developer ECF No. 159-3 at 1.
[8] *See* Developer ECF No. 192 at 6-7.
[9] In any event, because the cost data also are responsive to Epic's requests for production, Apple is obligated to produce those data by today, the deadline for completion of document production in *Epic v. Apple*.
[10] If the Court defers class certification briefing until after the *Epic v. Apple* trial, it nevertheless will, at the time of that trial, have Class Plaintiffs' responses to Apple and Epic's joint briefing on trial elements, legal framework, and remedies.  That *amicus* briefing is presently due two weeks after Apple and Epic's submittal.

Respectfully Submitted,

DATED: January 6, 2021           **HAGENS BERMAN SOBOL SHAPIRO LLP**

By:  */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
tedw@hbsslaw.com

Shana E. Scarlett (SBN 217895)
Benjamin J. Siegel (SBN 256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com

*Interim Lead Class Counsel in Cameron, et. al v. Apple Inc., Case No. 4:19-cv-03074-YGR*