**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., <br>     *Plaintiff*, *Counter-defendant*, <br>     v. <br> APPLE INC., <br>     *Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR-TSH |
| DONALD R. CAMERON, *et al.*, <br>     *Plaintiffs*, <br>     v. <br> APPLE INC., <br>     *Defendant*. | Case No. 4:19-cv-03074-YGR-TSH <br><br> **JOINT DISCOVERY LETTER BRIEF REGARDING COOK DEPOSITION** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom G, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  The parties in the above-captioned actions respectfully submit this joint letter brief regarding the deposition of Tim Cook, Apple's CEO.

  Counsel for Epic Games, Inc. ("Epic"), plaintiffs in *Cameron v. Apple* and *In re Apple iPhone Antitrust Litigation* (the "Class Actions", together with Epic "Plaintiffs") and Apple Inc. ("Apple", together with Plaintiffs, the "Parties") have met and conferred telephonically and exchanged correspondence in a good faith effort to resolve the outstanding disputes. The Parties have been unable to reach agreement and therefore submit this joint letter. The Parties can make additional exhibits—including the documents and testimony identified in this submission—available to the Court upon request.

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE <br> & MOORE LLP | HAGENS BERMAN <br> SOBOL SHAPIRO LLP |
| By: */s/ Lauren A. Moskowitz* <br>   Lauren A. Moskowitz | By: */s/ Robert F. Lopez* <br>   Robert F. Lopez |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| *Counsel for Epic Games, Inc.* | *Counsel for Developer Plaintiffs* |
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP | GIBSON DUNN & CRUTCHER LLP |
| By: */s/ Rachele R. Byrd*<br>Rachele R. Byrd<br>*Counsel for Consumer Plaintiffs* | By: */s/ Jay P. Srinivasan*<br>Jay P. Srinivasan<br>*Counsel for Apple Inc.* |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**Plaintiffs' Position:** Apple is trying to limit Tim Cook's deposition to four hours on the record instead of the 10 hours allotted under the Coordination Order. The Court should deny Apple's request. As a compromise, Plaintiffs ask the Court to order that Mr. Cook sit for eight hours.

**Relevant Background:** Apple and Class Plaintiffs negotiated, and the Court has entered, a Coordination Order governing the duration of depositions in the Class Actions. (*Cameron*, Dkt. 80.) Apple has insisted that the Coordination Order also governs *Epic* without modification. (10/19/20 Hr'g Tr. 22:5-8.) Whether or not that is the case, under the Coordination Order, Class Plaintiffs (even setting aside Epic) are entitled to 10 hours for each deposition jointly noticed by them under Rule 30(b)(1). (*Cameron*, Dkt. 80 ¶ 3.) The Coordination Order makes no exception to that rule, except that it "does not specify the overall time limit for deposing a person who is to testify pursuant to both Fed. R. Civ. P. 30(b)(1) and Fed. R. Civ. P. 30(b)(6)". (*Id.*)

Notwithstanding the terms of the Coordination Order, Apple has repeatedly tried to condition relevant discovery on a limitation to the length of Mr. Cook's deposition. In December 2020, in response to Plaintiffs' request that Apple add Mr. Cook as a document custodian, Apple attempted to condition adding him as a custodian on the condition that his deposition be limited to four hours. (*Epic*, Dkt. 173-14 at 1.) The Parties briefed this issue, and on December 16, 2020, the Court ruled that Apple had to make Mr. Cook a document custodian and that the length of his deposition should be addressed separately. (*Epic*, Dkt. 192 at 8.)

In January 2021, Apple again tried to tie Mr. Cook's deposition to Plaintiffs' agreement to other discovery, specifically Phil Schiller's deposition. On January 3, Plaintiffs requested 15 hours to depose Mr. Schiller in his individual capacity (Cue & Federighi Letter Brief, Ex. 6 at 3), given that there are three plaintiffs groups and Mr. Schiller is Apple's "designated . . . lead witness on App Store issues" (*Epic*, Dkt. 173-3 at 6). During the meet and confer on January 13, Apple suggested that it might be willing to make Mr. Cook available for six hours in exchange for 14 hours with Mr. Schiller. Plaintiffs stated they would consider this proposal. During a meet and confer two days later, Apple stated that it would not make the compromise it had suggested on January 13. Instead, Apple added yet another condition. This time, Apple tied Mr. Cook's deposition to an agreement on Rule 30(b)(6) testimony, even though Apple expressly stated that Mr. Cook would *not* be a designee for any of Plaintiffs' Rule 30(b)(6) topics. Rather, Apple stated it may designate Mr. Schiller for at least five and up to 12 of Plaintiffs' topics, which it was unwilling to identify. Apple's new demand, therefore, was that Plaintiffs agree that Mr. Schiller's deposition would not exceed 15 hours for *both* Rule 30(b)(1) and unspecified Rule 30(b)(6) testimony, or else Apple would object to Plaintiffs deposing *Mr. Cook* for more than four hours. Without knowing the topics for which Apple will designate Mr. Schiller, Plaintiffs cannot agree to so limit Mr. Schiller's deposition. And because Apple is unwilling to discuss Mr. Cook's deposition time without tethering it to some other concession by Plaintiffs, the Parties remain at impasse.[1]

---

[1] Plaintiffs did not "agree[] to defer letter briefing on the length of Mr. Cook's deposition" pending a "compromise once the 30(b)(6) negotiation is resolved". Plaintiffs had expected Apple to agree to the compromise it had proposed on January 13, 2021. As such, Plaintiffs had drafted the joint statement as to Messrs. Cue and Federighi without including Mr. Cook. When Apple informed Plaintiffs of the additional condition it was placing on Mr. Cook, which was unacceptable, Plaintiffs informed Apple that the parties could brief that separately but still on the same deadline and hearing set by the Court if Apple was not willing to remove the conditions.

**Argument:** The Court should order Apple to make Mr. Cook available for deposition in his individual capacity for eight hours on the record—two hours less than even the Class Plaintiffs (without Epic) are entitled to under the Coordination Order. To avoid repetition, Plaintiffs respectfully refer the Court to the legal standard for requests to limit depositions of apex witnesses in Plaintiffs' portion of the joint letter brief concerning Eddy Cue and Craig Federighi, submitted herewith. Apple cannot meet its high burden to limit Mr. Cook's deposition under this standard.

Mr. Cook has unique, highly relevant information. Plaintiffs challenge a core aspect of Apple's current business model, and Mr. Cook is personally involved as the ultimate decision-maker on critical issues. According to the former head of App Review, " ██████████████████ ██████████████████████████████████████████████████████ (Shoemaker Dep. 25:23-26:5.) For instance, Mr. Cook directly receives significant developer complaints about the App Store. (*See, e.g.*, APL-APPSTORE_04662543 (████████████████████████ ███████████████████████████ APL-APPSTORE_02024834 (Mr. Cook forwarding developer complaint and writing that "██████████████████████████ ███████); APL-APPSTORE_09123766 (Developer: "I feel like the app store now is not helping individual developers like it use [*sic*] to and is only allowing the big guys to play.").) And Mr. Cook was personally involved with the removal of Parler from the App Store just this week. (*See* https://www.cnn.com/2021/01/17/tech/tim-cook-apple-parler/index.html.)

Further, Plaintiffs are entitled to question Mr. Cook on his many relevant public statements. For example, Mr. Cook recently testified before Congress on many issues at the heart of these cases. (*See, e.g.*, https://judiciary.house.gov/uploadedfiles/competition_in_digital_markets.pdf at 342 & n.2156 (Apple's commission structure); 354-55 & n.2247 (in-app payment system); 361 & n.2297 (app review); 363 & n.2311 (competition); 372 & nn.2376-77 (App Store guideline enforcement).) And Apple relied on his testimony in opposing Epic's motions for preliminary relief. (*Epic*, Dkt. 36 at 3, 4, 6; Dkt. 73 at 3, 22.) The evidence developed since those motions casts doubt on this testimony. (*Compare* Mr. Cook Responses to Rep. Cicilline at 8, https://docs.house.gov/meetings/JU/JU05/20200729/110883/HHRG-116-JU05-20200729-QFR054.pdf ("A developer's size or prominence is not what drives support from Apple."), *with* Shoemaker Dep. 119:17-120:1 ("█████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ Apple's reliance on *Affinity Labs of Texas v. Apple, Inc.*, which involved patent infringement and general public statements that were not about the relevant patents, 2011 WL 1753982, at *2-6 (N.D. Cal. May 9, 2011), is misplaced. Here, Mr. Cook's statements are all about the reasoning that underlies the very policies challenged in these cases.

Additionally, Apple's market power in the primary market for mobile operating systems is an important issue in *Epic*. (*See, e.g.*, *Epic*, Dkt. 62, Dr. David Evans Decl. ¶¶ 31-50.) Because Mr. Cook's focus is not only on the App Store, he is better positioned to testify about competition—or lack of competition—faced by Apple in the primary market. Apple points to no evidence suggesting any "available witness[]" has greater knowledge on this topic.

Mr. Cook's testimony is also highly relevant to switching costs. Plaintiffs allege that "competition in the sale of mobile devices does not constrain Apple's power in the iOS App Distribution Market because iOS device users face substantial switching costs and lock-in to the iOS ecosystem". (*Epic*, Dkt. 1, Compl. ¶ 63.) Apple contests this point: "the question is . . . whether . . . competition

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

in the primary market . . . imposes competitive discipline on Apple. And plainly, it does." (9/28/20 Hr'g Tr. at 28:13-15; *see also* 8/24/20 Hr'g Tr. at 50:13 (Apple: "People switch all the time.").) Mr. Cook has made numerous public statements that support Plaintiffs' position. (*See, e.g.*, 3Q13 Earnings Call at 13 (Cook: "the stickiness of the [iOS] platform is huge"); 3Q14 Earnings Call at 12 (Cook: "if we get somebody to . . . buy an Apple product, the likelihood that they begin buying other Apple products that may be in different categories, or upgrading to one in that category in the future, is very high").) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Fischer Dep. 289:3-11.) As the person responsible for Apple's overall ecosystem, Mr. Cook can best explain how Apple's ecosystem—including apps, hardware, content, online services, etc.—locks in consumers.

There is no credible argument that Plaintiffs have failed to exhaust less intrusive discovery methods. Class Plaintiffs asked for Mr. Cook's documents nearly a year ago; Epic did so by at least October. Just over a month ago, this Court ordered Apple to produce Mr. Cook's documents. To date, Apple has produced fewer than 1,000 documents from Mr. Cook's files. Apple should not be permitted to leverage its own delay in production to truncate Mr. Cook's deposition. Apple has argued that Mr. Schiller is a substitute for Mr. Cook. (*Epic*, Dkt. 173-3 at 6.) But Mr. Cook is relevant because of *Mr. Cook's* statements and decisions; Mr. Schiller's post hoc explanations are irrelevant. Mr. Schiller also does not have the same breadth of Mr. Cook's knowledge of Apple's ecosystem. (And the other witnesses Apple suggests have even narrower scopes.) Moreover, as discussed in Plaintiffs' portion of the joint statement regarding Messrs. Cue and Federighi, Apple has attempted to delay Mr. Schiller's deposition to the end of the fact discovery period (and beyond) in *Epic*, which is also the deadline to serve opening expert reports in *Epic*.[2] Apple should not be allowed to use its delay to restrict Mr. Cook's deposition.

---

[2] Apple's date for Mr. Schiller's deposition is unacceptable for a host of reasons. (Cue & Federighi Letter Brief, Ex. 7.)

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**Apple's position**:  Mr. Cook is Apple's CEO with a host of responsibilities that have nothing to do with the issues in this case.  Although he would ordinarily be protected from deposition under the apex-witness doctrine, Apple has agreed to make Mr. Cook available for four hours, even though he does not possess any unique knowledge and Plaintiffs have not established that information from other Apple witnesses or through written discovery is insufficient.  Rather than accept this compromise, Plaintiffs seek even more time with Mr. Cook.

**Background:**  As Plaintiffs note, the parties have been negotiating the length of Mr. Cook's deposition for some time now, most recently in conjunction with the deposition of Phil Schiller, another of Apple's topmost executives.  The parties have been discussing deposition lengths in the context of Rule 30(b)(1) depositions, but are still working out how these lengths will be impacted to the extent that Mr. Schiller also will cover some of Plaintiffs' 30(b)(6) topics.[3]  The outcome of that discussion has been delayed due to Plaintiffs' failure for several months to serve their 30(b)(6) topics, despite repeated requests by Apple.  It was not until last week that Epic and class plaintiffs finally served their 30(b)(6) topics, which along with developer plaintiffs' topics are more than 70 in number, and which will inevitably impose undue burden on Apple.  Because of Plaintiffs' delay, the parties have not yet resolved the number of total hours for 30(b)(6) testimony or how those hours should be allocated across multiple 30(b)(1) deponents.  In light of the February 15 deadline for fact depositions, the parties are attempting to resolve these issues this week.  As a result, during a meet and confer this past Friday (January 14), Plaintiffs agreed to defer letter briefing on the length of Mr. Cook's deposition, with both sides hoping to reach a compromise once the 30(b)(6) negotiation is resolved.  The parties are not at an impasse.

Apple was therefore surprised when Plaintiffs sent their half of this joint letter on Sunday afternoon (nearly 48 hours after the Friday meet-and-confer), and demanded that Apple provide its half of the letter within 24 hours, on the afternoon of Martin Luther King, Jr. Day.  When counsel for Apple inquired as to the basis for sending such a letter in light of the parties' agreement to defer letter briefing, counsel for Epic responded that there must have been a "misunderstanding."  There is no reason to involve the Court when the parties are only a few hours apart, and Apple is confident that the parties could have reached agreement (and still could reach agreement if the Court orders a further meet and confer) in the context of other issues.  But because Plaintiffs have pressed the issue, Apple submits its position here.

**Legal Standard:**  Whether Mr. Cook should be deposed for four hours, as Apple contends, or for eight hours, as Plaintiffs contend, must be evaluated under the same legal standards as any other apex witness.  Like Plaintiffs, Apple incorporates its discussion of the legal standard for taking depositions of apex witnesses.  But one aspect of that standard bears repeating:  it is not sufficient to show merely that the proposed deponent has some knowledge *relevant* to the issues in the case.  The witness must have "unique, non-repetitive, firsthand knowledge of the facts at issue in the case."  *Groupion, LLC v. Groupon, Inc.*, No. 11-CV-870, 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012); *see also Affinity Labs of Tex. v. Apple, Inc.*, No. 09-CV-4436, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) ("Affinity misstates the standard for deposing a CEO, claiming it is sufficient to show that Mr. Jobs has 'firsthand knowledge of relevant information.'").

**Discussion:**  Plaintiffs offer four reasons why Mr. Cook is a necessary witness.  All of them fail—Plaintiffs cannot meet their burden of showing that Mr. Cook, among all other Apple employees

---

[3]  Apple does not anticipate that Mr. Cook will be responsible for any of Plaintiffs' 30(b)(6) topics.

and officers, possesses unique knowledge that *must* be obtained through his deposition. And since they are not entitled to depose him at all, Plaintiffs certainly cannot show that Apple's offer of a four-hour deposition is unreasonable.

*First*, Plaintiffs argue that Mr. Cook is relevant because he is "personally involved as the ultimate decision-maker on issues critical to Plaintiffs' cases." Yet they admit that Mr. Cook's testimony is not unique because he is only one of three individuals generally responsible for management of the App Store, along with Mr. Schiller, who is directly in charge of the App Store and who will be deposed for at least ten hours. (*See* Shoemaker Dep. 25:23–26:5.) Further, that Mr. Cook received developer complaints in the past hardly makes him "unique"—the documents Plaintiffs cite show that Mr. Cook does little more than circulate these complaints to the relevant stakeholders; like a typical apex executive, he is not substantively addressing these issues himself. (*See* APL-APPSTORE_04662543.) It strains credulity to suggest that Mr. Cook's mere receipt of developer complaints renders him a unique witness. In fact, Plaintiffs are deposing *four* other witnesses on the basis that they had "extensive interactions with developers who have been harmed by Apple's anti-competitive actions," making Mr. Cook decidedly non-unique in this respect.

*Second*, Plaintiffs urge that they are "entitled" to depose Mr. Cook about his public statements. The law does not support them—the plaintiff in *Affinity Labs* made a virtually identical argument in their effort to depose Steve Jobs. 2011 WL 1753982, at *16. The court rebuffed that contention, rejecting the theory that "a CEO's firsthand knowledge of his own public statements justifies the CEO's deposition." *Id.* (citing decision in Apple iPod antitrust litigation reaching the same conclusion). Plaintiffs try to create a conflict by citing to the testimony of Mr. Shoemaker, but to no avail—Mr. Shoemaker simply testified that ███████████████████████████████

*Third*, Plaintiffs also argue that Mr. Cook has broader knowledge beyond just the operation of the App Store, including about the competitive landscape. That may be true, but it does not render that knowledge "unique" or relevant to the issues in this case, which is focused on the App Store. That Plaintiffs have elected to focus principally on deponents who are engaged in the design or operation of the App Store does not mean that they may depose the CEO of Apple as a "catch-all" for any topics they failed to adequately cover. Plaintiffs must show that Mr. Cook's knowledge is "unique" among other available witnesses, not simply unique among the witnesses Plaintiffs have selected to depose. And even if this gambit were permissible, Plaintiffs ignore that other witnesses Plaintiffs are deposing also have knowledge beyond the operation of the App Store, including Mr. Schiller, who can testify just as well—if not better—about the competitive landscape. Moreover, Plaintiffs already have deposed Mr. Fischer, who is knowledgeable about competition in the sale of apps and among app marketplaces. Other witnesses—including Shaan Pruden, in developer relations, and Carson Oliver, a director for the App Store—also are competent to testify regarding relevant aspects of the App Store and Apple's products.

*Finally*, Plaintiffs argue that Mr. Cook's testimony is "highly relevant" to the cost of switching between platforms. Plaintiffs misstate the standard—it does not matter if an apex witness's testimony is "relevant," or even "highly relevant." The cases uniformly require that the witness's knowledge be "unique," "non-repetitive," and "firsthand." Many Apple employees and officers have views about the frequency with which customers change devices, or the likelihood of them doing so. Indeed, Plaintiffs already have deposed Apple witnesses who have testified on this subject. (*See, e.g.*, Fischer Dep. 285:25–290:12 (discussing costs of switching between Apple and

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Android devices).) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Fischer Dep. 289:7–11), that is equally true of Mr. Cook—tracking switching costs is not a part of his responsibility as CEO. To the extent Mr. Cook has made statements regarding switching costs, he is far from unique. Plaintiffs try to shore up their argument by arguing that Mr. Cook is best situated to testify on this topic because he is "responsible for Apple's overall ecosystem." Such an amorphous assertion does nothing to show that Mr. Cook's testimony is "unique," or even germane; if this assertion were sufficient, every plaintiff could insist on deposing the defendant's CEO, and therefore eviscerate the apex-witness doctrine altogether.

Separately, Plaintiffs' motion fails for the independent reason that they did not make a "solid, detailed showing" that they exhausted all other avenues of discovery. *Synthes USA, LLC v. Spinal Kinetics, Inc.*, No. 09-CV-1201, 2011 WL 811731, at *1 (N.D. Cal. Mar. 2, 2011). Plaintiffs have deposed only four witnesses so far. They have yet to depose a number of other senior Apple executives and, as noted above, the few witnesses they have deposed so far show that Mr. Cook does not possess unique information. They point to no interrogatories or RFAs in which they sought to obtain the same information through less intrusive means. And, as Plaintiffs concede, they have not yet been through Mr. Cook's documents because Apple is still producing them (due to an unrealistic discovery schedule foisted on Apple by Epic).

Despite all of the above, and in the interest of compromise, Apple has offered more than what is required under the apex doctrine by making Mr. Cook available for four hours. Plaintiffs are not entitled to those four hours, and certainly are not entitled to more unless they carry their burden to show that any knowledge Mr. Cook has which could even plausibly be described as unique and non-repetitive cannot be covered in four hours. They have made no attempt to do so—even taking their arguments at face value, Plaintiffs do not explain why more than four hours is needed to ask Mr. Cook about his public statements to Congress, or the Apple "ecosystem." For a very busy chief executive like Mr. Cook, the difference between a four-hour deposition and an eight-hour deposition is significant; it would deprive him of a half-day of productive time in the service of shareholders, consumers, developers, and everyone else in the world who relies on Apple and its products. The Court should not order Mr. Cook to sit for eight hours on the non-showing Plaintiffs make here.

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Dated: January 19, 2021                FAEGRE DRINKER BIDDLE & REATH LLP
    Paul J. Riehle

    CRAVATH, SWAINE & MOORE LLP
        Christine Varney
        Katherine B. Forrest
        Gary A. Bornstein
        Yonatan Even
        Lauren A. Moskowitz
        M. Brent Byars

Respectfully submitted,

By:            */s/ Lauren A. Moskowitz*

    Lauren A. Moskowitz
    *Attorneys for Plaintiff Epic Games, Inc.*

Dated: January 19, 2021

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
    Mark C. Rifkin
    Rachele R. Byrd
    Matthew M. Guiney
    Brittany N. DeJong

Respectfully submitted,

By:            */s/ Rachele R. Byrd*
    Rachele R. Byrd
    *Interim Class Counsel for Consumer Plaintiffs*

Dated: January 19, 2021                HAGENS BERMAN SOBOL SHAPIRO LLP
    Steve W. Berman
    Robert F. Lopez
    Shana E. Scarlett
    Benjamin J. Siegel

Respectfully submitted,

By:            */s/ Robert F. Lopez*
    Robert F. Lopez
    *Interim Class Counsel for Developer Plaintiffs*

Dated: January 19, 2021

GIBSON, DUNN & CRUTCHER LLP
Theodore J. Boutrous Jr.
Richard J. Doren
Daniel G. Swanson
Mark A. Perry
Veronica S. Lewis
Cynthia E. Richman
Jay P. Srinivasan
Ethan D. Dettmer
Eli M. Lazarus
Harry Phillips

Respectfully submitted,


By:       */s/ Jay P. Srinivasan*
          Jay P. Srinivasan
          *Attorneys for Defendant Apple Inc.*

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## **E-FILING ATTESTATION**

I, Lauren A. Moskowitz, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Lauren A. Moskowitz*
Lauren A. Moskowitz

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED