THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA   90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092;
appearance *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:   214.698.3100
Facsimile:   214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile:   202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

Attorneys for Defendant, APPLE INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, *et al.*,<br><br>　　　　　　Plaintiffs<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　　Defendant. | Case No. 4:19-cv-03074-YGR-TSH<br><br>**DECLARATION OF ETHAN DETTMER IN FURTHER SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEF REGARDING MOTION FOR SANCTIONS**<br><br>Hon. Thomas S. Hixson |

Gibson, Dunn & Crutcher LLP

DECLARATION OF ETHAN DETTMER IN FURTHER SUPPORT OF ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEF, 4:19-CV-03074-YGR-TSH

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in further support of Apple's Administrative Motion to Seal Joint Letter Brief Regarding Motion for Sanctions (Dkt. 223).

2. The request for relief is narrowly tailored and necessary to the confidentiality of information in certain documents described below.

3. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies, because the underlying dispute is non-dispositive.

4. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

DECLARATION OF ETHAN DETTMER IN FURTHER SUPPORT OF ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEF, 4:19-CV-03074-YGR-TSH

Gibson, Dunn & Crutcher LLP

5. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

6. On February 2, 2021, the Court denied Apple's Administrative Motion to Seal Joint Letter Brief Regarding Motion for Sanctions without prejudice, directing Apple to file a more narrowly tailored motion by February 9, 2021.

7. In response to the Court's order, Apple is narrowly tailoring its proposed redactions to the Joint Letter Brief to align with the information ordered sealed by the Court in connection with Apple's subsequently filed motion for sanctions, opposition, and reply.

8. Exhibits A–F have already been ordered sealed in their entirety by the Court in other orders. *See* Dkts. 216 (sealing correspondence between the parties regarding alleged breach of protective order), 237 (sealing secondary sources relied on by Developer Plaintiffs, the content of which may reveal in context the confidential information that is the subject of the motion for sanctions). Apple therefore requests that the Court afford similar treatment to the same documents in the context of this motion.

9. Apple does not seek to seal Exhibit G to the Joint Letter Brief, and is submitting an unredacted version in connection with this application for public access.

10. Apple seeks to partially seal the joint letter brief for sanctions and certain exhibits, which discuss confidential business information, as well as other information that, when viewed in context of the other arguments in the motion, could be used to deduce the content of highly confidential information regarding Apple's relationships with its business partners, including the financial details of their arrangement.

11. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016)

Gibson, Dunn & Crutcher LLP

3

DECLARATION OF ETHAN DETTMER IN FURTHER SUPPORT OF ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEF, 4:19-CV-03074-YGR-TSH

1  (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing).

12. In addition to the competitive harms posed by public availability of these documents, public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and data of its customers and developers who use Apple's technology—and keeping those efforts confidential is important to their effectiveness.

13. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court records without jeopardizing Apple's business interests.

14. Apple therefore seeks to seal or redact the joint letter brief and supporting exhibits as set forth below.

| Document | Redacted Material |
| --- | --- |
| Joint Discovery Letter Brief Regarding Motion for Sanctions | Page 3, second full paragraph<br>Page 5, third full paragraph, footnote 2<br>Page 6, first and fourth full paragraphs<br>Page 7, first full paragraph |
| Exhibits A–F | Sealed in their entirety per Dkts. 216, 237 |
| Exhibit G | Unsealed |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on February 9, 2021 at Fairfax, California.

/s/ *Ethan Dettmer*
Ethan Dettmer

Gibson, Dunn & Crutcher LLP

4
DECLARATION OF ETHAN DETTMER IN FURTHER SUPPORT OF ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEF, 4:19-CV-03074-YGR-TSH