THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, *et al.*,<br><br>            Plaintiffs<br><br>  v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 4:19-cv-03074-YGR<br><br>**DEFENDANT APPLE INC.'S STIPULATED ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS (DKT. 230)**<br><br>Hon. Thomas S. Hixson<br><br>Date:     February 18, 2021<br>Time:    8:30 A.M.<br>Location: San Francisco Courthouse<br>              450 Golden Gate Avenue<br>              Courtroom G, 15th Floor |

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS, 4:19-cv-03074-YGR-TSH

Pursuant to Civil L.R. 7-11 and 79-5, and Federal Rule of Civil Procedure 26(c), Defendant Apple Inc. ("Apple") moves the Court to seal the courtroom for the February 18, 2021 hearing on Apple's motion for sanctions (Dkt. 230) for any portion of the proceeding in which information designated by Apple as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY will be discussed. Counsel for Developer Plaintiffs have represented that they expect the hearing "will touch on information that Apple believes is Highly Confidential, as reflected in the written submissions." Dettmer Decl. Ex. A. To protect Apple's confidential information while minimizing intrusion on the public's right to view the proceedings, Apple proposes that the Court conduct as much of the hearing as is practicable in open court, and seal the proceedings only when a party or the Court advises that it intends to discuss confidential information. Given that the hearing will be conducted virtually, Apple defers to the Court regarding the most appropriate and feasible approach for sealing in a virtual environment.

Compelling reasons exist to seal the courtroom for this hearing. As the Court knows, the disclosure of confidential information in open court without adequate notice or protections is at the heart of the motion for sanctions. Although the parties disagree as to the confidentiality of the disclosed information, Apple maintains that any disclosure of that confidential information would prejudice it. Developer Plaintiffs stipulate to sealing the courtroom as set forth above. Dettmer Decl. ¶ 15.[1]

**LEGAL STANDARD**

While there is a common law right of public access to judicial proceedings, that right is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The right is weakest where, as here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing is appropriate when the information at issue constitutes "trade secret information." *Monster, Inc. v. Dolby Labs. Licensing Corp.*, No. 12-CV-2488, 2013 WL 163774, at *1 (N.D. Cal. Jan. 15, 2013); *see also*

---

[1] Developer Plaintiffs' stipulation to the requested relief is not intended to reflect their agreement to the characterization of the facts and issues as set forth in this motion.

Gibson, Dunn & Crutcher LLP

1
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS, 4:19-CV-03074-YGR-TSH

*Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information"); *France Telecom S.A.*, No. 12-CV-4967, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014) ("The non-public sales information at issue is among the types of competitively sensitive information that qualifies as a trade secret and is properly sealed at trial.").

## DISCUSSION

This Court has recognized in its past sealing orders that the information disclosed by Mr. Siegel at the December 15 hearing and referenced in the parties' submissions on the motion for sanctions should be sealed. *See* Dkt. 24. It also has recognized that the public information on which Developer Plaintiffs have relied for their argument that the confidential information was already in the public domain should be sealed, because that information, taken in context of the arguments made by Developer Plaintiffs in connection with the motion for sanctions, could itself reveal the content of the confidential information by implication. *See* Dkt. 237. Apple requests only that the Court take measures to ensure that the information remains under seal during the parties' discussion of the motion for sanctions in Court.

Developer Plaintiffs have represented to Apple that they "anticipate that [the] hearing will touch on information that Apple believes is Highly Confidential, as reflected in the written submission." Dettmer Decl. Ex. A. That presumably is a reference to Developer Plaintiffs' discussion in their opposition to the motion for sanctions of (1) Mr. Siegel's statements at the December 15 hearing that are the subject of the motion for sanctions, and (2) the public articles that form the basis for Developer Plaintiffs' argument that the challenged information was already in the public domain as of December 15. *See generally* Dkt. 260-2.

As to the first category, there is no question that if Developer Plaintiffs are wrong that the information is already in the public domain, then Mr. Siegel's statements consist of highly confidential and sensitive business information. The information disclosed by Mr. Siegel relates to the financial details of Apple's relationship with specific, named developers. The confidentiality of the terms of those relationships is important not only to Apple, but also to developers. The terms of these

2
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS, 4:19-CV-03074-YGR-TSH

Gibson, Dunn & Crutcher LLP

developers' deals with Apple are likely to be of interest to Apple's competitors and to the competitors of such developers, insofar as this information could be leveraged against either group in future business transactions or negotiations. This information is of the type ordinarily sealed in connection with non-dispositive motions. *See, e.g., Hunt v. Cont'l Casualty Co.*, No. 13-CV-5966, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing "confidential financial information"); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. 10-CV-2590, 2014 WL 4950082, at *1 (N.D. Cal. Sept. 25, 2014) (same).

As for the second category of information—public articles relied on by Developer Plaintiffs in support of their argument that the confidential information disclosed by Mr. Siegel actually is already in the public domain—discussion of those articles could, when considered in the context of the parties' other arguments, permit a member of the public to infer the content of Mr. Siegel's statement on December 15. The articles cited by Developer Plaintiffs discuss both specific percentage rates and specific developers (albeit, Apple submits, in other contexts), and a member of the public could therefore infer that it was those percentage rates and those developers that Mr. Siegel discussed in his December 15 statement. The Court has properly recognized in its prior orders that such information should be sealed, and Apple submits that similar treatment is appropriate to the extent Developer Plaintiffs intend to discuss these articles at the hearing.

Apple recognizes that sealing of the courtroom is not always appropriate even where the information to be discussed was filed under seal. But the virtual proceedings in this case permit the attendance of hundreds of legal experts, journalists, and interested members of the public. Indeed, counsel for the parties have at times had difficulty logging into the proceedings because of the number of public participants. And some members of the public, against the orders of the Court, have livestreamed or recorded the proceedings for dissemination to others not attending the proceedings themselves. Allowing confidential material to be discussed in open court in these circumstances is thus tantamount to having it filed on the docket.

To minimize restrictions on the public's access to the proceedings, Apple proposes that the Court conduct as much of the hearing as possible in open court. At the point that a party or the Court advises that it intends to discuss confidential information, the proceeding should be sealed for that

Gibson, Dunn & Crutcher LLP

3
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS, 4:19-CV-03074-YGR-TSH

portion of the discussion. A similar procedure was recently followed in *In re Macbook Keyboard Litigation*, pending in the Northern District of California before Judge Davila. *See* Administrative Motion to Seal, *In re Macbook Keyboard Litigation*, No. 18-CV-2813 (N.D. Cal. Feb. 2, 2021), ECF No. 285; Minute Entry, *In re Macbook Keyboard Litigation*, No. 18-CV-2813 (N.D. Cal. Feb. 4, 2021), ECF No. 287. As proposed here, the Court conducted the bulk of the proceedings in open court, but sealed the proceedings for an hour while the parties discussed confidential information.

Apple believes the Court is best situated to determine the mechanisms for sealing the courtroom in light of the virtual proceedings, but proposes that the Court may consider directing the parties to dial into a private Zoom meeting at the appropriate point in the hearing.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court partially seal the hearing on the motion for sanctions.

Dated: February 15, 2021    Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:    */s/ Ethan D. Dettmer*
           Ethan D. Dettmer

Attorney for Defendant Apple Inc.

4
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS, 4:19-CV-03074-YGR-TSH

Gibson, Dunn & Crutcher LLP