| | |
|---|---|
| THEODORE J. BOUTROUS JR., SBN 132099<br>  tboutrous@gibsondunn.com<br>RICHARD J. DOREN, SBN 124666<br>  rdoren@gibsondunn.com<br>DANIEL G. SWANSON, SBN 116556<br>  dswanson@gibsondunn.com<br>JAY P. SRINIVASAN, SBN 181471<br>  jsrinivasan@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA   90071-3197<br>Telephone:    213.229.7000<br>Facsimile:      213.229.7520<br><br>VERONICA S. MOYÉ (Texas Bar No. 24000092;<br>appearance *pro hac vice*)<br>  vlewis@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue, Suite 1100<br>Dallas, TX 75201<br>Telephone:    214.698.3100<br>Facsimile:      214.571.2900 | MARK A. PERRY, SBN 212532<br>  mperry@gibsondunn.com<br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>  crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: 202.955.8500<br>Facsimile:   202.467.0539<br><br>ETHAN D. DETTMER, SBN 196046<br>  edettmer@gibsondunn.com<br>ELI M. LAZARUS, SBN 284082<br>  elazarus@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105-0921<br>Telephone:    415.393.8200<br>Facsimile:    415.393.8306<br><br>Attorneys for Defendant, APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, *et al.*,<br><br>                                Plaintiffs<br><br>    v.<br><br>APPLE INC.,<br><br>                                Defendant. | Case No. 4:19-cv-03074-YGR-TSH<br><br>**DECLARATION OF ETHAN DETTMER IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS**<br><br>Hon. Thomas S. Hixson |

Gibson, Dunn & Crutcher LLP

DECLARATION OF ETHAN DETTMER IN FURTHER SUPPORT OF ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS,
4:19-CV-03074-YGR-TSH

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1.  I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Partially Seal the Courtroom for Hearing on Motion for Sanctions.

2.  In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies, because the underlying dispute is non-dispositive.

3.  Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

4.  The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF ETHAN DETTMER IN FURTHER SUPPORT OF ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS,
4:19-CV-03074-YGR-TSH

commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

5. The Court has set Apple's Motion for Sactions for hearing on February 18, 2021 at 8:30 A.M.

6. Counsel for Developer Plaintiffs have advised Apple that they expect the hearing "will touch on information that Apple believes is Highly Confidential, as reflected in the written submissions."

7. Attached as Exhibit A is a true and correct copy of the correspondence from counsel for Developer Plaintiffs.

8. The parties have thereafter negotiated in good faith to propose measures to protect the confidentiality of Apple's sensitive business information.

9. To that end, Apple is proposing that the proceedings should remain public until a party or the Court advises that it would like to discuss the confidential information that is the subject of the Motion for Sanctions, at which point the virtual "courtroom" should be sealed and the proceedings continued out of view of the public.

10. The confidential information Apple expects to be discussed at the hearing and subject to sealing is the same information sealed by the Court in connection with the Motion for Sanctions and the supporting and opposing papers.

11. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing).

12. In addition to the competitive harms posed by public availability of this information, public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and data of its customers and developers who use Apple's technology—and keeping those efforts confidential is important to their effectiveness.

3

DECLARATION OF ETHAN DETTMER IN FURTHER SUPPORT OF ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS, 4:19-CV-03074-YGR-TSH

Gibson, Dunn & Crutcher LLP

13. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's business interests.

14. Apple therefore requests that the Court partially seal the hearing on Apple's Motion for Sanctions to the extent the parties or the Court advise at any point that they intend to discuss the confidential information that is the subject of the Motion for Sanctions.

15. Developer Plaintiffs consent to the requested relief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on February 15, 2021 at Fairfax, California.

/s/ *Ethan Dettmer*
Ethan Dettmer

4

DECLARATION OF ETHAN DETTMER IN FURTHER SUPPORT OF ADMINISTRATIVE MOTION TO PARTIALLY SEAL THE COURTROOM FOR HEARING ON MOTION FOR SANCTIONS,
4:19-CV-03074-YGR-TSH