RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599
byrd@whafh.com
dejong@whafh.com

STEVE W. BERMAN (*pro hac vice*)
ROBERT F. LOPEZ (*pro hac vice*)
**HAGENS BERMAN SOBOL**
  **SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile:  212/545-4677
rifkin@whafh.com
guiney@whafh.com

SHANA E. SCARLETT (SBN 217895)
BENJAMIN J. SIEGEL (SBN 256260)
**HAGENS BERMAN SOBOL**
  **SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com

*Interim Class Counsel for the*
*Consumer Plaintiffs*

*Interim Class Counsel for the*
*Developer Plaintiffs*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | CASE NO. 4:11-cv-06714-YGR<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT** |
| DONALD R. CAMERON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 4:19-cv-03074-YGR<br><br>DATE:      March 1, 2021<br>TIME:       9:30 a.m.<br>JUDGE:    Hon. Yvonne Gonzalez Rogers<br>CTRM:     1 – 4th Floor |

Plaintiffs in the related App Store actions, including Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, and Edward Lawrence, plaintiffs in *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (collectively, "Consumer Plaintiffs"); Plaintiffs Donald R. Cameron and Pure Sweat Basketball, Inc., plaintiffs in *Cameron, et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (collectively, "Developer Plaintiffs"); and Defendant Apple Inc. ("Defendant," and with Consumer Plaintiffs and Developer Plaintiffs, the "Parties"), by and through their respective counsel, hereby submit this Further Joint Case Management Statement in advance of the March 1, 2021 Case Management Conference.

Unless otherwise stated herein, the Parties' positions on the topics discussed in the initial Joint Case Management Statements, submitted on September 30, 2019, and Further Joint Case Management Statements submitted on January 6, 2020, July 28, 2020, and October 12, 2020, remain unchanged. *See* Consumer ECF Nos. 174, 196, 216, 244; Developer ECF Nos. 54, 82, 99, 127. Per this Court's Standing Order in Civil Cases, ¶ 6, the Parties submit the following updates.

**1.     MOTIONS**

There are no pending motions at this time. However, the Parties reserve the right to file discovery-related motions with Magistrate Judge Thomas S. Hixson, as directed by the Court, should certain outstanding discovery disputes remain unresolved.

The Consumer and Developer Plaintiffs have been working diligently toward filing their respective motions for class certification by June 1, 2021, and the Parties presently anticipate filing their motions for summary judgment (if any) by the Court-ordered deadline. Apple also reserves the right to raise by motion any matters posed by new developments in the law. Consumer and Developer Plaintiffs reserve the right to object to the filing of any such motions, including as to their timing.

**2.     AMENDMENT OF PLEADINGS**

    **a.     Consumer Plaintiffs' Amendments**

On September 17, 2020, the Court entered an order granting Consumer Plaintiffs leave to file a Third Amended Complaint, which was deemed filed on that date. Consumer ECF No. 229.

Consumer Plaintiffs do not currently anticipate further amendments to their pleadings.

> **b.   Potential Amendment of Developer Plaintiffs' Complaint Relating to Foreign-Storefront-Related Transactions**

As noted in the previous Further Joint Case Management Statements, the Developer Plaintiffs and the Defendant identified a dispute relating to Apple's view that certain developer transactions "involv[e] trade or commerce with foreign nations" within the meaning of the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a ("FTAIA").

Developer Plaintiffs and the Defendant have conferred further with regard to this matter in an effort to identify a jointly acceptable accommodation in principle that would resolve the matter. Because this proposal may entail an agreed amendment of the Developer Plaintiffs' complaint, these Parties thought it best to alert the Court to this proposed resolution as they continue to work through the details.

*Developer Plaintiffs' Statement*: Developer Plaintiffs believe that further public developments and the ongoing review and analysis of Apple's productions in discovery may augur in favor of amendments to the current operative developer complaint.  The Developer Plaintiffs continue to analyze these factors, and they are doing so in view of the possible amendment referenced in the previous paragraph.  In the event the Developer Plaintiffs decide to seek to amend, they will first propose to the Defendant that it agree that the Developer Plaintiffs may file an amended complaint.  Following further analysis of this matter, which has been informed by data and document productions to-date, the Developer Plaintiffs have sent a draft stipulation to the Defendant for its review.  The Developer Plaintiffs look forward to continuing to work in good faith with Apple to determine if they can reach agreement on an agreed proposal that these Parties can submit to the Court for its consideration.

*Apple's Statement*: Developer Plaintiffs' complaint pleads no basis for claims concerning foreign transactions or for seeking discovery about such transactions.  Nor could the Complaint be amended to plead a valid basis for such claims under the FTAIA (or under California law).  As noted, however, Apple has agreed to discuss the possibility of entering into a stipulation with Developer

Plaintiffs that would defer any litigation or discovery concerning transactions through Apple's foreign storefronts. Apple remains in discussions with Developer Plaintiffs to determine if such a stipulation is feasible.

**3.   DISCOVERY**

*Plaintiffs' Statement*:

Consumer Plaintiffs served Apple with their first set of Requests for Production of Documents ("RFPs") on October 10, 2019, and Developer Plaintiffs served Apple with their first set of RFPs on October 17, 2019. Apple served responses and objections to those RFPs on November 12, 2019 and November 18, 2019, respectively.  On September 1, 2020 Consumer Plaintiffs served Apple with a second set of RFPs, and on October 1, 2020, Apple served responses and objections to those RFPs. To date, Apple has produced approximately 10 million pages in the Class Actions. On February 15, 2021 Apple stated that it had "completed its production of documents for the *Epic Games* litigation, although it continues to resolve certain third-party confidentiality responsibilities concerning a small volume of documents." It is unclear whether Apple has completed its production in the Class Actions. The Parties have met and conferred extensively, and continue to meet and confer, regarding Apple's responses and objections to Plaintiffs' RFPs. Consumer Plaintiffs and Developer Plaintiffs continue to review Apple's document production, including for purposes of identifying deficiencies.

On December 21, 2020, Consumer Plaintiffs served Apple with a first set of Requests for Admissions ("RFAs") and first set of Interrogatories. Apple served its responses and objections to Consumer Plaintiffs RFAs and Interrogatories on January 20, 2021. Consumer Plaintiffs are beginning the meet-and-confer process regarding Apple's responses and objections. As with other matters referenced in this report, if the Parties cannot resolve their differences via the meet-and-confer process, Consumer Plaintiffs will need to bring this matter to Magistrate Judge Hixson for resolution.

On December 24, 2020, Developer Plaintiffs served Apple with a first set of Interrogatories. Apple served its responses and objections to Developer Plaintiffs' Interrogatories on February 4,

2021. The Developer Plaintiffs are in the process of analyzing Apple's responses and objections. As with other matters referenced in this report, if disputes arise as to these which the Developer Plaintiffs and the Defendant cannot resolve voluntarily, Developer Plaintiffs will bring any such matters to Magistrate Judge Hixson for resolution.

There are several outstanding issues between and among the Parties, as well as other issues involving non-party discovery, including but not limited to issues involving the following: (a) Apple's failure to timely produce documents prior to witness depositions; (b) Apple's failure to designate witnesses for certain of Plaintiffs' 30(b)(6) topics; and (c) Apple's refusal to produce documents to the Plaintiffs which it has produced to governmental bodies, including the House Judiciary Committee. In light of the serious, time-sensitive nature of these matters, including longstanding disputes, Plaintiffs have provided this non-exhaustive list. They will continue to meet and confer with Apple in good faith on all open issues.

*Apple's Statement*:

Fact discovery in the Class Actions is scheduled to close 60 days after a decision on class certification. There is no requirement that document productions to the Class Plaintiffs be complete by the close of discovery in the *Epic* matter. However, Apple's document productions in the Class Actions are complete except for a limited number of documents that are expected to be produced from custodians who were not deponents in the Class Actions or the *Epic* matter (and who are not custodians in the *Epic* matter).

Apple is mindful that discovery disputes should be taken to Magistrate Judge Hixson in the first instance. The specific issues raised by Class Plaintiffs are addressed below. There are no discovery issues in this litigation that require the Court's attention at this time.

    **a.    Document review and depositions**

*Plaintiffs' Statement*:

Class Plaintiffs have taken a combined 14 depositions of current or former Apple employees and one deposition of a third-party witness. Class Plaintiffs anticipate taking additional depositions

in the coming months, including, but not limited to, the deposition of one additional former Apple employee, 30(b)(6) witnesses, and third-party witnesses.

Apple has repeatedly produced large volumes of documents from the files of witnesses after their deposition already concluded, or just before their deposition began, even though Plaintiffs repeatedly requested that Apple produce the documents sufficiently in advance of the depositions so that Plaintiffs would have time to meaningfully review them. Class Plaintiffs continue to review Apple's productions and reserve their rights to reopen the deposition of any witness whose documents were not produced sufficiently in advance of the witness's deposition.

With respect to 30(b)(6) witnesses, Apple did not provide Plaintiffs with its designations until January 24, 27, and 28, 2021. Yet, pursuant to Local Rule 30-1, the Developer Plaintiffs served Apple with a letter identifying their 30(b)(6) topics on December 24, 2020, almost a month before Apple began identifying its witnesses, and Consumer Plaintiffs served Apple with a letter identifying those of Developers' topics (and of Epic's) to which Consumers joined, as well as additional 30(b)(6) topics on January 12, 2021. Apple had no reason to believe that the Consumer Plaintiffs' (or Epic's) designations would subtract from Developers' designations; and, of course, they did not. For one witness, Apple provided the 30(b)(6) designation just four days prior to his deposition was scheduled to begin. Class Plaintiffs have been prejudiced by Apple's late designations and reserve their rights to reopen these depositions.

Apple has not designated 30(b)(6) witnesses for various topics and this failure, if not rectified very soon, will also prejudice Class Plaintiffs. As with other matters referenced in this report, if the Parties cannot resolve their differences via the meet-and-confer process, Plaintiffs will need to bring this matter to Magistrate Judge Hixson for resolution.

*Apple's Statement*:

There is no rule or agreement among the Parties requiring the production of each custodian's documents in advance of that custodian's deposition. Nevertheless, Apple endeavored to produce each custodian's documents in advance of his or her deposition. Additionally, many of the documents produced near in time to the depositions were in response to the expanded discovery

demanded by Epic—the Class Plaintiffs would not have received that discovery but for the *Epic* litigation. There is no basis for Class Plaintiffs to unilaterally reserve their "rights" to reopen depositions after the close of fact discovery.

With respect to the timing of Apple's 30(b)(6) designations—Apple's designations were not late. Developer Plaintiffs sent an informal letter on December 24, 2020 identifying 40 topics for 30(b)(6) depositions, without any coordination with the other plaintiffs. Apple sent a letter on January 1, 2021 to Consumer Plaintiffs and Epic requesting that the plaintiffs coordinate their 30(b)(6) topics, consistent with the Court's order regarding coordination of discovery. The plaintiffs did not do so, and on January 12, Consumer Plaintiffs served their own 30(b)(6) topics, with Epic's coming on January 11. Despite the lack of coordination, Apple worked diligently to respond to the numerous overlapping 30(b)(6) topics served by the plaintiffs.

Any allegation of prejudice to Class Plaintiffs from the timing of Apple's 30(b)(6) designations is flatly contradicted by the fact that Class Plaintiffs did not even formally notice their 30(b)(6) topics until January 31 and February 1, *after* Apple had already designated its witnesses.

As noted above, Apple has objected to a small number of Class Plaintiffs' 30(b)(6) topics on the ground that they are overbroad or seek information better obtained from the millions of documents and billions of lines of transactional data produced by Apple. Apple designated witness for the vast majority of Class Plaintiffs' 30(b)(6) topics.

**b.     Production of documents produced to governmental agencies**

*Plaintiffs' Statement*:

As noted in the previous Further Joint Case Management Statement, Plaintiffs have requested all documents Apple produced to governmental bodies, including the House Judiciary Committee pursuant to the Committee's September 13, 2019 letter to Apple CEO Tim Cook. The Committee's document requests are related to an investigation into competition in digital markets.[1] Apple has

---

[1]   *See* https://judiciary.house.gov/sites/democrats.judiciary.house.gov/files/documents/apple%20rfi%20-%20signed.pdf. The Committee released its "Majority Staff Report and Recommendations" on October 6, 2020. *See, e.g.*, https://int.nyt.com/data/documenttools/house-antitrust-report-on-big-

long indicated that it is willing to produce a limited set of documents it unilaterally deems relevant to this case,[2] and it has advised that it began to produce such documents with its May 7, 2020 tranche. Plaintiffs continue to seek production of all such requested documents, including documents that Apple has produced to the European Commission as part of the Commission's recently announced investigation into Apple's practices. Apple has objected to producing any documents concerning investigations by foreign governments or regulatory bodies. Nor has Apple indicated that it will produce even any additional documents that were cited in the House Judiciary committee's Majority Staff Report and Recommendations, which was released on October 6, 2020, though the report addresses many App Store-related issues. As with other matters referenced in this report, if the Parties cannot resolve their differences via the meet-and-confer process, Plaintiffs will need to bring this matter to Magistrate Judge Hixson for resolution.

*Apple's Statement*:

In response to Class Plaintiffs' document requests, Apple agreed to produce documents produced to the House Judiciary Committee that are relevant to the claims and defenses at issue in this litigation. Apple identified the categories of documents requested by the Committee that are relevant in a June 10, 2020 email, and in the intervening eight months, Plaintiffs have not taken any dispute on this issue to Magistrate Judge Hixson. In the meantime, Apple has produced the documents it agreed to produce.

**c.  Discovery from non-party recipients of document request subpoenas**

*Plaintiffs' Statement:*

The Parties have served document subpoenas on various third parties, and production and meet-and-confers are ongoing. Further meet-and-confers may also be necessary. Consumer Plaintiffs and Developer Plaintiffs anticipate serving additional third-party subpoenas.

/ / /

/ / /

---

tech/b2ec22cf340e1af1/full.pdf (last accessed Oct. 8, 2020).
[2] Apple and Plaintiffs have not yet agreed as to the scope of Apple's production.

*Apple's Statement*:

Apple reserves all rights with respect to the service of and response to document subpoenas of third parties.

**d.     Data discovery**

*Plaintiffs' Statement*:

Apple shipped its transactional data to Plaintiffs on January 15, 2021. Plaintiffs' experts continue to analyze the data in preparation for Plaintiffs' upcoming motions for class certification.

On Feb. 11, 2021, counsel for Class Plaintiffs (and Epic) deposed an Apple 30(b)(6) witness with regard to certain questions regarding, among other topics, Apple's transactional data, including the production referenced above. Analysis of the data, in conjunction with Apple's deposition testimony and other representations, is ongoing. One apparent deficiency in Apple's data production is that (with minor exceptions), it inexplicably does not include any transactions post-dating October 1, 2019, which is more than fifteen months prior to the date on which the data were produced. As Apple knows, the actions, policies, and practices of which the Class Plaintiffs complain are ongoing. Thus, for example, the Developer Plaintiffs' RFP No. 69, seeking transactional documents and data, specifies that the Developer Plaintiffs request covered material for the period "from YOUR App Store's inception through the date of judgment in this matter." Consumer Plaintiffs' RFP No. 47 likewise seeks transactional data "through the date of judgment in this matter." Throughout the lengthy meet-and-confer process regarding these RFPs, Apple never once objected to producing transactions post-dating October 1, 2019, nor did Apple indicate at any point that it would arbitrarily limit its data production in this fashion. To the extent Apple mentioned a "collection cut-off date of September 30, 2019," it did so in boilerplate objections to a separate Consumer Plaintiff RFP (RFP No. 53) that has nothing to do with Apple's transactional data or the RFPs requesting its production.[3] Class Plaintiffs may identify further deficiencies as their analysis of the transactional data proceeds.

---

[3]  When Apple attempted to impose its own arbitrary collection cut-off date of September 30, 2019 to the documents requested by Consumer Plaintiffs' RFP No. 53, Consumer Plaintiffs objected in an October 21, 2020 meet-and-confer letter that "Apple cannot unilaterally pick a document collection cut-off date." Furthermore, Magistrate Judge Hixson ultimately ordered Apple to produce

1   As with other matters referenced in this report, if the Parties cannot resolve any differences via the meet-and-confer process, Plaintiffs will need to bring them to Magistrate Judge Hixson for resolution.

*Apple's Statement*:

After many months of Class Plaintiffs changing and expanding their requests for transactional data, Magistrate Judge Hixson brought finality to the parameters of Apple's transactional data production. Apple worked to produce that data as quickly as it could, beating its estimated production date by a week. This data (and Apple documents) were gathered in accordance with "Apple's collection cut-off date of September 30, 2019," which cut-off was stated in Apple's amended responses to Consumer Plaintiffs' second set of Requests for Production on November 2, 2020. This is a logical collection cut-off because it is the date of Developers' consolidated complaint, and discovery into later activities and transactions is not relevant or proportional to Developers' claims (or to Consumers' claims, which were first filed in 2011). Class Plaintiffs have all of the data they need to litigate their motions for class certification; another year of data will not add anything. Moreover, at Plaintiffs' request, Apple produced two samples—one consisting of 100,000 records, and another of 100 million records of data—in order to provide predictability and transparency about what the final production would contain. Neither of those samples contained data from after the collection cut-off date of September 2019. Plaintiffs never raised this issue as a concern in the extensive discussions between the parties following production of these samples. It is too late to do so now.

**4.   SETTLEMENT AND ADR**

The Parties mediated before the Hon. Layn Phillips (U.S.D.J. Ret.) on June 30, 2020. Certain follow-up discussions have occurred. The Parties have been unable to resolve either matter thus far; however, the Parties expect to continue to engage in further settlement discussions as appropriate.

**5.   RELATED CASES**

On August 19, 2020 the Court related *Epic Games, Inc. v. Apple Inc.*, N.D. Cal. No. 20-cv-

---

documents responsive to RFP No. 53 and did not limit Apple's production to documents dated prior to Apple's arbitrary September 30, 2019 cut-off.

1 | 05640, to the Developer case.  Developer ECF No. 107.

2 | On November 2, 2020, the Court related *Pistacchio v. Apple Inc.*, N.D. Cal. No. 3:20-cv-
3 | 0734, to the Consumer case.  Consumer ECF No. 260.

4 | On January 8, 2021, the Court related *SaurikIT, LLC v. Apple Inc.*, N.D. Cal. No. 20-cv-
5 | 08733, to the Consumer case.  Consumer ECF No. 359.

| | |
|---|---|
| Dated:  February 22, 2021 | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP<br>    Mark C. Rifkin<br>    Rachele R. Byrd<br>    Matthew M. Guiney<br>    Brittany N. DeJong<br><br>By: */s/ Rachele R. Byrd*<br>    Rachele R. Byrd<br>    750 B Street, Suite 1820<br>    San Diego, CA 92101<br>    Telephone:  619.239.4599<br><br>*Interim Class Counsel for the Consumer Plaintiffs* |
| Dated:  February 22, 2021 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>    Steve W. Berman<br>    Robert F. Lopez<br>    Shana E. Scarlett<br>    Benjamin J. Siegel<br><br>By: */s/ Steve W. Berman*<br>    Steve W. Berman<br>    1301 Second Avenue, Suite 2000<br>    Seattle, WA 98101<br>    Telephone:  206.623.0594<br><br>*Interim Class Counsel for the Developer Plaintiffs* |
| Dated:  February 22, 2021 | GIBSON, DUNN & CRUTCHER LLP<br>    Theodore J. Boutrous Jr.<br>    Richard J. Doren<br>    Daniel G. Swanson<br>    Mark A. Perry<br>    Veronica S. Lewis<br>    Cynthia E. Richman<br>    Jay P. Srinivasan<br>    Ethan D. Dettmer<br>    Eli M. Lazarus<br>    Harry R. S. Phillips |

By: */s/ Cynthia E. Richman*
Cynthia E. Richman
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8234

*Attorneys for Defendant Apple Inc.*

### ECF SIGNATURE ATTESTATION

In accordance with Local Rule 5-1, the filer of this document hereby attests that the concurrence of the filing of this document has been obtained from the other signatories hereto.

Dated:  February 22, 2021         */s/ Rachele R. Byrd*
                                  RACHELE R. BYRD

26720v6