**FILED**

Feb 23 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD R. CAMERON, et al.,

          Plaintiffs,

     v.

APPLE INC.,

          Defendant.

Case No.  19-cv-03074-YGR   (TSH)

**ORDER SEALING HEARING**

Re: Dkt. No. 286

The Court is scheduled to have a hearing on March 4, 2021 at 10:00 a.m. concerning Apple's motion for sanctions.  In the motion, Apple argues that one of the Developer Plaintiffs' counsel improperly discussed Highly Confidential – Attorneys Eyes Only information in a prior, public hearing in this case.  Apple has now filed a motion to partially seal the March 4 hearing, so that its allegedly confidential information is not again repeated in the public record.  Apple proposes that as much of the hearing as possible be conducted in public, and only those portions discussing Apple's allegedly confidential information be conducted under seal, observing that a similar procedure was recently followed in 18-cv-2813.  ECF No. 286.

The Court appreciates the narrow tailoring of Apple's motion, but the request for *ex ante* partial sealing is impractical.  Unlike the recent hearing on class certification and *Daubert* motions in 18-cv-2813, the only motion the parties will be arguing on March 4 is a sanctions motion, whose sole basis is the claimed disclosure of confidential information.  The biggest issue in dispute is whether the information is confidential at all.  Discussion of the allegedly confidential material will pervade the hearing.  Further, one of Plaintiffs' arguments for why the information is not, in fact, confidential is that it was disclosed in public news reports.  But any discussion of the public news reports and what they disclose seems highly likely to imply what the allegedly

confidential information was, since that's the whole point of bringing up the public news reports in the first place.  If the Court conducts any portion of the hearing in public, the parties will be hesitant to say anything of substance – Apple because it won't want to disclose its allegedly confidential information, and the Developer Plaintiffs because they won't want Apple to file another sanctions motion against them.  Under the circumstances, the Court orders that the March 4, 2021 hearing be conducted under seal in its entirety (at least as of the time of the hearing; but see below).  For hearings being conducted virtually, that means conducting them via Zoom meeting instead of Zoom webinar.  The Court orders the parties to email the undersigned's Courtroom Deputy by noon on March 3, 2021 with the names and email addresses of counsel who will be attending the hearing so that a Zoom meeting invite can be sent out.

Further, to ensure that the sealing remains narrowly tailored, after the hearing is completed, the Court orders Apple to order a copy of the transcript and then file a motion to seal the specific portions of the transcript that refer to confidential information.  In other words, the partial sealing will be conducted *ex post* instead of *ex ante*.

**IT IS SO ORDERED.**

Dated: February 23, 2021

THOMAS S. HIXSON
United States Magistrate Judge