THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA   90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092;
appearance *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:    214.698.3100
Facsimile:    214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile:   202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

Attorneys for Defendant, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 4:19-cv-03074-YGR-TSH <br><br> **DECLARATION OF JAY SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL PORTIONS OF TRANSCRIPT OF MARCH 4, 2021 PROCEEDING** <br><br> Hon. Thomas S. Hixson |

Gibson, Dunn & Crutcher LLP

DECLARATION OF JAY SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL PORTIONS OF
TRANSCRIPT OF MARCH 4, 2021 PROCEEDING,
4:19-CV-03074-YGR-TSH

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Seal Portions of the Transcript of the March 4, 2021 Proceeding.

2. In determining whether to seal documents, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). The less-restrictive good cause standard applies here because the underlying dispute is non-dispositive.

3. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

4. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See*, *e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

2
DECLARATION OF JAY SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL PORTIONS OF TRANSCRIPT OF MARCH 4, 2021 PROCEEDING,
4:19-CV-03074-YGR-TSH

Gibson, Dunn & Crutcher LLP

commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

5. During the March 4, 2021 hearing, Apple presented arguments that described and disclosed confidential information and trade secrets that, it believed, had been revealed by Mr. Siegel's public statements.

6. The public disclosure of such information would cause Apple and its business partners economic harm and put them at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing).

7. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's and its partners' business interests.

8. Apple therefore requests that the Court seal the portions of the transcript of the March 4, 2021 hearing that Apple has identified.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on March 25, 2021 at Los Angeles, California.

/s/ *Jay P. Srinivasan*
Jay P. Srinivasan

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF JAY SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL PORTIONS OF TRANSCRIPT OF MARCH 4, 2021 PROCEEDING,
4:19-CV-03074-YGR-TSH