THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue Los Angeles, CA
90071 Telephone: 213.229.7000 Facsimile:
213.229.7520
VERONICA S. MOYÉ (Texas Bar No.
24000092; *pro hac vice*)
vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W. Washington,
DC 20036 Telephone: 202.955.8500 Facsimile:
202.467.0539
ETHAN D. DETTMER, SBN 196046
edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR |
| DONALD R. CAMERON, et al., Plaintiffs, v. APPLE INC. Defendant. | No. 4:19-cv-03074-YGR  **DEFENDANT APPLE INC.'S OPPOSITION TO CONSUMER PLAINTIFFS' ADMINISTRATIVE MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDERS**  The Honorable Yvonne Gonzalez Rogers |
| EPIC GAMES, INC., Plaintiff, v. APPLE INC., Defendant. | No. 4:20-cv-05640-YGR-TSH |

Defendant Apple Inc.'s Opposition to Consumer Plaintiffs' Administrative Motion for Entry
of Supplemental Protective Orders
Case Nos.: 11-cv-06714-YGR; 19-cv-3074-YGR; 20-cv-05640-YGR

On April 30, 2021, Consumer Plaintiffs filed a Motion for Entry of Supplemental Protective Orders for four app developers: The Walt Disney Company ("Disney"), Electronic Arts Inc. ("EA"), Niantic, Inc. ("Niantic"), and Zynga Inc. ("Zynga"). While these proposed supplemental protective orders are similar to the supplemental protective orders this Court entered with respect to Spotify USA Inc. ("Spotify") and Alphabet Inc./Google LLC ("Google"), the supplemental protective orders filed by Consumer Plaintiffs contain a material omission from the Spotify supplemental protective order. Namely, they remove a limited exception that allows designated in-house counsel to review materials to the extent that information is incorporated in and necessary to a Party's work product that is to be filed or served in connection with the litigation (the "Designated IHC Exception").

Paragraph C(2)(b) of the Spotify supplemental protective order provided a limited exception for Designated House Counsel to view information and documents marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." This narrow exception, reproduced below, is necessary for in-house counsel to participate in trial strategy and only comes in to play where the information at issue has been incorporated into and is necessary to work product to be filed or served in litigation.

> "Unless otherwise ordered by the Court or permitted in writing by [Third Party], a Party may disclose any information or item designated "[THIRD PARTY] HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to: Designated House Counsel of the Party, but only in the event that (i) information designated "[THIRD PARTY] HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is incorporated into and necessary to a Party's work product that is to be filed or served in these Litigations; (ii) the Party discloses to [Third Party] the relevant excerpts from the work product that include the information designated "[THIRD PARTY] HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and job title the Designated House Counsel with whom such work product will be shared for the purpose of reviewing and approving the work product in advance of filing or service; and (iv) [Third Party] provides consent to the disclosure, which shall not unreasonably be withheld." Consumer Action, Dkt. 407.

Failing to include this narrowly-tailored exception renders the supplemental protective orders highly prejudicial to Apple.

Apple met and conferred with counsel for the Consumer Plaintiffs and highlighted this change from the Spotify supplemental protective order.  Since Consumer Plaintiffs do not have in-house counsel, they take no position on whether the Designated IHC Exception is included in the supplemental protective orders.  Apple also raised this issue with the four third-parties.  Zynga and Niantic[1] have agreed to include the Designated IHC Exception in their supplemental protective orders.  Attached as Exhibits A and B are supplemental protective orders for Zynga and Niantic which have been agreed to by Zynga and Niantic.  Consumer Plaintiffs also consent to entry of these revised supplemental protective orders.  Disney and EA have not agreed to add the Designated IHC Exception.  Apple, therefore, opposes the entry of these supplemental protective orders and requests that the Court only enter supplemental protective orders for Disney and EA if they contain a Designated IHC Exception.  For the Court's convenience, Apple has provided the Court with supplemental protective orders for these parties with the IHC Exception language included.  Exhibit C is a redline version showing the change proposed for the Disney supplemental protective order; Exhibit D is a clean version of the Disney supplemental protective order.  Exhibit E is a redline version showing the change proposed for the EA supplemental protective order; Exhibit F is a clean version of the EA supplemental order.

With respect to Disney and EA, Apple does not believe that supplemental protective orders are necessary.  The Court has already entered Protective Orders in *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (the "Consumer Action"), *Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR (the "Developer Action") and *Epic Games, Inc. v. Apple Inc.*, No. 4:20- cv-05640-YGR-TSH (the "Epic Action").  Those Protective Orders, which were the result of substantial negotiations between the parties, apply equally to third-party productions. *See e.g.,* Case No. 20-cv-05640-YGR, Dkt. 112 ("The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY

---

[1] Niantic also requested certain changes to the supplemental protective order that were included in the Zynga proposed supplemental protective order that the Consumer Plaintiffs proposed, including that Niantic's documents would not be produced in the *Epic* action and that Developer Plaintiffs would provide notice in the event that named plaintiffs are added to the Developer Plaintiffs (to which Developers do not object).

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.").  In addition, the Court has already held that these Protective Orders are sufficient to protect the confidentiality of third-party documents deemed competitively sensitive.  *See, e.g.,* Case No. 11-cv-06714-YGR, Dkt. 242 at 22 n.4 (finding that "[f]or the documents the Court orders [third-party] Samsung to produce, the existing protective order is sufficient."); Case No. 4:11-cv-06714, Dkt. 418 at 6 (finding that the "protective orders in these actions allow [third-party] Valve to designated documents confidential or highly confidential to address competitive concerns, and that protection is sufficient.").

Apple has acceded to supplemental protective orders for Spotify and Google (and now Niantic and Zynga), but believes these supplemental protective orders should be the exception rather than the rule.  At least twelve third-parties have already produced documents in response to subpoenas issued in connection with the Consumer, Developer, and Epic actions without supplemental protective orders.  Moreover, in addition to the four supplemental protective orders at issue here, Consumer Plaintiffs have contacted Apple regarding two more third parties seeking supplemental protective orders.  It is unwieldy and unnecessary for each third party to individually negotiate and file a supplemental protective order beyond the substantial protections already provided by the Protective Orders in the Consumer Action, the Developer Action, and the Epic Action.  In addition, to the extent that the Court enters supplemental protective orders, having a standard supplemental protective order is the most efficient from a manageability perspective.

For the above reasons, Apple respectfully requests that the Court enters the supplemental protective orders for Zynga and Niantic submitted herewith.  Apple further requests that if the Court enters supplemental protective orders for Disney and EA that those proposed supplemental protective orders include the limited Designated IHC Exception to allow Apple attorneys to participate in trial strategy.

| | |
|---|---|
| DATED: May 5, 2021 | GIBSON, DUNN & CRUTCHER LLP |
| | By: */s/ Ethan D. Dettmer* |
| | Theodore J. Boutrous, Jr.<br>Richard J. Doren<br>Daniel G. Swanson<br>Veronica S. Lewis<br>Cynthia E. Richman<br>Jay P. Srinivasan<br>Ethan D. Dettmer<br>Eli M. Lazarus |
| | *Attorneys for Defendant Apple Inc.* |