1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, a California resident; PURE SWEAT BASKETBALL, INC., an Illinois corporation; and BARRY SERMONS, a Georgia resident, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No.  4:19-cv-03074-YGR<br><br>**DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP REGARDING THE PROPOSED NOTICE PROGRAM** |

DECLARATION OF STEVEN WEISBROT

I, Steven Weisbrot, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.

2.      I am fully familiar with the facts contained herein based upon my personal knowledge.

3.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.

5.      I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.      Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

7. My notice work comprises a wide range of class actions that include data breach, mass disasters, product defect, false advertising, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8. I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9. By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members. The executive profiles as well as the company overview are available at https://www.angeiongroup.com/our_team.php.

10. As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

11. This declaration will describe the Notice Program that, if approved by the Court, we will implement in this matter, including the considerations that informed the development of the plan and why we believe it will provide due process to the Class. In my professional opinion and that of my team, the Notice Program described herein is the best practicable notice under the circumstances and fulfills all due process requirements, fully comporting with Fed. R. Civ. P. 23 and the Northern District's Procedural Guidance for Class Action Settlements

## <u>OVERVIEW OF THE NOTICE PROGRAM</u>

12. The proposed Notice Program provides individual direct notice to all reasonably identifiable Settlement Class Members via email and mail, combined the creation of a dedicated website and toll-free telephone line where Settlement Class Members can learn more about their rights and options pursuant to the terms of the Settlement.

**DIRECT NOTICE**

13.     Angeion has been advised that it will be provided with contact information, including email and mailing addresses, for all or nearly all of the approximately 67,000 Settlement Class Members. The direct notice effort in this matter will consist of sending individual notice via email and mail to the Settlement Class Member email addresses and US Postal addresses that will be provided to Angeion.

**Email Notice**

14.     As an initial matter, Angeion designs the email notice to avoid many common "red flags" that might otherwise cause a potential Settlement Class Member's spam filter to block or identify the email notice as spam.  For instance, Angeion does not include attachments to the email notice because attachments are often interpreted by various Internet Service Providers ("ISP") as spam.  Rather, in accordance with industry best practices, Angeion includes a link to all operative documents so that Settlement Class Members can easily access this information.

15.     Angeion will employ additional methods to help ensure that as many Settlement Class Members as possible receive notice via email. Specifically, prior to distributing email notice, Angeion will engage in an email updating process to help ensure the accuracy of recipient email addresses. Angeion also reviews email addresses for mis-transcribed characters and performs other hygiene, as appropriate.

16.     Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt.  Therefore, after the initial noticing campaign is complete, Angeion, after an approximate 24-72-hour rest period, which allows any temporary block at the ISP level to expire, causes a second round of email noticing to continue to any email addresses that were previously identified as soft bounces and not delivered.  In our experience, this minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

17.     At the completion of the email campaign, Angeion will report to the Court concerning the rate of delivered emails accounting for any emails that are blocked at the ISP level. In short, the Court will possess a detailed, verified account of the success rate of the entire direct

email notice campaign.

**Mailed Notice**

18.     Angeion will cause a postcard notice ("Postcard Notice") of the Settlement to be mailed to each Settlement Class Member for whom Angeion is provided with a physical mailing address. The postcard notice will be sent via the United States Postal Service ("USPS") first-class mail, postage prepaid.

19.     In administering the Notice Program in this action, Angeion will employ the following best practices to increase the deliverability rate of the mailed Notices. Angeion will cause the mailing address information for members of the Settlement Class to be updated utilizing the National Change of Address ("NCOA") database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS.

20.     Notices returned to Angeion by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS and the class member database will be updated accordingly.

21.     Notices returned to Angeion by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses.

22.     For any Settlement Class Members where a new address is identified through the skip trace process, the class member database will be updated with the new address information and a Notice will be re-mailed to that address.

<u>**RESPONSE MECHANISMS**</u>

23.     The Notice Program will also implement the creation of a case-specific Settlement Website, where Settlement Class Members can easily view general information about this class action, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement.  The Settlement Website will be designed to be user-friendly and make it easy for Settlement Class Members to find information about the Settlement and will also have a "Contact

Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address.

24.     Using a tool displayed prominently on the Settlement Website, Settlement Class Members will be able to determine the Settlement payment tier to which they are assigned prior to submitting their personalized Claim Form directly on the Settlement Website. Settlement Class Members will be provided with a unique claimant code via the mail and email notice which they can use to view a pre-populated Claim Form that is streamlined for ease of submission.

25.     Settlement Class Members will have the ability to download the Class Notice, Email Notice, Postcard Notice, and Claim Form from the Settlement Website. Copies of the Class Notice, Email Notice, Postcard Notice, and Claim Form are attached hereto as **Exhibits B, C, D, and E**, respectively.

26.     A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class Members of the rights and options in the Settlement.  The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week.  Settlement Class Members will be able to request a Class Notice or Claim Form be mailed to them via the hotline.

## PLAIN LANGUAGE NOTICE DESIGN

27.     The proposed Notice forms used in this matter are designed to be "noticed," reviewed, and by presenting the information in plain language, understood by members of the Settlement Class. The design of the notices follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The notice forms contain plain-language summaries of key information about the rights and options of members of the Settlement Class pursuant to the Settlement. Consistent with normal practice, prior to being delivered and published, all notice documents will undergo a final edit for accuracy.

28.     Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language."  Angeion Group maintains a strong commitment

to adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to members of the Settlement Class in plain language.

## ESTIMATED NUMBER OF CLAIM SUBMISSIONS

29.      While actual claim rates may vary, for purposes of Angeion's cost estimate, we assumed there will be an approximate 35% claims filing rate. The estimated 35% claims filing rate is based on comparisons to similar settlements as well as other factors, including: the comprehensive direct notice efforts via email and mail to Settlement Class Members; the supplemental state-of-the-art media notice and reminder notice efforts; the simplicity of the Claim Form and claim submission process; and the anticipated earned media that this Settlement will garner.

## PAYMENT OPTIONS

30.      The parties propose giving claimants several digital payment options such as PayPal, Venmo and a Virtual Prepaid Card, which will provide Settlement Class Members with convenient access to their settlement funds while greatly reducing the transaction costs associated with mailing paper checks. However, claimants will also have the option to request payment in the form of a paper check.

## NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

31.      Within ten (10) days of the filing of the Settlement Agreement with this Court, Angeion will cause notice to be disseminated pursuant to the requirements of 28 U.S.C. §1715.

## CONCLUSION

32.      The Notice Program outlined above provides for direct notice, at least once, but in many cases, twice, to all reasonably identifiable Settlement Class Members via email and mail.  The Notice Program further provides for the creation and implementation of a dedicated Settlement Website and toll-free hotline to further inform Settlement Class Members of their rights and options pursuant to the terms of the Settlement.

33.      The estimated cost for this notice and administration is anticipated to be $125,000, however the actual costs will depend on numerous factors such as the quality of the data received, the claims rate, any additional outreach to class members, changes to the scope of the engagement

and whether a second distribution will be undertaken.

34.    It is my opinion, based on my expertise and experience, and that of my team, that the methods of notice outlined herein will provide full and proper notice to Settlement Class Members before any applicable deadlines, and that the Notice Program is the best notice that is practicable under the circumstances and fully comports with due process, Fed. R. Civ. P. 23, and the Northern District's Procedural Guidance for Class Action Settlements.  After the Notice Plan has concluded, Angeion will provide a final report verifying its effective implementation.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 26, 2021

*/s/ Steven Weisbrot*
STEVEN WEISBROT

# EXHIBIT A



# INNOVATION
## IT'S PART OF OUR DNA

class action  |  mass tort  |  legal noticing  |  litigation support



Changing the Rules

# Judicial Recognition

©  Angeion Group, LLC

# JUDICIAL RECOGNITION



### IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION
**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021):  Angeion undertook a comprehensive notice campaign…The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

### IN RE: GOOGLE PLUS PROFILE LITIGATION
**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members…

### NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION
**Case No. CV03-20-00831, CV03-20-03221**

The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it…The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

### IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION
**Case No. 3:20-cv-00812**

The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

### IN RE: PEANUT FARMERS ANTITRUST LITIGATION
**Case No. 2:19-cv-00463**

The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program…constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

# JUDICIAL RECOGNITION



***BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.***

**Case No. 2:19-cv-13554**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

***IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION***

**Case No. 2:19-mn-02886**

The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020):  The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

***ADKINS ET AL. v. FACEBOOK, INC.***

**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020):  Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

***IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION***

**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020):  The Court finds and determines that mailing the Summary Notice  and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

***MARINO ET AL. v. COACH INC.***

**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of

the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### BROWN v. DIRECTV, LLC
### Case No. 2:13-cv-01170

The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

### IN RE: SSA BONDS ANTITRUST LITIGATION
### Case No. 1:16-cv-03711

The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

### KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.
### Case No. 4:18-cv-00430

The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020):  The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

### HESTER ET AL. v. WALMART, INC.
### Case No. 5:18-cv-05225

The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

# JUDICIAL RECOGNITION



### *CLAY ET AL. v. CYTOSPORT INC.*
### Case No. 3:15-cv-00165

The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020): The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *GROGAN v. AARON'S INC.*
### Case No. 1:18-cv-02821

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020): The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

### *CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*
### Case No. D-202-CV-2001-00579

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

### *SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*
### Case No. 4:16-cv-02200

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020): Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total

Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC
### Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### CORCORAN, ET AL. v. CVS HEALTH, ET AL.
### Case No. 4:15-cv-03504

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United

States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

## *PATORA v. TARTE, INC.*
**Case No. 7:18-cv-11760**

The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

## *CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.*
**Case No. 2:16-cv-00633**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

## *CORZINE v. MAYTAG CORPORATION, ET AL.*
**Case No. 5:15-cv-05764**

The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

## *MEDNICK v. PRECOR, INC.*
**Case No. 1:14-cv-03624**

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019):  Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including



individual email and mail notice to all Class Members who could be identified through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

### *GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.*
**Case No. 1:18-cv-20048**
The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### *ANDREWS ET AL. v. THE GAP, INC., ET AL.*
**Case No. CGC-18-567237**
The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### *COLE, ET AL. v. NIBCO, INC.*
**Case No. 3:13-cv-07871**
The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this…, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

### *DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.*
**Case No. 1:14-cv-14744**
The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.



***IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION***

**Case No. 3:17-md-02777**

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice...practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

***RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY***

**Case No. 1:15-cv-04519**

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

***MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.***

**Case No. 7:16-cv-06981**

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby

products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

### IN RE: OUTER BANKS POWER OUTAGE LITIGATION
### Case No. 4:17-cv-00141

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

### GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.
### Case No. 7:13-cv-03073

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### HALVORSON v. TALENTBIN, INC.
### Case No. 3:15-cv-05166

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.



# JUDICIAL RECOGNITION

**IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION**
**MDL No. 2669/Case No. 4:15-md-02669**

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

**TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.**
**Case No. 1:15-cv-00912**

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

**IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**
**Case No. 1:14-md-02583**

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

# JUDICIAL RECOGNITION



### *ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC*
**Case No. 384003V**

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. ***I think the notice provisions are exquisite*** [emphasis added].

### *IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION*
**Case No. 2:08-cv-00051**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class   mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

### *FENLEY v. APPLIED CONSULTANTS, INC.*
**Case No. 2:15-cv-00259**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of ***the efforts of Angeion were highly successful and fulfilled all of those requirements*** [emphasis added].

### *FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.*
### Case No. 1:15-cv-08372

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016): The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

### *IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION*
### MDL No. 2001/Case No. 1:08-wp-65000

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016): The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

### *SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.*
### Case No. 2:09-cv-08394

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016): The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### *FERRERA, ET AL. v. SNYDER'S-LANCE, INC.*
### Case No. 0:13-cv-62496

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016): The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court

finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

### IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION
**MDL No. 2328/Case No. 2:12-md-02328**

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014):  To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.
**Case No. 0:13-cv-61747**

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

### OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.
**Case No. 3:14-cv-00645**

The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Are A U.S. iOS App Developer
## You Could Get a Payment from a Settlement with Apple

*A court authorized this notice.  This is not a solicitation.*

- A settlement has been reached with Apple Inc. ("Apple") in an antitrust class action lawsuit brought by U.S. app developers about Apple's App Store.  The lawsuit alleged that Apple monopolized (or attempted to monopolize) an alleged iOS app and in-app product distribution services market in violation of U.S. and California antitrust laws.  Apple denies all allegations and is entering into this settlement to avoid burdensome and costly litigation and to provide additional assistance to the small app developer community. The Settlement is not an admission of wrongdoing by Apple.

- You are a "Settlement Class Member" if you are a former or current U.S. Developer of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iOS App Store that earned, through all Associated Developer Accounts, Proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which you had a Developer Account from 2015 to 2021.  For class definition purposes, the 2015 calendar year shall consist of June 4, 2015 through December 31, 2015.  The 2021 calendar year shall consist of January 1, 2021 through April 26, 2021, the last date in 2021 for which there are available developer transactional data as produced in this Action.  The criteria to be a "Settlement Class Member" are defined more fully in the answers to Question 4 below.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **STAY IN THE CLASS AND FILE A CLAIM**<br><br>**DEADLINE:** _____ | A $100 million Small Developer Assistance Fund will be established as a result of this settlement.  If you received an email or mail notification from the Settlement Administrator about this lawsuit, that means that Apple has determined from its records that you may be a Settlement Class Member and may be entitled to a cash payment from the Small Developer Assistance Fund.  To claim a settlement benefit, you must submit a timely and valid Claim Form via http://smallappdeveloperassistance.com or by mail at the address on the Claim Form.<br><br>If you submit a Claim Form, you will lose the ability to bring a separate lawsuit against Apple regarding the subject matter of the claims this settlement resolves. (*See* Questions 11-13.) |
| **ASK TO BE EXCLUDED FROM THE SETTLEMENT**<br><br>**DEADLINE:** _____ | If you decide to exclude yourself from this settlement, you will lose the ability to obtain payment from the Small Developer Assistance Fund.  But you may keep the ability to bring a separate lawsuit against Apple regarding the subject matter of the claims this settlement resolves.  This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of the claims in this case.  (*See* Questions 14-16.) |
| **OBJECT TO THE SETTLEMENT** | If you do not exclude yourself from the settlement, you may still object to it by writing to the Court to explain the basis for your objection. (*See* Question 20.) |

| DEADLINE: _____ | |
|---|---|
| PARTICIPATE IN THE HEARING ON _____ | You may object to the settlement and ask the Court for permission to speak at the Final Approval Hearing about your objection.  (*See* Question 24.) |
| DO NOTHING (NO DEADLINE) | If you take no action,  you get no payment and you give up your legal right to continue to sue Apple for claims related to this case. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court overseeing this case still has to decide whether to grant final approval to the settlement.

- This Notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, you can review the complete settlement agreement by visiting the website at http://smallappdeveloperassistance.com, by contacting class counsel (contact info listed under Question 17 below), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** — **Page**
1. Why was this notice issued? — 4
2. What is this lawsuit about? — 4
3. Why is there a settlement? — 4

**WHO IS INCLUDED IN THE SETTLEMENT?** — **Page**
4. How do I know if I am part of the settlement? — 4
5. What does a "U.S. Developer" mean? — 5
6. What is an "associated developer account"? — 5
7. What are App Store "proceeds"? — 5
8. Do I need to calculate my App Store proceeds? — 5

**THE SETTLEMENT'S BENEFITS** — **Page**
9. What does the settlement provide? — 6
10. How much will my payment be? — 7

**HOW TO GET A SETTLEMENT PAYMENT** — **Page**
11. What do I have to do to get my payment? — 7
12. When will I get a payment? — 8
13. What rights am I giving up to get a payment? — 8

**EXCLUDING YOURSELF FROM THE SETTLEMENT** — **Page**
14. How do I exclude myself from the settlement? — 9
15. If I exclude myself, can I still get a payment from this settlement? — 9
16. If I exclude myself from the settlement, can I sue Apple for the same claims later? — 9

**THE LAWYERS REPRESENTING THE CLASS** — **Page**
17. Do I have a lawyer in this case? — 9
18. How will the lawyers be paid? — 9
19. May I get my own lawyer? — 10

**OBJECTING TO THE SETTLEMENT** — **Page**
20. How do I object? — 10
21. What's the difference between objecting and excluding myself? — 10

**THE COURT'S FINAL APPROVAL HEARING** — **Page**
22. When and where will the Court decide whether to approve the settlement? — 11
23. Do I have to participate in the hearing? — 11
24. May I speak at the hearing? — 11

**IF YOU DO NOTHING** — **Page**
25. What happens if I do nothing at all? — 11

**ADDITIONAL INFORMATION** — **Page**
26. Are more details available? — 12

## BASIC INFORMATION

**1. Why was this notice issued?**

A federal Court authorized this Notice because you have a right to know about the proposed settlement of this class action lawsuit and all of your options before the Court decides whether to approve the proposed settlement.  This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who can get them.

Judge Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California (the "Court") is currently overseeing this case and will decide whether to grant final approval to the settlement.  The case is known as *Cameron et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR.

**2.  What is this lawsuit about?**

Plaintiffs Donald Cameron and Pure Sweat Basketball, Inc. (the "Plaintiffs") filed a lawsuit against Apple Inc. (the "Defendant") claiming that Apple had monopolized (or attempted to monopolize) an alleged iOS app and in-app-product distribution services market in violation of the federal antitrust laws, and that Apple's conduct violated California's Unfair Competition Law.

Plaintiffs claim that Apple willfully acquired and maintained monopoly power, or attempted to gain and maintain monopoly power, by refusing to allow iOS device users to purchase iOS apps and in-app products other than through its own App Store; refusing to allow other app stores to be allowed on its devices; and mandating that iOS developers who sell through the App Store cannot sell their apps though any other means that are meant to reach iOS device consumers.  Plaintiffs also alleged that Apple abused its market power by charging a supra-competitive commission, or by making artificially low payments to iOS developers for digital products sold in the App Store.  Plaintiffs also challenged Apple's end-in $.99 pricing tiers as anticompetitive.

**3.  Why is there a Settlement?**

The Court did not decide in favor of the Plaintiffs or Apple.  Instead, the Plaintiffs and Apple agreed to a settlement.  This way, the Parties avoid the cost, burden, and uncertainty of litigation.  The Class Representatives and their attorneys think the settlement is best for all Settlement Class Members.  Apple denies that it did anything wrong and denies that its conduct harmed developers but has agreed to the Settlement to avoid the time, expense, and uncertainty associated with further litigation.  In addition, Apple agreed to this Settlement to provide additional assistance to the small developer community that is an integral part of the iOS ecosystem.

## WHO IS INCLUDED IN THE SETTLEMENT?

**4.  How do I know if I am part of the settlement?**

The Court decided that everyone who fits this description and chooses not to request to be excluded is a member of the **Settlement Class**:

All former or current U.S. Developers of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iOS App Store that earned, through all Associated Developer Accounts, Proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which the U.S. Developer had a Developer Account from 2015-2021. For class definition purposes, the 2015 calendar year shall consist of June 4, 2015 through December 31, 2015. The 2021 calendar year shall consist of January 1, 2021 through April 26, 2021, the last date in 2021 for which there are available developer transactional data as produced in this Action.

Excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, (d) any Developers who validly request exclusion ("opt out") from the Settlement Class, and (e) any other individuals whose claims already have been adjudicated to a final judgment.

Based on the records obtained by Class Counsel, there are approximately 67,000 potential Class Members.

**5.   What does a "U.S. Developer" mean?**

A U.S. Developer is an app developer who self-identified as U.S.-based when registering for a Developer Program Account with Apple.

If you received a notice by email or postcard, it means that according to Apple's records, you identified as a U.S.-based app developer when registering for your developer account.

**6.   What is an "associated developer account"?**

An Associated Developer Account means any U.S. Apple Developer Program account that you own or control, or any U.S. Apple Developer Program account that owns or controls your account.

You must identify any and all Associated Developer Accounts on your Claim Form.

**7.   What are App Store "proceeds"?**

App Store proceeds mean a developer's net revenues on the U.S. App Store storefront, after subtracting out any commissions paid to Apple.

**8.   Do I need to calculate my App Store proceeds?**

No. The App Store proceeds for your developer account and any Associated Developer Accounts will be calculated based on Apple's records to confirm that you are eligible to receive a payment from the settlement. Only U.S.-based developers who earned, through all of their Associated Developer Accounts, proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which those developers had developer accounts between 2015 and 2021 are eligible. For purposes of calculating proceeds to determine eligibility, the 2015 calendar year shall consist of June

4, 2015 through December 31, 2015.  The 2021 calendar year shall consist of January 1, 2021 to April 26, 2021.

If you believe that your proceeds have not been calculated correctly, please contact the Settlement Administrator at [[email]] or [[phone number]].

If you are still unsure if you are a Settlement Class Member, please visit http://smallappdeveloperassistance.com, email [[email address]], or call [[number]].

If you did not receive a notice, but think you may be a Settlement Class Member, you can still file a Claim Form.  More information on how to do so is available at http://smallappdeveloperassistance.com.

## THE SETTLEMENT'S BENEFITS

**9.   What does the settlement provide?**

Under the settlement, if approved, Apple has agreed to the following commitments:

- Maintain a commission rate of no greater than 15% for U.S. Developers who are enrolled participants in the Small Business Program, subject to program participation requirements.

- Continue to drive App Store search results primarily by objective characteristics, including but not limited to downloads, star ratings, text relevance, and user behavior signals.  Apple may also continue to include apps based on other characteristics, such as similar goals or developer association, as well as to give new and high-quality apps a chance to be found.  Apple will also continue to conduct robust experimentation to drive continuous improvement.

- Permit all U.S. Developers to communicate with their customers via email and other communication services outside their app about purchasing methods other than in-app purchase, provided that the customer consents to the communication and has the right to opt out.  In-app communications, including via Apple Push Notification service, are outside the scope of this provision.  Apple will revise its App Store Guidelines to permit the foregoing for all app categories, including by deleting from Guideline 3.1.3 the following language: "Developers cannot use information obtained within the app to target individual users outside of the app to use purchasing methods other than in-app purchase (such as sending an individual user an email about other purchasing methods after that individual signs up for an account within the app)."

- Expand the choice of price points for subscriptions, in-app purchases, and paid apps from fewer than 100 to more than 500 (by December 31, 2022).

- Maintain the option for U.S. Developers to appeal the rejection of an app based on unfair treatment and add online content to the app review portion of Apple's developer website (https://developer.apple.com/app-store/review/) to explicitly note that a developer can appeal the rejection of an app when the developer believes that there has been unfair treatment by Apple in the review of any of the U.S. Developer's apps, in-app products, or updates.

- Publish an annual transparency report that will convey meaningful statistics such as the number of apps rejected for different reasons, the number of customer and developer accounts

deactivated, objective data regarding search queries and results, and the number of apps removed from the App Store.

In light of the contributions made by small developers to the app economy, particularly as the economy continues to suffer the effects of the Coronavirus pandemic, Apple also has established a $100 million Small Developer Assistance Fund as part of this settlement. After deducting any Court-approved attorneys' fees and expenses, service awards, and the costs of settlement notice and administration, the net Small Developer Assistance Fund will be made available to Settlement Class Members who submit timely and valid Claim Forms.

| **10. How much will my payment be?** |
|---|

The Small Developer Assistance Fund will be distributed to all Settlement Class Members who submit timely and valid Claim Forms. Each such U.S. Developer will be entitled to a minimum payment of $250.00. U.S. Developers may qualify for a higher payment based on their total proceeds during the relevant period (from June 4, 2015-April 26, 2021).

| Total U.S. App Store Proceeds (during relevant time period) | Potential Minimum Payment |
|---|---|
| Less than $100 | $250 |
| $100 - $1,000 | $500 |
| $1,000 - $5,000 | $1,000 |
| $5,000 - $10,000 | $1,500 |
| $10,000 - $50,000 | $2,000 |
| $50,000 - $100,000 | $3,500 |
| $100,000 - $250,000 | $5,000 |
| $250,000 - $500,000 | $10,000 |
| $500,000 - $1,000,000 | $20,000 |
| Over $1,000,000 | $30,000 |

These minimum payments are subject to change based on the total number of approved claims, among other factors. Settlement Class Members may visit http://smallappdeveloperassistance.com for their specific estimated payment amounts from the settlement.

## HOW TO GET A SETTLEMENT PAYMENT

| **11. What do I have to do to get my payment?** |
|---|

If you received a notice by email and/or mail indicating that Apple believes that you may be a Settlement Class member, you can submit a claim by online or by mail. You must fill out and submit a complete an accurate Claim Form so that it is received by [deadline date]. Claim Forms can be found and submitted electronically at http://smallappdeveloperassistance.com. Settlement Class Members also

have the option of downloading a Claim Form and submitting by U.S. mail to [address].  If your Claim Form is incomplete, contains false information, or is not received by the deadline, your claim will be rejected.  The Settlement Administrator may contact you to request more information to verify your claim. The information you provide will be treated as confidential and used for the purpose of this Settlement only.

If you did not receive a notice by email and/or mail but believe that your are a Settlement Class member, you may obtain and submit a Claim Form available at http://smallappdeveloperassistance.com.

## 12. When will I get a payment?

The Court will hold a hearing at _____ on _____ to decide whether to grant final approval to the settlement.  If the Court approves the settlement, there may be objections.  It is always uncertain whether objections will be filed and, if so, how long it will take to resolve them.  Settlement payments will be distributed to Settlement Class Members who have submitted timely and valid Claim Forms as soon as possible, if and when the Court grants final approval to the settlement and all objections (if any) have been resolved.

We expect most payments on approved claims will be made via electronic distribution.  However, you will also have the opportunity to request that a check be mailed to you by the Settlement Administrator.  Following distribution of funds from the Small Developer Assistance Funds to Settlement Class Members that submitted approved claims, funds remaining from the distribution may, with approval of the Court, be donated to Girls Who Code, a nonprofit organization working to close the gender gap in technology, or to another similar charitable organization as agreed on by the Parties and approved by the Court.

Note that the Court may also elect to move the Final Approval Hearing to a different date or time in its sole discretion.   The date and time of the Final Approval Hearing can be confirmed at http://smallappdeveloperassistance.com.

## 13. What rights am I giving up to get a payment?

Unless you exclude yourself, regardless of whether or not you submit a Claim Form, you will be part of the Settlement Class.  If the settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you.  You won't be able to sue, or be part of any other lawsuit against Apple related to the subject matter of this lawsuit or the claims released by the Settlement Agreement.  The specific claims you will be releasing are described in more detail in paragraph 10.1 of the Settlement Agreement, available at http://smallappdeveloperassistance.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep any ability to sue Apple related to the subject matter of this lawsuit or the claims released by the Settlement Agreement, and you do not want to receive a payment from this lawsuit, then you must take steps to get out of the Settlement.  This is called excluding yourself or "opting out" of the settlement.

**14.  How do I exclude myself from the settlement?**

To exclude yourself from the settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Cameron et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (N.D. Cal.) settlement. Your letter or request for exclusion must include your name and address, and identify all of your Apple Developer Accounts.  You must mail or otherwise deliver your exclusion request no later than [DATE], to:

*Cameron et al. v. Apple Inc.*, Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

**15.  If I exclude myself from the settlement, can I still get a payment from this settlement?**

No.  You will not be eligible for any payment from the Small Developer Assistance Fund if you exclude yourself from the settlement.  You can only get a payment if you stay in the Settlement Class.

**16.  If I exclude myself from the settlement, can I sue Apple for the same claim later?**

If you exclude yourself, you may be able to sue Apple regarding the subject matter of this lawsuit or the claims released by the Settlement Agreement.  If you do not exclude yourself, you give up your right to sue Apple related to the subject matter of this lawsuit or the claims released by the Settlement Agreement.

## THE LAWYERS REPRESENTING THE CLASS

**17. Do I have a lawyer in this case?**

The Court appointed the following attorneys to represent potential class members as "Class Counsel":

Steve W. Berman
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Heatherw@hbsslaw.com

They are experienced in handling similar class action cases. More information about these lawyers, their law firm, and their experience is available at www.hbsslaw.com. They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers.

**18. How will the lawyers be paid?**

Class Counsel attorneys' fees, costs, and expenses will be paid from the Small Developer Assistance Fund in amounts to be determined and awarded by the Court. The petition for attorneys' fees will seek no more than 30% of the Small Developer Assistance Fund for Class Counsel, and the petition for costs will seek no more than $3.5 million. The Court may award less than the sums requested. Under the Settlement, any amount awarded to Class Counsel will be paid out of the Small Developer Assistance Fund.

Subject to approval by the Court, each Class Representative will be paid up to $5,000.00 from the Settlement Fund.

A copy of Class Counsel's Motion for Attorneys' Fees and Expenses and for Named plaintiff Service Awards will be available at http://smallappdeveloperassistance.com by [[DATE]].

| 19. May I get my own lawyer? |
|---|

You are not required to hire your own lawyer because Class Counsel is working on your behalf. However, if you want your own lawyer, you may hire one at your own expense.

## OBJECTING TO THE SETTLEMENT

| 20. How do I object? |
|---|

If you are a Settlement Class Member and have not excluded yourself from the settlement, you can ask the Court to deny approval of the settlement by submitting an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement agreed to by the Parties. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must file an objection.

Any objection to the settlement must be in writing.  If you submit a timely written objection, you may, but are not required to, participate in the Final Approval Hearing, either in person or through your attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must:

- clearly identify the case name and number (*Cameron et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR);
- be submitted to the Court, either by mailing the objection to Clerk of Court, United States District Court, Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing it in person at any location of the United States District Court for the Northern District of California; and
- must be postmarked or filed on or before **[[DATE]]**.

| 21. What's the difference between objecting and excluding myself? |
|---|

Objecting is simply telling the Court that you don't like something about the settlement.  If you are part of the Settlement Class, you can object to the settlement only if you stay in the Settlement Class (do not exclude yourself).  Excluding yourself from the settlement is telling the Court that you don't want to be part of the settlement.  If you exclude yourself from the settlement, you cannot object to the settlement because it no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement, including the potential payments to Settlement Class Members.  You may participate and you may ask to speak, but you don't have to do so.

**22.   When and where will the Court decide whether to approve the settlement?**

The Court will hold a final approval hearing at _____ on _____, at the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website at http://smallappdeveloperassistance.com to confirm the details.

At this hearing the Court will consider whether to approve the settlement, Class Counsel's request for attorneys' fees and expenses, and the service awards to the Named Plaintiffs.  If there are objections, the Court will consider them at this time.  After the hearing, the Court will decide whether to approve the settlement.  The Court's decision may be appealed.

**23. Do I have to participate in the hearing?**

No.  Class Counsel will answer questions the Court may have.  However, you are welcome to participate in the hearing at your own expense.  If you send an objection, you do not have to participate in the hearing.  As long as you submitted your written objection on time, to the proper address, the Court will consider it. You may also pay your own lawyer to participate, but that is not necessary.

**24. May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the Final Approval Hearing.

## IF YOU DO NOTHING

**25. What happens if I do nothing at all?**

If the Court gives final approval to the settlement, and you are a Settlement Class Member and you do nothing, you will not receive a payment from the Small Developer Assistance Fund.  This is because you need to submit a valid and timely Claim Form in order to be eligible for a payment. Apple's behavioral commitments, as described in Question 9, will still apply to you.  You will still give up the rights explained in Question 13, including your right to start a lawsuit or be part of any other lawsuit against Apple related to the subject matter of this lawsuit or for claims released by the Settlement Agreement.

## ADDITIONAL INFORMATION

| |
|---|
| **26. Are more details available?** |

The notice summarizes the proposed settlement.  More details, including the Settlement Agreement and other related documents, are at http://smallappdeveloperassistance.com.  You may also call toll-free at [[NUMBER]] or write to [[ADDRESS]].  Inquiries should NOT be directed to the Court.

# EXHIBIT C

From:  Settlement Administrator <<email address>>

Subject:  Class Action Notice: Cameron et al. v. Apple Inc

**CLAIMANT ID NUMBER:** <<Claimant ID Number>>

**CONFIRMATION CODE:** <<Confirmation Code>>

**LEGAL NOTICE**

*A court authorized this notice.  This is not a solicitation.*

**If you are a U.S. app developer that has not earned more than $1,000,000 per year selling apps and digital content on Apple Inc.'s U.S. App Store in any year you had a developer account since June 2015, you could be entitled to substantial benefits under a class action settlement.**

**WHAT IS THIS NOTICE ABOUT?**
In a consolidated class action lawsuit pending against Apple, Plaintiffs claimed that Apple monopolized (or attempted to monopolize) an alleged iOS app and in-app product distribution services market in violation of U.S. and California antitrust laws.  Apple denies all allegations and is entering into this settlement to avoid burdensome and costly litigation and to provide additional assistance to the small app developer community. The Settlement is *not* an admission of wrongdoing by Apple. This notice summarizes your legal rights. You should visit the settlement website, www.SmallAppDeveloperAssistance.com, to obtain more detailed information about the proposed Settlement and your rights. You also can contact the Settlement Administrator by mail, email or by calling toll-free:

Cameron v. Apple, Inc.
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email:  info@SmallAppDeveloperAssistance.com
Toll-Free:  [Toll Free Number]

**AM I A CLASS MEMBER?**
You are a "Settlement Class Member" if you are a former or current U.S. Developer of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iOS App Store that earned, through all Associated Developer Accounts, Proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which you had a Developer Account from 2015 to 2021.  For class definition purposes, the 2015 calendar year shall consist of June 4, 2015 through December 31, 2015.  The 2021 calendar year shall consist of January 1, 2021 through April 26, 2021, the last date in 2021 for which there are available developer transactional data as produced in this Action. To claim a Settlement benefit, you must

submit a Claim Form on or before [DATE] at www.SmallAppDeveloperAssistance.com, or, after downloading a Claim Form available on this website, returning it by mail to address on the Claim Form, received by [DATE].

**WHAT BENEFIT CAN I GET FROM THE SETTLEMENT?**
Under the settlement, Apple has agreed to, among other things, (1) maintain a commission rate of no greater than 15% for U.S. developers who are enrolled in Apple's Small Business Program, subject to program participation requirements; (2) permit U.S. developers to communicate with their customers via email and other communication services outside their iOS app about purchasing methods other than in-app purchase; and (3) expand the choice of price points for subscriptions, in-app purchases, and paid downloads (by December 31, 2022). Apple will also pay $100,000,000 into a Small Developer Assistance Fund. Apple will provide a cash payment from the Fund to each eligible Class Member who submits a timely and valid Claim Form. Each eligible Class Member with a valid claim will be entitled to a minimum payment of between $250 and $30,000, depending on the U.S. developer's App Store proceeds. You can visit the settlement website, www.SmallAppDeveloperAssistance.com, to determine the minimum payment for which you may be eligible. Please note that the actual cash payment may be more depending on the total number of approved claims and other factors.

**HOW CAN I EXCLUDE MYSELF FROM THE CLASS?**
If you don't want to make a Claim and you don't want to be legally bound by the settlement, your request to be excluded must be received by [DATE], or you will not be able to sue, or continue to sue, Apple over the conduct at issue in this case. Refer to the settlement website www.SmallAppDeveloperAssistance.com and the detailed Class Notice for information and instructions on how to exclude yourself.

**HOW CAN I OBJECT?**
If you want to stay in the Settlement Class, but you want to object to the settlement and/or to Class Counsel's request for Attorneys' Fees and Expenses, your objection must be received by [DATE]. Refer to the settlement website and the detailed Class Notice for information and instructions on how to object. The Court will consider objections at a Final Hearing in this case (*Cameron, et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR) on [Time/DATE] at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 1, 1301 Clay Street, Oakland, CA 94612, to consider whether to approve (1) the settlement; (2) Class Counsel's request for Attorneys' Fees and Expenses; and (3) Named Plaintiff Service Awards of up to $5,000. You may appear at the Final Hearing, but you don't need to. The date of the Final Hearing may change without further notice and may be confirmed on the Court's Public Access to Court Electronic Records (PACER) site, for a fee, at https://ecf.cand.uscourts.gov. Information about the Final Hearing will also be posted on the settlement website.

**WHERE CAN I GET MORE INFORMATION?**
Please visit the settlement website at www.SmallAppDeveloperAssistance.com, or call toll free [NUMBER] to obtain more complete information about the proposed settlement and your rights. You may also write to Class Counsel at: Hagens Berman Sobol Shapiro LLP, 1301 Second Ave., Suite 2000, Seattle, WA 98101 or email Class Counsel at Heatherw@hbsslaw.com.

Unsubscribe

# EXHIBIT D

**If you are a U.S. app developer that has not earned more than $1,000,000 per year selling apps and digital content on Apple Inc.'s U.S. App Store in any year you had a developer account since June 2015, you could be entitled to benefits under a class action settlement.**

For more information on the proposed settlement, to file a claim or objection, or to exclude yourself, visit the settlement website or contact the Claims Administrator or Class Counsel.

**Do not contact the Court for information about the settlement.**

RETURN ADDRESS

«ScanString»

Postal Service: Please do not mark barcode

Claim ID: «Claim ID»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

**www.SmallAppDeveloperAssistance.com**

PLEASE RETAIN THIS POSTCARD FOR YOUR RECORDS

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

In a consolidated class action lawsuit pending against Apple, Plaintiffs claimed that Apple monopolized (or attempted to monopolize) an alleged iOS app and in-app distribution services market in violation of U.S. and California antitrust laws. Apple denies all allegations and is entering into this settlement to avoid burdensome and costly litigation and to provide additional assistance to the small app developer community. The Settlement is *not* an admission of wrongdoing by Apple. This notice summarizes your legal rights. You should visit the settlement website to obtain more detailed information about the proposed Settlement and your rights. You may also write to the Claims Administrator at the address on the reverse side, or call toll free [NUMBER].

**Am I a Class Member?** Yes, if you are a current or former U.S. Developers of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iOS App Store that earned, through all Associated Developer Accounts, Proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which the U.S. Developer had a Developer Account from 2015-2021. For class definition purposes, the 2015 calendar year shall consist of June 4, 2015 through December 31, 2015. The 2021 calendar year shall consist of January 1, 2021 through April 26, 2021. To claim a Settlement benefit, you must submit a Claim Form on or before [DATE] at www.SmallAppDeveloperAssistance.com, or by mail at the address on the Claim Form, received by [DATE].

**What benefit can I get from the settlement?** Under the settlement, Apple has agreed to, among other things, (1) maintain a commission rate of no greater than 15% for U.S. developers who are enrolled in Apple's Small Business Program, subject to program participation requirements; (2) permit U.S. developers to communicate with their customers via email and other communication services outside their iOS app about purchasing methods other than in-app purchase; and (3) expand the choice of price points for subscriptions, in-app purchases, and paid downloads. Apple will also pay $100,000,000 into a Small Developer Assistance Fund. Apple will provide a cash payment from the Fund to each eligible Class Member who submits a timely and valid Claim Form. Each eligible Class Member with a valid claim will be entitled to a minimum payment of between $250 and $30,000, depending on the U.S. developer's App Store proceeds. You can visit the settlement website to determine the minimum payment for which you may be eligible. Please note that the actual cash payment may be more depending on the total number of approved claims and other factors.

**How can I exclude myself from the class?** If you don't want to make a Claim and you don't want to be legally bound by the settlement, your request to be excluded must be received by [DATE], or you will not be able to sue, or continue to sue, Apple over the conduct at issue in this case. Refer to the settlement website and the detailed Class Notice for information and instructions on how to exclude yourself.

**How can I object?** If you want to stay in the Settlement Class, but you want to object to the settlement and/or to Class Counsel's request for Attorneys' Fees and Expenses, your objection must be received by [DATE]. Refer to the settlement website and the detailed Class Notice for information and instructions on how to object. The Court will consider objections at a Final Hearing in this case (*Cameron, et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR) on [Time/DATE] at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 1, 1301 Clay Street, Oakland, CA 94612, to consider whether to approve (1) the settlement; (2) Class Counsel's request for Attorneys' Fees and Expenses; and (3) Named Plaintiff Service Awards of up to $5,000. You may appear at the Final Hearing, but you don't need to. The date of the Final Hearing may change without further notice and may be confirmed on the Court's Public Access to Court Electronic Records (PACER) site, for a fee, at https://ecf.cand.uscourts.gov. Information about the Final Hearing will also be posted on the settlement website.

## www.SmallAppDeveloperAssistance.com

PLEASE RETAIN THIS POSTCARD FOR YOUR RECORDS

**Where can I get more information?** Please visit the settlement website at www.SmallAppDeveloperAssistance.com or call toll free [NUMBER] to obtain more complete information about the proposed settlement and your rights. You may also email Class Counsel at: Heatherw@hbsslaw.com.

**www.SmallAppDeveloperAssistance.com**

# EXHIBIT E

| CLAIM FORM | | |
|---|---|---|
| Your claim must be submitted online or **received by** mail no later than [**deadline date**] | Cameron v. Apple, Inc.<br>1650 Arch Street, Suite 2210<br>Philadelphia, PA 19103 | **CAM** |

**Claim Form and Instructions**

**INSTRUCTIONS**

Please read these instructions carefully. If you need assistance completing the Claim Form, please visit www.SmallAppDeveloperAssistance.com and go to the FAQ page, or reference the Class Notice available on the Important Documents page. If you still have questions, you may send an email to the Settlement Administrator at: info@SSmallAppDeveloperAssistance.com.

**Deadline and Submission Method.** By no later than [**deadline date**], Claim Forms must be either (a) submitted online or (b) printed, mailed and **received by** the Settlement Administrator via U.S. mail.

**Eligibility.** The Settlement will provide a cash payment if you are a former or current U.S. Developer of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price (i.e., paid downloads or in-app purchases of digital content (including subscriptions)) via Apple's iOS App Store that earned, through all Associated Developer Accounts, proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which you had a developer account from 2015 to 2021. For class definition purposes, the 2015 calendar year shall consist of June 4, 2015 through December 31, 2015. The 2021 calendar year shall consist of January 1, 2021 through April 26, 2021.

Your payment amount will be determined by the Proceeds earned from all of your Associated Developer Accounts.

You must fill out and submit a complete and accurate Claim Form so that it is **received by** [**deadline date**]. If your Claim Form is incomplete, contains false information, or is not **received by** the deadline, your claim will be rejected. The Settlement Administrator may contact you to request more information to verify your claim. The information you provide will be treated as confidential and used for the purpose of this Settlement only.

Please retain a copy of this Claim Form for your records.

| CLAIM FORM | | |
|---|---|---|
| Your claim must be submitted online or **received by** mail no later than **[deadline date]** | Cameron v. Apple, Inc.<br>1650 Arch Street, Suite 2210<br>Philadelphia, PA 19103 | **CAM** |

## I. CLAIMANT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

Claimant Name: _____     _____
First Name                                           Last Name

Company Name: _____

Current Street Address: _____

City: _____ State: _____ Zip Code: __ __ __ __ __

Phone Number:  (_____) _____ - _____

Email Address: _____

| List all of your Associated Developer Accounts below: | | | |
|---|---|---|---|
| 1 | | 6 | |
| 2 | | 7 | |
| 3 | | 8 | |
| 4 | | 9 | |
| 5 | | 10 | |

## II. PAYMENT SELECTION & ATTESTATION

Please select **one** of the following payment options:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Virtual Prepaid Card** - Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided above.

I declare under penalty of perjury that the information above is true and correct to the best of my knowledge and belief, and that I have provided all of my Associated Developer Accounts above. I understand that my claim is subject to audit, review, and validation using all available information.

_____     _____

Please retain a copy of this Claim Form for your records.

| CLAIM FORM | | |
|---|---|---|
| Your claim must be submitted online or **received by** mail no later than [**deadline date**] | Cameron v. Apple, Inc.<br>1650 Arch Street, Suite 2210<br>Philadelphia, PA 19103 | **CAM** |

SIGNED                                                             DATED

Please retain a copy of this Claim Form for your records.