| | |
|---|---|
| THEODORE J. BOUTROUS JR., SBN 132099<br>  tboutrous@gibsondunn.com<br>RICHARD J. DOREN, SBN 124666<br>  rdoren@gibsondunn.com<br>DANIEL G. SWANSON, SBN 116556<br>  dswanson@gibsondunn.com<br>JAY P. SRINIVASAN, SBN 181471<br>  jsrinivasan@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>VERONICA S. MOYÉ (Texas Bar No. 24000092; pro hac vice)<br>  vlewis@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue, Suite 1100<br>Dallas, TX 75201<br>Telephone: 214.698.3100<br>Facsimile: 214.571.2900 | MARK A. PERRY, SBN 212532<br>  mperry@gibsondunn.com<br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>  crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>ETHAN DETTMER, SBN 196046<br>  edettmer@gibsondunn.com<br>ELI M. LAZARUS, SBN 284082<br>  elazarus@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>Attorneys for Defendant, APPLE INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, ET AL.,<br><br>        Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>        Defendant. | CASE NO. 4:19-cv-03074-YGR<br><br>**DEFENDANT APPLE INC.'S STATEMENT IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>The Honorable Yvonne Gonzalez Rogers |

Pursuant to Local Civil Rule 7-3(b), Defendant Apple Inc. respectfully submits this statement of non-opposition to the Developer Plaintiffs' motion for preliminary approval of the settlement in this case. Apple believes the settlement is fair, reasonable, and adequate; that it complies with the requirements of Rule 23 and this Court's guidelines; and that it should receive preliminary approval. The settlement provides substantial monetary and structural relief to the thousands of small U.S. developers who comprise the settlement class, and will benefit all iOS app developers worldwide.

Apple is confident that if this litigation were to continue, Apple would defeat class certification and/or Apple would prevail at trial. The Court is aware from the *Epic* trial, including the testimony of Apple's most senior executives, of Apple's commitment to building and maintaining the App Store as a great place for both developers and consumers to transact in apps and in-app purchases. The evidence of record establishes that the practices challenged in this and other cases are both lawful and well-justified by business necessity—including the protection of Apple's intellectual property, and protecting the security and privacy of Apple's customers.

Nevertheless, Apple would rather work with developers than litigate against them. Accordingly, after extensive arms-length negotiations, Apple and the Developer Plaintiffs reached a solution that, if approved by the Court, will avoid the expense and distraction of further litigation while providing real assistance to the small developers who are so important to the burgeoning app economy. Apple also agrees to class certification for settlement purposes only, without in any way conceding that a litigation class could ever be certified here or in any related case.[1]

Apple knows that the Court will study the papers, including the settlement agreement, very carefully. Accordingly, Apple simply highlights here the key benefits provided by the settlement for the developer community:

---

[1] Although Apple agrees that a settlement class may be certified consistent with Rule 23, particularly because the Court does not have to address manageability, Apple does not agree with Developer Plaintiffs' assertion that market definition, monopoly power, or antitrust impact are common issues or could be proved, in a contested trial, with common evidence. However, the settlement obviates the individualized (and divergent) inquiries that would be required to adjudicate the claims of the class members on these supposedly common questions.

- ***Small Developer Assistance Fund***.  Apple will pay $100 million into a fund to assist U.S. developers who use paid downloads or in-app purchases and earn less than a million dollars each year—with a minimum payment of $250 for every class member who submits a valid claim.

- ***Small Business Program Maintenance***.  Apple will continue its popular Small Business Program, and associated 15% commission rate, for at least three years after final approval.

- ***Search and Discovery***.  Apple will commit to drive search results by a variety of factors that will give new and high-quality apps a chance to be found.

- ***Steering***.  Apple will permit developers to communicate outside the app (e.g., by e-mail) with customers regarding alternative purchase options, and will eliminate the Guidelines restriction that currently prevents developers from using information from within the app for this purpose.

- ***Price Points***.  Apple will expand the number of price points available to developers from fewer to 100 today to more than 500 by December 31, 2022.

- ***App Rejection***.  Apple will clarify that developers can appeal the rejection of apps where they believe there has been unfair treatment by Apple.

- ***Transparency***.  Apple will publish an annual report with meaningful information regarding app rejections, search queries and results, and other issues of interest to developers.

Absent a settlement, the Developer Plaintiffs could receive nothing.  They acknowledge in their motion the substantial risks of this litigation.  This settlement, in contrast, will quickly deliver benefits to app developers.  Importantly, the settlement underscores Apple's commitment to app developers and acknowledges their valuable contributions to the app economy.[2]

---

[2]  Apple notes in this respect that, according to the motion, class counsel may request something in excess of 33% of the settlement fund in fees, expenses, and costs.  If they do, Apple expects to take the position that the amount sought is excessive.  Of course, if they request less, then Apple may have no objection.  In all events, Apple reserves the right to object to or oppose any request for fees and expenses that class counsel may eventually make.  The Parties have reached no agreement on this amount, and the Court will ultimately have to make the decision.

1 | Of course, Apple benefits from the settlement too.  The class members "expressly agree to the appropriateness of Apple's commission structure, including but not limited to the Small Business Program, as it applies to the Settlement Class."  They also release their claims against Apple, including "any claim, contention, argument, or theory that they were 'overcharged' during the Class Period by virtue of commissions charged by Apple on paid downloads or in-app purchases of digital content (including subscriptions) through the App Store."  These are important acknowledgments.

This is a win-win situation.  The settlement class and Apple both benefit from the settlement, as do non-party app developers worldwide.  It should be approved by the Court.

//

//

DATED:  August 26, 2021      GIBSON, DUNN & CRUTCHER LLP

By:       /s/ Mark A. Perry    
        Mark A. Perry

*Attorneys for Defendant Apple Inc.*