BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
MARISA C. LIVESAY (223247)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM LIFE360, INC.**<br><br>Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 4:19-cv-03074-YGR-TSH |

WHEREAS the parties to *In re Apple iPhone Antitrust Litigation* and *Cameron v. Apple Inc.* agreed to a Stipulated Protective Order on January 6, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 195; Case No. 4:19-cv-03074-YGR, Dkt. No. 81);

WHEREAS the Court entered the Stipulated Protective Order on January 9, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 199; Case No. 4:19-cv-03074-YGR, Dkt. No. 85);

WHEREAS, parties to *Epic Games, Inc. v. Apple Inc.* agreed that the terms of the Stipulated Protective Order in *Cameron v. Apple Inc.* and *In re Apple iPhone Antitrust Litigation* should also apply in *Epic Games, Inc. v. Apple Inc.* (Case No. 4:20-cv-05640, Dkt. No. 110) (collectively, the "Litigations"), and the Court entered a stipulated protective order in *Epic Games, Inc. v. Apple Inc.* on October 2, 2020 with identical terms (Case No. 4:20-cv-05640, Dkt. No. 112);

WHEREAS the Court subsequently entered a Stipulated Amended Protective Order on January 21, 2021 (Case No. 4:11-cv-06714-YGR, Dkt. No. 199; Case No. 4:19-cv-03074-YGR, Dkt. No. 381) (the "Protective Order");

WHEREAS Paragraph 10(a) of the Protective Order states that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action" and that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS Parties to the Litigations have served subpoenas on Life360, Inc. ("Life360")[1];

WHEREAS Life360 is willing to produce competitively sensitive information in response to subpoenas served on it in these Litigations, subject to certain additional protections beyond those set forth in the Protective Order to which the Parties to the Litigations agree;

---

[1] The term "Life360" shall include any entity that responds to subpoenas served on Life360, Inc. in the Litigations. References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Life360, Inc. and its parents and subsidiaries.

WHEREFORE, IT IS HEREBY ORDERED that documents produced by Life360 in connection with the Litigations shall be subject to the terms of the Protective Order and, in addition, to the following provisions (the "Supplemental Protective Order"):

**A.   GENERAL PROVISIONS**

1. The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2. The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Life360, and nothing herein shall provide any rights or protections to the Parties to the Litigations beyond those set forth in the Protective Order.

**B.   ADDITIONAL DEFINITIONS**

1. <u>Business Consultant</u>: a consultant advising on or involved in competitive decision- making.

2. <u>Party Expert</u>: with respect to "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", a person with specialized knowledge or experience in a matter pertinent to the Litigations who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, Life360, or of any Life360 competitor, or otherwise currently involved in competitive decision- making for a Party, Life360, or for any Life360 competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Life360, or Life360's competitor, or otherwise been involved in competitive decision-making for a Party, Life360, or Life360's competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Life360, or of any Life360 competitor, or to be otherwise involved in competitive decision-making for a

Party or for any Life360 competitor. If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Life360 or any Life360 competitor, or otherwise involved in competitive decision-making for Life360 or any Life360 competitor, the Party learning such information shall promptly disclose the information to Life360.

3. "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items" produced by Life360 and that contain algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning Life360's data protection practices and security protocols; evaluation of the strengths and vulnerabilities of Life360's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Life360 or competitors to Life360; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing Life360's legal positions or theories; personnel files; sensitive personally identifiable information; and communications that disclose any such information, disclosure of which to a Party or another Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

C. **ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF LIFE360 PROTECTED MATERIALS**

1. Manner of Designating "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Designation in conformity with this Supplemental Protective Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Life360 affix the legend "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which LIFE360 seeks protection under this Supplemental Protective Order. If only a portion or portions of the material on a page qualifies for protection, Life360 also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If Life360 makes original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has identified the document(s) it wants copied and produced, Life360 must determine which documents, or portions thereof, qualify for protection under this Supplemental Protective Order. Then, before producing the specified documents, Life360 must affix the appropriate legend ("LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, Life360 also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings not involving the Court</u>, that Life360 identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, Life360 may invoke, on the record (before the deposition, hearing, or other proceeding is concluded), a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall

be covered by the provisions of this Supplemental Protective Order.  Alternatively, Life360 may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  With respect to trial, Life360 can petition the Court for appropriate protective measures which shall be requested in advance of evidence being taken.

Life360 and the Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

Transcripts containing "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". The Parties or Life360 shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that LIFE360 affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  If only a portion or portions of the

1    information or item warrant protection, Life360, to the extent practicable, shall identify the
2    protected portion(s).

3        2.    <u>Disclosure of "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL
4    EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in
5    writing by Life360, a Party may disclose any information or item designated "LIFE360 HIGHLY
6    CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

7        (a)    the Party's Outside Counsel of Record in this action, as well as employees
8    of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information
9    for these Litigations and who have signed the "Acknowledgement and Agreement to be Bound"
10   that is attached to the Protective Order as Exhibit A;

11       (b)    Designated House Counsel of the Party who have signed the
12   "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as
13   Exhibit A, but only in the event that (i) information designated "LIFE360 HIGHLY
14   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is incorporated into and necessary to
15   a Party's work product that is to be filed or served in these Litigations; (ii) the Party discloses to
16   Life360 the relevant excerpts from the work product that include the information designated
17   "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to
18   disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and job
19   title the Designated House Counsel with whom such work product will be shared for the purpose
20   of reviewing and approving the work product in advance of filing or service; and (iv) Life360
21   provides consent to the disclosure in writing, which shall not unreasonably be withheld;

22       (c)    Party Experts (as defined in this Supplemental Protective Order) (1) to
23   whom disclosure is reasonably necessary for these Litigations and (2) who have signed the
24   "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order);

25       (d)    the Court and its personnel;

26       (e)    court reporters and their staff, professional jury or trial consultants, and
27   Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who

28

have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective Order); and

(f) the author or recipient of a document containing the information.

3. Any Party disclosing any information or item for which an "Acknowledgement and Agreement to be Bound" (Exhibit A to the Protective Order) is required shall collect and maintain a copy of each executed form and promptly provide it to Life360 upon Life360's request. Life360 will not disclose the identity of any expert who has signed the "Acknowledgement and Agreement to be Bound" without first obtaining the consent of the Party that retained the expert or, alternatively, authorization from the Court. Those individuals who have already executed or execute at a later date, Exhibit A to the Protective Order, will also be bound to the terms of this Supplemental Protective Order, and should the terms conflict, the Supplemental Protective Order governs all Discovery Materials produced by Life360. The Parties and their counsel will be responsible for enforcing the obligations in the foregoing sentence.

4. All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except that the provision in Paragraph 3 of the Protective Order providing that "any use of Protected Material at trial shall be governed by a separate agreement or order" shall not apply to information designated "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Unless otherwise ordered by the Court or expressly permitted by Life360, no Party seeking to introduce documents or information designated "LIFE360 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any persons other than those identified in Paragraph C.2. of this Supplemental Protective Order.

**IT IS SO STIPULATED.**

| | | |
|---|---|---|
| DATED: October 29, 2021 | | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** |
| | By: | /s/ *Marisa C. Livesay* |

BETSY C. MANIFOLD
RACHELE R. BYRD
MARISA C. LIVESAY
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

MARK C. RIFKIN
MATTHEW M. GUINEY
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

*Consumer Plaintiffs' Interim Class Counsel*

DATED:  October 29, 2021             **HAGENS BERMAN SOBOL SHAPIRO LLP**

By:    /s/ *Ben Harrington*

STEVE W. BERMAN (*pro hac vice*)
ROBERT F. LOPEZ (*pro hac vice*)
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

SHANA E. SCARLETT (SBN 217895)
BEN HARRINGTON (SBN 313877)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
benh@hbsslaw.com

*Developer Plaintiffs' Interim Class Counsel*

DATED: October 29, 2021          **MCDERMOTT WILL & EMERY LLP**

By:    /s/ *Nicole Castle*

MICHELLE LOWERY (SBN 302882)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone (310) 277-4110
mslowery@mwe.com

**MCDERMOTT WILL & EMERY LLP**
PETER JOHN SACRIPANTI (*pro hac vice*)
JOHN J. CALANDRA (*pro hac vice*)
NICOLE CASTLE (*pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 547-5400
psacripanti@mwe.com
jcalandra@mwe.com
ncastle@mwe.com

**MCDERMOTT WILL & EMERY LLP**
ELIZABETH RODD (*pro hac vice*)
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 535-4000
erodd@mwe.com

*Attorneys for Defendant Apple Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____, 2021      _____

HON. YVONNE GONZALEZ ROGERS
United States District Court Judge

## DECLARATION REGARDING CONCURRENCE

I, Marisa C. Livesay, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: October 29, 2021                          /s/ *Marisa C. Livesay*
                                                 MARISA C. LIVESAY

27805