# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Are a U.S. iOS App Developer
## You Could Get a Payment from a Settlement with Apple

*A court authorized this notice. This is not a solicitation.*

A settlement has been reached with Apple Inc. ("Apple") in an antitrust class action lawsuit brought by U.S. app developers about Apple's App Store. The lawsuit alleged that Apple monopolized (or attempted to monopolize) an alleged iOS app and in-app product distribution services market in violation of U.S. antitrust and California unfair competition laws. Apple denies all allegations and the settlement is not an admission of wrongdoing by Apple.

You may be included in this settlement and entitled to receive a payment if you are or were a U.S. developer of any Apple iOS application or in-app product (including subscriptions) that:

(1) Was sold for a non-zero price;
(2) Was sold via Apple's iOS App Store between 2015 and 2021; and
(3) Earned, together with any other iOS applications or in-app products (including subscriptions) sold through all of your associated developer accounts, proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year from 2015 to 2021 in which you had a developer account.

The criteria to be a "Settlement Class Member" are defined more fully below. U.S. developers who meet the criteria are entitled to a minimum cash payment ranging from $250 to $30,000.

Your legal rights are affected whether you act or don't act. Read this notice carefully. It addresses each of the following options available to you:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **STAY IN THE CLASS AND FILE A VALID CLAIM AND RECEIVE PAYMENT**<br><br>**DEADLINE: MAY 20, 2022** | If you submit a timely and valid claim form, you are entitled to a cash payment (with minimums ranging from $250 - $30,000) from the $100 million Small Developer Assistance Fund established as part of this settlement.<br><br>You will lose the ability to sue Apple for claims related to this case. (*See* Questions 11-13.) |
| **ASK TO BE EXCLUDED FROM THE SETTLEMENT**<br><br>**DEADLINE: MARCH 21, 2022** | If you decide to exclude yourself from this settlement, you will lose the ability to obtain a payment from the Small Developer Assistance Fund. But you may keep the ability to sue Apple for claims related to this case. (*See* Questions 14-16.) |
| **OBJECT TO THE SETTLEMENT**<br><br>**DEADLINE: MARCH 21, 2022** | If you do not exclude yourself from the settlement, you may still object to it by writing to the Court to explain the basis for your objection. (*See* Question 20.) |
| **SPEAK AT THE HEARING ON JUNE 7, 2022 AT 2 P.M.** | If you object to the settlement, you may ask the Court for permission to speak at the Final Approval Hearing about your objection. (*See* Question 24.) |
| **DO NOTHING (NO DEADLINE)** | If you take no action, you get no payment and you give up your legal right to continue to sue Apple for claims related to this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** — Page
1. Why was this notice issued? — 3
2. What is this lawsuit about? — 3
3. Why is there a settlement? — 3

**WHO IS INCLUDED IN THE SETTLEMENT?** — Page
4. How do I know if I am part of the settlement? — 3
5. What does a "U.S. app developer" mean? — 4
6. What is an "associated developer account"? — 4
7. What are App Store "proceeds"? — 4
8. Do I need to calculate my proceeds? — 4

**THE SETTLEMENT'S BENEFITS** — Page
9. What does the settlement provide? — 5
10. How much will my payment be? — 5

**HOW TO GET A PAYMENT** — Page
11. How do I get a payment? — 6
12. When will I get a payment? — 6
13. What rights am I giving up to get a payment? — 7

**THE LAWYERS REPRESENTING THE CLASS** — Page
14. Do I have a lawyer in this case? — 8
15. How will the lawyers be paid? — 8
16. May I get my own lawyer? — 8

**EXCLUDING YOURSELF FROM THE SETTLEMENT** — Page
17. How do I request to be excluded from the settlement? — 9
18. If I exclude myself, can I still get a payment from this settlement? — 9
19. If I exclude myself from the settlement, can I sue Apple for the same claims later? — 9

**OBJECTING TO THE SETTLEMENT** — Page
20. How do I object? — 9
21. What's the difference between objecting and excluding myself? — 10

**THE COURT'S FINAL APPROVAL HEARING** — Page
22. When and where will the Court decide whether to approve the settlement? — 10
23. Do I have to come to the hearing? — 10
24. May I speak at the hearing? — 10

**IF YOU DO NOTHING** — Page
25. What happens if I do nothing at all? — 11

**ADDITIONAL INFORMATION** — Page
26. Are more details available? — 11

# BASIC INFORMATION

**1. Why was this notice issued?**

A federal court authorized this notice because you have a right to know about the proposed settlement of this class action lawsuit and all of your options before the Court decides whether to approve the proposed settlement. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who can get them.

Judge Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California (the "Court") is currently overseeing this case and will decide whether to grant final approval to the settlement. The case is known as *Cameron et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR.

**2. What is this lawsuit about?**

Plaintiffs Donald Cameron and Pure Sweat Basketball, Inc. (the "Plaintiffs") filed a lawsuit against Apple Inc. (the "Defendant") claiming that Apple had monopolized (or attempted to monopolize) an alleged iOS app and in-app-product distribution services market in violation of the federal antitrust laws, and that Apple's conduct violated California's Unfair Competition Law.

Plaintiffs claim that Apple willfully acquired and maintained monopoly power, or attempted to gain and maintain monopoly power, by refusing to allow iOS device users to purchase iOS apps and in-app products other than through its own App Store; refusing to allow other app stores to be allowed on its devices; and mandating that iOS developers who sell through the App Store cannot sell their apps though any other means that are meant to reach iOS device consumers. Plaintiffs also alleged that Apple abused its market power by charging a supra-competitive commission, or by making artificially low payments to iOS developers for digital products sold in the App Store. Plaintiffs also challenged Apple's end-in $.99 pricing tiers as anticompetitive.

**3. Why is there a Settlement?**

The Court did not decide in favor of the Plaintiffs or Apple. Instead, the Plaintiffs and Apple agreed to a settlement. This way, the parties avoid the cost, burden, and uncertainty of litigation. The class representatives and their attorneys think the settlement is best for all Settlement Class Members. Apple denies that it did anything wrong and denies that its conduct harmed developers but has agreed to the Settlement to avoid the time, expense, and uncertainty associated with further litigation. In addition, Apple agreed to this Settlement to provide additional assistance to the small developer community that is an integral part of the iOS ecosystem.

## WHO IS INCLUDED IN THE SETTLEMENT?

**4. How do I know if I am part of the settlement?**

The Court decided that everyone who fits this description and chooses not to request to be excluded is a member of the **Settlement Class**:

All former or current U.S. developers of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iOS App Store that earned, through all associated developer accounts, proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which the U.S. developer had a developer account from 2015-2021. For class definition purposes, the 2015 calendar year shall consist of June 4, 2015, through December 31, 2015. The 2021 calendar year shall consist of January 1, 2021, through April 26, 2021, the last date in 2021 for which there are available developer transactional data as produced in this Action.

Excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) defense counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, (d) any developers who validly request exclusion ("opt-out") from the Settlement Class, and (e) any other individuals whose claims already have been adjudicated to a final judgment.

Based on the records obtained by Class Counsel, there are approximately 67,000 potential members of the Settlement Class ("Settlement Class Members").

### 5. What does a "U.S. app developer" mean?

A U.S. developer is an app developer who self-identified as U.S.-based when registering for a Developer Program Account with Apple.

If you received a notice by email or postcard, it means that according to Apple's records, you identified as a U.S.-based app developer when registering for your developer account.

### 6. What is an "associated developer account"?

An associated developer account means any U.S. Apple Developer Program account that you own or control, or any U.S. Apple Developer Program account that owns or controls your account.

You must identify any and all associated developer accounts on your claim form.

### 7. What are App Store "proceeds"?

App Store proceeds mean a developer's net revenues on the U.S. App Store storefront, after subtracting out any commissions paid to Apple.

### 8. Do I need to calculate my proceeds?

No. The App Store proceeds for your developer account and any associated developer accounts will be calculated based on Apple's records to confirm that you are eligible to receive a payment from the settlement. Only U.S.-based developers who earned, through all of their associated developer accounts, proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which those developers had developer accounts between 2015 and 2021 are eligible. For purposes of calculating proceeds to determine eligibility, the 2015 calendar year shall consist of June 4,

2015, through December 31, 2015.  The 2021 calendar year shall consist of January 1, 2021, to April 26, 2021.

If you believe that your proceeds have not been calculated correctly, please contact the settlement administrator at info@smallappdeveloperassistance.com or (833) 920-3778.

If you are still unsure if you are a Settlement Class Member, please visit www.smallappdeveloperassistance.com, email info@smallappdeveloperassistance.com, or call (833) 920-3778.

If you did not receive a notice, but think you may be a Settlement Class Member, you can still file a claim form.  More information on how to do so is available at www.smallappdeveloperassistance.com.

## THE SETTLEMENT'S BENEFITS

**9. What does the settlement provide?**

Under the settlement, if approved, Apple has agreed to the following commitments:

- Maintain a commission rate of no greater than 15% for U.S. developers who are enrolled participants in the Small Business Program, subject to program participation requirements.

- Continue to drive App Store search results primarily by objective characteristics, including but not limited to downloads, star ratings, text relevance, and user behavior signals.  Apple may also continue to include apps based on other characteristics, such as similar goals or developer association, as well as to give new and high-quality apps a chance to be found.  Apple will also continue to conduct robust experimentation to drive continuous improvement.

- Permit all U.S. developers to communicate with their customers via email and other communication services outside their app about purchasing methods other than in-app purchase, provided that the customer consents to the communication and has the right to opt out.  In-app communications, including via Apple Push Notification service, are outside the scope of this provision.  Apple will revise its App Store Guidelines to permit the foregoing for all app categories, including by deleting from Guideline 3.1.3 the following language: "Developers cannot use information obtained within the app to target individual users outside of the app to use purchasing methods other than in-app purchase (such as sending an individual user an email about other purchasing methods after that individual signs up for an account within the app)."

- Expand the choice of price points for subscriptions, in-app purchases, and paid apps from fewer than 100 to more than 500 (by December 31, 2022).

- Maintain the option for U.S. developers to appeal the rejection of an app based on unfair treatment and add online content to the app review portion of Apple's developer website (https://developer.apple.com/app-store/review/) to explicitly note that a developer can appeal the rejection of an app when the developer believes that there has been unfair treatment by Apple in the review of any of the U.S. developer's apps, in-app products, or updates.

- Publish an annual transparency report that will convey meaningful statistics such as the number of apps rejected for different reasons, the number of customer and developer accounts

5

deactivated, objective data regarding search queries and results, and the number of apps removed from the App Store.

In light of the contributions made by small developers to the app economy, particularly as the economy continues to suffer the effects of the Coronavirus pandemic, Apple also has established a $100 million fund as part of this settlement (the "Small Developer Assistance Fund"). After deducting any Court-approved attorneys' fees and expenses, service awards, and the costs of settlement notice and administration, the net Small Developer Assistance Fund will be made available to Settlement Class Members who submit timely and valid claim forms.

### 10. How much will my payment be?

The Small Developer Assistance Fund will be distributed to all Settlement Class Members who submit timely and valid claim forms. Each such U.S. developer will be entitled to a minimum payment of $250.00. U.S. developers may qualify for a higher payment based on their total proceeds during the relevant period (from June 4, 2015-December 31, 2020).

| Total U.S. App Store Proceeds (during relevant time period) | Potential Minimum Payment |
|---|---|
| Less than $100 | $250 |
| $100 - $1,000 | $500 |
| $1,000 - $5,000 | $1,000 |
| $5,000 - $10,000 | $1,500 |
| $10,000 - $50,000 | $2,000 |
| $50,000 - $100,000 | $3,500 |
| $100,000 - $250,000 | $5,000 |
| $250,000 - $500,000 | $10,000 |
| $500,000 - $1,000,000 | $20,000 |
| Over $1,000,000 | $30,000 |

These minimum payments are subject to change based on the total number of approved claims, among other factors. Settlement Class Members may visit www.smallappdeveloperassistance.com for their specific estimated payment amounts from the settlement.

## HOW TO GET A PAYMENT

### 11. How do I get a payment?

If you received a notice by email and/or mail indicating that Apple believes that you may be a Settlement Class member, you can submit a claim online or by mail. You must fill out and complete an accurate claim form so that it is received by May 20, 2022. Claim forms can be found and submitted electronically at www.smallappdeveloperassistance.com. Settlement Class Members also have the option of

6

downloading a claim form and submitting by U.S. mail to: **Cameron et al. v. Apple Inc. Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103**. If your claim form is incomplete, contains false information, or is not received by the deadline, your claim will be rejected. The settlement administrator may contact you to request more information to verify your claim. The information you provide will be treated as confidential and used for the purpose of this settlement only.

If you did not receive a notice by email and/or mail but believe that you are a Settlement Class Member, you may obtain and submit a claim form available at www.smallappdeveloperassistance.com.

### 12. When will I get a payment?

The Court will hold a hearing at 2 P.M. on June 7, 2022, to decide whether to grant final approval to the settlement. If the Court approves the settlement, there may be objections. It is always uncertain whether objections will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed to Settlement Class Members who have submitted timely and valid claim forms as soon as possible, if and when the Court grants final approval to the settlement and all objections (if any) have been resolved.

We expect most payments on approved claims will be made via electronic distribution. However, you will also have the opportunity to request that a check be mailed to you by the settlement administrator. Following distribution of the funds from the Small Developer Assistance Funds to Settlement Class Members that submitted approved claims, funds remaining from the distribution may, with approval of the Court, be donated to Girls Who Code, a nonprofit organization working to close the gender gap in technology, or to another similar charitable organization as agreed on by the parties and approved by the Court.

Note that the Court may also elect to move the final approval hearing to a different date or time in its sole discretion. The date and time of the final approval hearing can be confirmed at www.smallappdeveloperassistance.com.

### 13. What rights am I giving up to get a payment?

Unless you exclude yourself, regardless of whether or not you submit a claim form, you will be part of the Settlement Class. If the settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You won't be able to sue, or be part of any other lawsuit against Apple related to the subject matter of this lawsuit or the claims released by the settlement agreement. The specific claims you will be releasing are described in more detail in paragraph 10.1 of the settlement agreement, available at www.smallappdeveloperassistance.com.

## THE LAWYERS REPRESENTING THE CLASS

| 14. Do I have a lawyer in this case? |
|---|

The Court appointed the following attorneys to represent potential class members as "Class Counsel":

>Steve W. Berman
>Robert F. Lopez
>Hagens Berman Sobol Shapiro LLP
>1301 Second Ave., Suite 2000
>Seattle, WA 98101
>Heatherw@hbsslaw.com

They are experienced in handling similar class action cases. More information about these lawyers, their law firm, and their experience is available at www.hbsslaw.com. They believe, after conducting an extensive investigation, that the settlement is fair, reasonable, and in the best interest of the Settlement Class. You will not be charged for these lawyers.

| 15. How will the lawyers be paid? |
|---|

Class Counsel attorneys' fees, costs, and expenses will be paid from the Small Developer Assistance Fund in amounts to be determined and awarded by the Court. The petition for attorneys' fees will seek no more than 30% of the Small Developer Assistance Fund for Class Counsel, and the petition for costs will seek no more than $3.5 million. The Court may award less than the sums requested. Under the settlement, any amounts awarded to Class Counsel will be paid out of the Small Developer Assistance Fund.

Subject to approval by the Court, each class representative will be paid up to $5,000.00 from the Settlement Fund.

A copy of Class Counsel's Motion for Attorneys' Fees and Expenses and for Named Plaintiff Service Awards will be available at www.smallappdeveloperassistance.com by February 15, 2022.

| 16. May I get my own lawyer? |
|---|

You are not required to hire your own lawyer because Class Counsel is working on your behalf. However, if you want your own lawyer, you may hire one at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep any ability to sue Apple related to the subject matter of this lawsuit or the claims released by the settlement agreement, and you do not want to receive a payment from this lawsuit, then you must take steps to get out of the settlement. This is called excluding yourself or "opting out" of the settlement.

**17. How do I request to be excluded from the settlement?**

To exclude yourself from the settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from the *Cameron et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (N.D. Cal.) settlement. Your letter or request for exclusion must include your name and address, and identify all of your Apple Developer Accounts. You must mail or otherwise deliver your exclusion request no later than March 21, 2022, to:

*Cameron et al. v. Apple Inc.*, Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

**18. If I exclude myself from the settlement, can I still get a payment from this settlement?**

No. You will not be eligible for any payment from the Small Developer Assistance Fund if you exclude yourself from the settlement. You can only get a payment if you stay in the Settlement Class.

**19. If I exclude myself from the settlement, can I sue Apple for the same claim later?**

If you exclude yourself, you may be able to sue Apple regarding the subject matter of this lawsuit or the claims released by the Settlement Agreement. If you do not exclude yourself, you give up your right to sue Apple related to the subject matter of this lawsuit or the claims released by the settlement agreement.

## OBJECTING TO THE SETTLEMENT

**20. How do I object?**

If you are a Settlement Class Member and have not excluded yourself from the settlement, you can ask the Court to deny approval of the settlement by submitting an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement agreed to by the parties. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must file an objection.

Any objection to the settlement must be in writing. If you submit a timely written objection, you may, but are not required to, participate in the final approval hearing, either in person or through your attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must:

- clearly identify the case name and number (*Cameron et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR);

- be submitted only to the Court, either by mailing the objection to Clerk of Court, United States District Court, Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing it in person at any location of the United States District Court for the Northern District of California; and

- must be postmarked or filed on or before **March 21, 2022.**

**21. What's the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you don't like something about the settlement. If you are part of the Settlement Class, you can object to the settlement only if you stay in the Settlement Class (do not exclude yourself). Excluding yourself from the settlement is telling the Court that you don't want to be part of the settlement. If you exclude yourself from the settlement, you cannot object to the settlement because it no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement, including the potential payments to Settlement Class Members. You may participate and you may ask to speak, but you don't have to do so.

**22. When and where will the Court decide whether to approve the settlement?**

The Court will hold a final approval hearing at 2 P.M. on June 7, 2022, at the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website at www.smallappdeveloperassistance.com to confirm the details.

At this hearing the Court will consider whether to approve the settlement, Class Counsel's request for attorneys' fees and expenses, and the service awards to the named Plaintiffs. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the settlement. The Court's decision may be appealed.

**23. Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. However, you are welcome to participate in the hearing at your own expense. If you send an objection, you do not have to participate in the hearing. As long as you submitted your written objection on time, to the proper address, the Court will consider it. You may also pay your own lawyer to participate, but that is not necessary.

**24. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the final approval hearing.

## IF YOU DO NOTHING

**25. What happens if I do nothing at all?**

If the Court gives final approval to the settlement, and you are a Settlement Class Member and you do nothing, you will <u>not</u> receive a payment from the Small Developer Assistance Fund. This is because you need to submit a valid and timely claim form in order to be eligible for a payment. Apple's behavioral commitments, as described in Question 9, will still apply to you. You will still give up the rights explained in Question 13, including your right to start a lawsuit or be part of any other lawsuit against Apple related to the subject matter of this lawsuit or for claims released by the settlement agreement.

## ADDITIONAL INFORMATION

**26. Are more details available?**

The notice summarizes the proposed settlement. More details, including the settlement agreement and other related documents, are at www.smallappdeveloperassistance.com. You may also call toll-free at (833) 920-3778 or write to; Cameron et al. v. Apple Inc. Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Inquiries should NOT be directed to the Court.