# EXHIBIT F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DONALD R. CAMERON, *et al.*,

Plaintiffs,

v.

APPLE INC.,

Defendant.

Case No. 4:19-cv-03074-YGR

[PROPOSED] ORDER GRANTING DEVELOPER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT APPLE INC.

This matter comes before the Court on Developer Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendant Apple Inc. ("Motion").

WHEREAS, Developer Plaintiffs ("Plaintiffs"), on behalf of themselves and of the proposed stipulated settlement class ("Settlement Class"), and Defendant Apple Inc., have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the above-captioned matter ("Lawsuit") upon the terms set forth in the Developer Plaintiff-Apple Inc. Settlement Agreement ("Settlement Agreement") (attached as Exhibit A to the Joint Statement Regarding Revised Papers In Connection With Proposed Settlement ("Joint Statement"));

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into between the parties, the record in this case, and the briefs and arguments of counsel;

WHEREAS, Developer Plaintiffs have applied for an order granting preliminary approval of the settlement set forth in the Settlement Agreement ("Settlement") and directing notice to the Settlement Class (defined in paragraph 3 below) in connection with the Settlement Agreement pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure;

WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have presented sufficient information, pursuant to the Federal Rules, to justify directing notice of the Settlement to the Settlement Class;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein, finding that it is likely to approve the Settlement as fair, reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at a hearing (the "Fairness Hearing").

2. The Fairness Hearing shall be held before this Court on June 7, 2022, at 2:00 p.m., at the United States District Court, located in Courtroom 1 – 4th Floor, at 1301 Clay Street, Oakland, CA 94612 to determine whether to approve certification of the Settlement Class for

settlement purposes; whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of distribution should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of the service awards that should be provided to class representatives. The Court may adjourn the Fairness Hearing without further notice to the members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class as follows:

> All former or current U.S. Developers of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iOS App Store that earned, through all Associated Developer Accounts, Proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which the U.S. Developer had a Developer Account from 2015-2021. For class definition purposes, the 2015 calendar year shall consist of June 4, 2015 through December 31, 2015. The 2021 calendar year shall consist of January 1, 2021 through April 26, 2021, the last date in 2021 for which there are available developer transactional data as produced in this Action. Additionally, excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, (d) any Developers who validly request exclusion ("opt out") from the Settlement Class, and (e) any other individuals whose claims already have been adjudicated to a final judgment.

4. The Court designates Donald R. Cameron and Pure Sweat Basketball, Inc. as the class representatives for the Settlement Class.

5. The Court designates Hagens Berman Sobol Shapiro, LLP as Class Counsel for the Settlement Class.

6. Having found that it will likely approve the Settlement and certify the Settlement Class for purposes of settlement with Apple Inc., the Court hereby directs Plaintiffs to give notice of the Settlement to the Settlement Class.

7. The Court approves as to form and content the proposed notice forms, including the Class Notice, Email Notice, and Postcard Notice, as well as the proposed Claim Form, attached as Exhibits B to E, respectively, to the Joint Statement. The Court further finds the proposed contents of these notices, and the proposed plan of notice described in the Declaration of Steven Weisbrot of Angeion Group Regarding The Proposed Notice Program ("Weisbrot Declaration"), meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. The Court appoints the firm of Angeion Group LLC ("Settlement Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a. No later than January 14, 2022, the Settlement Administrator shall establish a public, case-specific website at the following web address: smallappdeveloperassistance.com. The website shall make available the full version of the Settlement Agreement, the Preliminary Approval Order, and the Claim Form, in both an electronically fillable form and in a format that may be downloaded and/or printed;

b. Beginning no later than January 14, 2022, the Settlement Administrator shall provide e-mail notice, substantially in the form annexed as Exhibit C to the Joint Statement, to all Settlement Class Members whose email addresses can be identified with reasonable effort;

c. Beginning no later than January 14, 2022, the Settlement Administrator shall cause the Postcard Notice to be mailed via the United States Postal Service first-class mail, postage prepaid, substantially in the form annexed as Exhibit D to the Joint Statement to all Settlement Class Members whose addresses can be identified with reasonable effort.

9. The claims period shall commence on January 14, 2022, and shall continue through and including May 20, 2022.

10. Class Counsel shall file their motion for attorneys' fees, costs, and service awards for the class representatives, and all supporting documentation and papers, by February 14, 2022.

11. Any person who desires to request exclusion from the Settlement Class must do so by March 21, 2022, and such request for exclusion shall be in the form of a letter mailed or otherwise delivered to the Settlement Administrator stating that the person wants to be excluded from the *Cameron et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (N.D. Cal.) settlement, and the letter must include the person's name and address, and identify all of the person's Apple Developer Accounts. All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgments relating to Defendant Apple Inc. entered in the litigation.

12. Any member of the Settlement Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

13. Any member of the Settlement Class may appear and show cause, if he or she has any reason, why the proposed settlement should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; why attorneys' fees and expenses should or should not be awarded to Class Counsel; or why the service awards should or should not be awarded to the class representatives. All written objections and supporting papers must (a) clearly identify the case name and number (*Donald R. Cameron, et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR), (b) be submitted only to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay St, Oakland, CA 94612, or by filing it in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before March 21, 2022.

14. All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served by April 29, 2022.

15. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

16. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by plaintiffs or Defendant Apple Inc., respectively, of the truth or falsity of any of the allegations in the Lawsuit, or of any liability, fault or wrongdoing of any kind.

17. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class, upon final approval of the Settlement, shall be bound by the terms and provisions of the Settlement so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

IT IS SO ORDERED.

DATED: ________________, 2021

______________________________________
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE