**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DONALD R. CAMERON, ET. AL.,** | CASE NO.  19-cv-3074-YGR |
| Plaintiffs, | |
| v. | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING** |
| **APPLE INC.,** | |
| Defendant. | Re: Dkt. No. 396 |

On November 2, 2021, the Court held a hearing on the unopposed motion of plaintiffs Donald Cameron and Pure Sweat Basketball, Inc. for preliminary approval of the parties' proposed settlement; approval of the proposed Class Notice; appointing Class Representative, Class Counsel and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement. (Dkt. No. 396.)  Steve Berman, Rob Lopez, and Ben Harrington of Hagens Berman Sobol Shapiro LLP appeared for plaintiffs, and Mark Perry, Rachel Brass, and Caeli Higney of Gibson, Dunn, & Crutcher LLP appeared for defendant Apple, Inc.

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the motion for preliminary approval of the class action settlement.

**1. Class Definition and Basis for Conditional Certification**

The Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

> All former or current U.S. developers of any Apple IOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's IOS App Store that earned, through all Associated Developer Accounts, proceeds equal to or less than $1,000,000 through the App Store U.S. storefront in every calendar year in which the U.S. developer had a developer account between June 4, 2015 to the date of the Agreement (August 24, 2021).  For class definition purposes, the 2015 calendar year consist of June 4, 2015 through December 31, 2015.  The 2021 calendar year shall consist

of January 1, 2021 through April 26, 2021.  Additionally, excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, (d) any Developers who validly request exclusion ("opt out") from the Settlement Class, and (e) any other individuals whose claims already have been adjudicated to a final judgment.

The Court finds that, for purposes of settlement, plaintiffs have satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b).  With respect to numerosity under Rule 23(a)(1), the Settlement Class includes 67,000 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  Plaintiffs brought the following causes of action: (i) Violation of the Sherman Act –Monopolization/ Monopsonization (15 U.S.C. § 2); (ii) Violation of the Sherman Act-Attempted Monopolization/ Monopsonization (15 U.S.C. § 2); (iii) Unlawful business practices and violations under California Business and Professions Code, § 17200, et seq. ("UCL"); and (iv) Unfair competition under California Business and Professions Code, § 17200, et seq. ("UCL"). (*See* Dkt. No. 53) ("Consolidated Class Complaint"). The focus of this action— whether Apple willfully acquired and maintained monopoly power, or attempted to gain monopoly power, by refusing to allow iOS device users to purchase iOS apps and in-app products other than through its own App Store—is common to all class members.  Antitrust actions are particularly appropriate for class treatment as the allegations regarding the defendant's conduct, and the evidence of the same, which typically is expert heavy, impacts the class generally.

Rule 23(a)(3) requires that the plaintiffs show that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Plaintiffs' and members of the Settlement Class claims all stem from the same alleged conduct, *i.e.* antitrust injury, making plaintiffs' claims typical of class members.  Here, while the settlement class is narrower than that

United States District Court
Northern District of California

2

United States District Court
Northern District of California

alleged in the consolidated complaint, the class representatives themselves are typical of those members represented herein, namely the subgroup of 99% of the developers.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel have fairly and adequately represented the interests of the Class.  No conflicts of interest appear as between plaintiffs and the members of the Settlement Class.  Class Counsel are deeply versed in this area of the law and have routinely demonstrated that they are qualified and have experience with prosecuting class actions of this kind and therefore adequate to represent the Settlement Class as well.  The parties engaged in extensive discovery during the almost 2.5-year course of this litigation. More than 5 million documents and 20 million pages have been produced in this litigation. Berman Decl. ¶ 3. The parties collectively have taken over fifty depositions, including the depositions of Apple's Senior Management. *See Id.* Apple has produced 13 terabytes of transactional data that plaintiffs and their experts have analyzed.  *Id.*

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

### 2.  Class Representatives and Class Counsel

Plaintiffs Donald Cameron and Pure Sweat Basketball, Inc., are appointed the Class Representatives.  Hagens Berman Sobol Shapiro LLP is appointed Class Counsel.

Class counsel are experts in antitrust litigation and argue that they have aggressively pursued and analyzed a massive discovery record, have conducted and/or defended at least seventeen depositions, retained prominent experts, and prepared a motion for class certification. (Berman Decl. ¶ 3.)  With respect to the named plaintiffs, they have actively furthered the interests of the class by reviewing submissions, conferring with class counsel, producing documents, and sitting for depositions. Named plaintiffs appear to have no conflict of interest with the settlement class and have suffered the same alleged injury as all settlement class members. (Mot. at 11, 24.)

### 3.  Settlement Agreement

In summary, the settlement provides $100,000,000 in monetary relief and structural relief in 6 areas of particular concern to the IOS developer community. (*See* Settlement Agreement). The Settlement Agreement appears to have been the product of arm's length and informed negotiations with the assistance of an experienced mediator.  The relief provided for the Class appears to be adequate, taking into account:

(i) the costs and risks associated with trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreements required to be identified under Rule 23(e)(3) (in this case, none).

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.   The Court notes that it is particularly aware of the risks of trial in this case having tried and written a 185-page decision in the *Epic Games v. Apple* dispute referenced above. Preliminary approval will allow the Court to hear any objections by the proposed class members before final approval.

In terms of structural relief, under the Settlement, Apple has agreed to maintain the 15-percent commission tier for U.S. developers enrolled in the Small Business Program for at least three years after Final Approval. *See id.* § 5.1.1.  Next, Apple has agreed to revise its App Store Guidelines to permit developers of all app categories to communicate with consenting customers outside their app, including via email and other communication services, about purchasing methods other than in-app purchase. *See id.* § 5.1.3.  Third, for at least three years after Final Approval, Apple will continue to "conduct robust experimentation to drive continuous improvement" in App discoverability, including in ways that will "give new and high-quality apps a chance to be found." *See id.* § 5.1.2. Fourth, Apple will expand its pricing tiers from 100 to 500 (by December 31, 2022), and maintain those tiers for at least three years from Final Approval. *See id.* § 5.1.4. This enhanced pricing freedom will allow iOS developers to more carefully calibrate their prices to compete and enhance revenues. Fifth, Apple will create an appeal process, which will be available to any developer who "believes that there has been unfair treatment by Apple in

4

the review of any of the U.S. developer's apps, or in-app products, or updates." *See id.* 5.1.5. Apple will be required under the Settlement to maintain this appeal process, and the website callout, for at least three years. *See id.* Finally, in terms of transparency, for at least three years from Final Approval, Apple will publish an annual "transparency report" that (at a minimum) will provide (a) meaningful statistics on the number of apps rejected and reasons why, (b) the number of customer and developer accounts deactivated, and (c) objective data regarding search queries and results, and the number of apps removed from the App Store. *See id.* § 5.1.6.  The Court finds these structural benefits are valuable to the settlement class.

Accordingly, the Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2).  Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

### 4. Plan of Allocation

The allocation plan provides a minimum payment to every member of the settlement class, with higher payments available to those who have participated more extensively in the iOS app ecosystem. Each class member's recovery will be tied to the historic proceeds they have generated through the App store. Given that settlement class members' proceeds in the app store can be influenced by discoverability issues outside their control, plaintiffs believe that an equitable means of allocating the settlement fund is to group settlement class members into tiers, which the settlement does. In its initial analysis, the Court finds that this appears to be a fair method of distribution.

The estimated recovery falls into the following categories:

> 51% will get a minimum payment of $250

> 23% will get a minimum payment of $500

> 11% will get a minimum payment of $1,000

> 4% will get a minimum payment of $1,500

> 6% will get a minimum payment of $2,000

> 2% will get a minimum payment of $3,500

1                2% will get a minimum payment of $ 5,000

2                1% will get a minimum payment of $10,000

3                1% will get a minimum payment of $20,000

4                1% will get a minimum payment of $30,000

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the Class Notice. Class members will receive a settlement share unless they submit a valid and timely request for exclusion no later than **MARCH 21, 2022.**

### 5. Notice Plan

The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

The Court approves the revised form of the proposed Class Notice attached as **Exhibit B** to this Order. Taken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing, and are therefore **APPROVED**.

### 6. Settlement Administrator

Angeion Group is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than **JANUARY 14, 2022** ("Notice Date"). Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

Defendant is directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than **DECEMBER 3, 2021**.

### 7. Exclusion/Opt-Out

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator no later than **MARCH 21, 2022**.  Requests for exclusion must be in writing and must set forth the name and address of the person who wishes to be excluded, and must be signed by the class member seeking exclusion.  No later than **APRIL 29, 2022**, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

### 8.  Objections

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than **MARCH 21, 2022**. Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

### 9.  Attorneys' Fees and Class Representative Awards

Plaintiffs and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later than **FEBRUARY 14, 2022**.  Counsel is reminded that the Court does not typically award thirty-three percent (33%) of the gross settlement fund as fees and that any request for the same will need to be accompanied by detailed time records.  Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative

awards by filing a written objection with the Court no later than **MARCH 21, 2022**, as stated in paragraph 8 above.

Plaintiffs shall file a reply brief responding to any timely objection no later than **APRIL 29, 2022**.

### 10.  Fairness and Final Approval Hearing

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than **APRIL 29, 2022.**

The Court will conduct a Fairness and Final Approval Hearing on **JUNE 7, 2022 AT 2:00 PM**, to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than **MAY 6, 2022**.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

### 11.  Post-Distribution Accounting

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare accordingly.

| Summary of Key Dates | |
| --- | --- |
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | **December 3, 2021** |
| Notice Campaign and Claims Period Begins ("Notice Date") | **January 14, 2022** |

United States District Court
Northern District of California

| | |
|---|---|
| Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards | **February 14, 2022** |
| Exclusion and Objection Deadline | **March 21, 2022** |
| Motion for Final Approval and Response to Objections | **April 29, 2022** |
| Claims Period Closes | **May 20, 2022** |
| Final Approval Hearing | **June 7, 2022 at 2:00pm** |

**IS SO ORDERED.**

This terminates Docket No. 396.

Dated: 11/16/2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

|  |  |
|---|---|
| Donald R. Cameron, et al., | Case No. 4:19-cv-03074-YGR |
| Plaintiffs, | The Honorable Yvonne Gonzalez Rogers |
| v. |  |
| Apple Inc., | **STIPULATION OF SETTLEMENT** |
| Defendant. |  |

## SETTLEMENT AGREEMENT AND RELEASE

The Parties, by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Settlement Agreement, hereby warrant, represent, acknowledge, covenant, stipulate and agree, subject to Court approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

## 1. DEFINITIONS

As used herein the following terms have the meanings set for below:

1.1     "Action" shall mean the litigation styled Donald R. Cameron, Pure Sweat Basketball, Inc., and Barry Sermons, on behalf of themselves and all others similarly situated v. Apple Inc., Case No. 4:19-cv-03074-YGR, filed in the United States District Court for the Northern District of California (the "Court").

1.2     "Apple" means Apple Inc.

1.3     "Approved Claims" means those Claims which are approved by the Settlement Administrator for payment.

1.4     "Associated Developer Accounts" means any U.S. Apple Developer Program account that an individual or legal entity owns or controls, or any U.S. Apple Developer Program account that owns or controls a given individual's or legal entity's account.

1.5     "Attorneys' Fees" means any award of attorneys' fees, costs, and expenses of any kind or description incurred by Class Counsel or other attorneys, experts, consultants, or agents of the Named Plaintiffs or the Settlement Class.

1.6     "Claim Form" means the proof of claim and release form(s) in a form mutually agreeable to the parties, to be attached as an exhibit to the Motion for Preliminary Approval.

1.7     "Claim" means any claim submitted by a Settlement Class Member.

1.8     "Claims Period" means the period between the Notice Date until the deadline set forth in paragraph 7.4.

1.9     "Class Counsel" means the law firm of Hagens Berman Sobol Shapiro LLP, who has any and all authority and capacity necessary to execute this Settlement Agreement and bind all of the Named Plaintiffs who have not personally signed this Settlement Agreement, as if each of those individuals had personally executed this Settlement Agreement.

1.10    "Class Notice" means the Notice of Pendency and Proposed Settlement of Class Action in a form mutually agreeable to the parties, to be attached as an exhibit to the Motion for Preliminary Approval.

1.11    "Court" means the United States District Court for the Northern District of California.

1.12    "Defense Counsel" means the law firm of Gibson, Dunn & Crutcher LLP.

1.13    "Developer" means a person or entity who has registered for a Developer Program Account with Apple, and shall include all Associated Developer Accounts.  A "U.S. Developer" means a Developer who self-identified as U.S.-based when registering for the Developer Program.

1.14    "Effective Date" shall mean the first day after which all of the following events and conditions of this Settlement Agreement have been met or occurred:

(a) Apple, Class Counsel, and Defense Counsel have executed this Settlement Agreement;

(b) The Court has conditionally certified the Settlement Class, preliminarily approved the Settlement, and approved notice to the Settlement Class;

(c) The time period for members of the Settlement Class to exclude themselves has expired;

(d) The Settlement Administrator has delivered the spreadsheet(s) and information to Defense Counsel and Class Counsel as specified in Section 7.9 and 7.10;

(e) All disputed Claims have been resolved;

(f) The Court has entered the Final Approval Order and Final Judgment;

(g) The time for appeal or writ of the Final Approval Order and Final Judgment has expired or, if an appeal and/or petition for review is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired;

(h) The time for appeal or writ of any order regarding Attorneys' Fees and Expenses and/or Named Plaintiff Service Awards has expired or, if an appeal and/or petition for review is taken and the order is affirmed, the

time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired;

(i) The Action is dismissed with prejudice and a final judgment is entered; and

(j) The time for appeal or writ of the final judgment in the Action has expired or, if an appeal and/or petition for review is taken and the dismissal is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.

1.15 "Final Approval Order and Final Judgment" means the final approval order and judgment dismissing and closing the Action.

1.16 "Final Hearing" means the hearing(s) held by the Court to consider and determine whether the requirements for certification of the Settlement Class have been met and whether the Settlement should be approved as fair, reasonable, and adequate; whether Class Counsel's Attorneys' Fees should be approved; and whether the Final Approval Order and Final Judgment should be entered. The Final Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections and requested to speak at the Final Hearing), be continued or adjourned by order of the Court.

1.17 "Named Plaintiffs" means Donald R. Cameron and Pure Sweat Basketball, Inc.

1.18 "Net Small Developer Assistance Fund" means the Small Developer Assistance Fund, reduced by the sum of the following amounts: (1) the costs of notice and the costs of administering the Settlement, as set forth in Sections 7.1 and 7.2 below; (2) any Attorneys' Fees (which may include separate awards for fees and expenses) to Class Counsel, as set forth in

4

Sections 9.1 and 9.2 below; and (3) any Service Awards provided to Named Plaintiffs with the authorization of the Court.

1.19    "Notice Date" means the date set forth in the Preliminary Approval Order for commencing the transmission of the Email Notice.

1.20    "Parties" means Apple and the Named Plaintiffs.

1.21    "Proceeds" means a Developer's net revenues on the U.S. App Store storefront, after subtracting out any commission paid to Apple.

1.22    "Preliminary Approval Order" means an order preliminarily approving the Settlement, providing for notice to the Settlement Class, and preliminarily approving a proposed disposition of the Small Developer Assistance Fund.

1.23    "Released Parties" means (a) Apple and its past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Apple; and (b) the past, present, and future shareholders, officers, directors, members, agents, employees, independent contractors, consultants, administrators, representatives, fiduciaries, insurers, predecessors, successors, and assigns of the entities in part (a) of this paragraph.

1.24    "Service Award" means a payment from the Small Developer Assistance Fund to either or both of the two Named Plaintiffs, in an amount not to exceed $5,000.00, in recognition of their service in prosecuting this action as developer businesses, exclusive of any other payments to which they might be entitled under this Agreement, if approved by the Court.

1.25    "Settlement" and "Settlement Agreement" mean the settlement described in this Stipulation of Settlement.

1.26    "Settlement Administrator" means Angeion Group, which shall provide settlement notice and administration services pursuant to the terms of this Settlement Agreement.

1.27    "Settlement Class" means all former or current U.S. Developers of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iOS App Store that earned, through all Associated Developer Accounts, Proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which the U.S. Developer had a Developer Account between June 4, 2015 to the date of this Agreement.  For class definition purposes, the 2015 calendar year shall consist of June 4, 2015 through December 31, 2015.  The 2021 calendar year shall consist of January 1, 2021 through April 26, 2021, the last date in 2021 for which there are available developer transactional data as produced in this Action. Additionally, excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, (d) any Developers who validly request exclusion ("opt out") from the Settlement Class, and (e) any other individuals whose claims already have been adjudicated to a final judgment.

1.28    "Settlement Class Member" means and includes every member of the Settlement Class who does not validly and timely request exclusion ("opt out") from the Settlement Class.

1.29    "Small Developer Assistance Fund" means a non-reversionary cash fund total of $100,000,000.00 to be paid by Apple and administered by the Settlement Administrator in accordance with the terms of this Settlement Agreement.

1.30    "Settlement Website" means an Internet website that the Settlement Administrator shall establish to inform the Settlement Class of the terms of this Settlement, their rights, dates, deadlines, and related information.

1.31    "Summary Notice" means the Summary Notice of Settlement in a form mutually agreeable to the parties, to be attached as an exhibit to the Motion for Preliminary Approval.

## 2. <u>RECITALS</u>

This Agreement is made for the following purposes and with reference to the following facts:

2.1    On June 4, 2019, plaintiffs Donald Cameron and Pure Sweat Basketball, Inc. filed the first complaint in the Action in the United State District Court for the Northern District of California.  On September 30, 2019, Named Plaintiffs filed a Consolidated Amended Complaint. The Consolidated Amended Complaint alleged that Apple had monopolized an alleged iOS app and in-app-product distribution services market in violation of Section 2 of the Sherman Act; that Apple had attempted to monopolize an alleged iOS app and in-app-product distribution services market in violation of Section 2 of the Sherman Act; and that Apple's conduct violated Section 17200 of the California Business and Professions Code.

2.2    The Parties engaged in extensive discovery in the Action, which was consolidated with *Epic v. Apple Inc.*, Case No. 4:20-CV-05640-YGR, and *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR, for purposes of discovery.  Apple produced more than 20 million pages of documents and the Parties deposed almost 50 individuals.

2.3    On January 1, 2021, Apple introduced the App Store Small Business Program ("SBP").  The structure and timing of the SBP was driven by Apple's desire to accelerate innovation and help propel small businesses forward with the next generation of groundbreaking

apps on the App Store, in light of the Coronavirus pandemic.  Apple also acknowledges that the pendency of this lawsuit was a factor in its decision to adopt the SBP.  Under the Small Business Program:

- Existing developers who made up to $1,000,000.00 in proceeds in 2020 for all their apps, as well as developers new to the App Store, can qualify for the program and a reduced commission rate of fifteen percent (15%) on paid apps and in-app purchases.

- If a participating developer surpasses the $1,000,000.00 threshold, Apple's standard commission rate will apply to future sales.

- If a developer's proceeds fall below the $1,000,000.00 threshold in a future calendar year, they can requalify for the fifteen percent (15%) commission the year after.

- Developers must identify any Associated Developer Accounts to determine proceeds eligibility.

2.4     On June 1, 2021, Named Plaintiffs filed a motion for class certification in the Action, seeking certification of a class of all U.S. developers of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iOS App Store at any time on or after June 4, 2015.  On August 10, 2021, Apple filed its opposition to Plaintiffs' motion for class certification, along with a motion to exclude Plaintiffs' experts and a motion to compel a trial plan.

2.5     The Parties engaged in extensive, arm's-length negotiations over the course of the Action, with the assistance of the Hon. Layn R. Phillips (Ret.) of Phillips ADR, a former United States District Court Judge and one of the most experienced mediators in the United States.  As a

result of these arm's-length negotiations, the Parties reached the Settlement set forth in this Settlement Agreement, which memorializes the Parties' agreement.  The Parties intend that this Settlement completely resolve any and all claims that were, or could have been, asserted in the Action on behalf of the Settlement Class.

2.6     Apple vigorously disputes the claims alleged in the Action and is entering into this Settlement to avoid burdensome and costly litigation.  The Settlement is not an admission of wrongdoing, fault, liability, or damage of any kind.  Among other things, Apple disputes that Named Plaintiffs' claims have merit, that Named Plaintiffs will be able to certify any class in this Action for litigation purposes, and that Named Plaintiffs and the putative class would be entitled to any relief.  Without admitting any of the allegations made in the Action or any liability whatsoever, Apple is willing to enter into this Settlement solely in order to eliminate the burdens, distractions, expense and uncertainty of protracted litigation and in order to obtain the releases and final judgment contemplated by this Settlement, and to provide additional assistance to the small developer community that is an integral part of the iOS ecosystem.

2.7     Class Counsel and the Named Plaintiffs believe that the claims asserted in the Action have merit and have examined and considered the benefits to be obtained under this Settlement, the risks associated with the continued prosecution of this complex and potentially time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable and in the best interests of the Settlement Class.

2.8     The Parties desire to settle the Action in its entirety with respect to all potential claims arising out of the same facts alleged in the complaints filed in the Action.  The Parties

intend this Settlement Agreement to bind Apple, the Named Plaintiffs, and all other Settlement Class Members.

3. **CONFIDENTIALITY**

3.1     The Parties must comply with all portions of the Stipulated Protective Order (Dkt. 252) (as well as all Supplemental Protective Orders entered in the Action), including but not limited to Section 14 of the Stipulated Protective Order, which requires the return, destruction, or deletion of Protected Material (as defined in the Protective Order) within sixty (60) days of the final disposition of the Action.

3.2     This Settlement Agreement and its terms, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and the Motion for Preliminary Approval is filed with the Court.  Pending the filing of that Motion, Class Counsel may disclose this Settlement Agreement and its terms to their respective clients and experts as necessary for the implementation of this Settlement Agreement, who will also maintain the complete confidentiality of this Settlement Agreement and its terms, including the fact of the proposed Settlement.

4. **CERTIFICATION OF THE SETTLEMENT CLASS**

4.1     The Parties stipulate and agree that, subject to Court approval, the Settlement Class should be conditionally certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure solely for purposes of the Settlement embodied in this Settlement Agreement.  If, for any reason, this Settlement Agreement is not approved by the Court, the stipulation for certification and all of the agreements contained herein shall be considered null and void as provided in Section 8.5.

4.2     Apple does not consent to certification of the Settlement Class (or to the propriety of class treatment) for any purpose other than to effectuate this Settlement.  For the avoidance of

doubt, Apple does not agree that this (or any) class of Developers could be certified for litigation purposes or that a trial of these claims would be manageable.  Apple's agreement to provisional certification for purposes of settlement does not constitute an admission of wrongdoing, fault, liability, or damage of any kind, or that any class certification would be appropriate for litigation or any other purpose other than to effectuate this Settlement.

4.3     If for any reason the Effective Date does not occur or this Settlement Agreement is terminated, disapproved by any court (including any appellate court), or not consummated for any reason, the order certifying the Settlement Class for purposes of effectuating the Settlement (and all preliminary and final findings regarding that class certification order) shall be automatically vacated upon notice of the same to the Court.  The Action shall then proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to their procedural postures on the date this Settlement Agreement was signed.  Additionally, the Parties and their counsel shall not contend that certification (or agreement to certification) of the Settlement Class supports certification of any litigation class if this Settlement Agreement is not consummated and the Action is later litigated and certification is contested by Apple under Rule 23 or any equivalent statute or rule.

**5.   SETTLEMENT CONSIDERATION**

5.1     **Structural Relief**.  In consideration of the releases and dismissals set forth in this Settlement Agreement, subject to Court approval, and subject to the other terms and conditions of this Settlement Agreement, Apple agrees that for a period of at least three (3) years following the Final Approval Order, Apple shall:

5.1.1   Maintain a commission rate of no greater than fifteen percent (15%) for U.S. Developers who are enrolled participants in the Small Business Program,

pursuant to the terms and conditions of the Small Business Program and subject to program participation requirements.

5.1.2   Continue to drive App Store search results primarily by objective characteristics, including but not limited to downloads, star ratings, text relevance, and user behavior signals.  Apple may also continue to include apps based on other characteristics, such as similar goals or developer association, as well as to give new and high-quality apps a chance to be found.  Apple will also continue to conduct robust experimentation to drive continuous improvement.

5.1.3   Permit all U.S. Developers to communicate with their customers via email and other communication services outside their app about purchasing methods other than in-app purchase, provided that the customer consents to the communication and has the right to opt out.  In-app communications, including via Apple Push Notification service, are outside the scope of this provision. Apple will revise its App Store Guidelines to permit the foregoing for all app categories, including by deleting from Guideline 3.1.3 the following language: "Developers cannot use information obtained within the app to target individual users outside of the app to use purchasing methods other than in-app purchase (such as sending an individual user an email about other purchasing methods after that individual signs up for an account within the app)."

5.1.4   Expand the choice of price points for subscriptions, in-app purchases, and paid apps from fewer than 100 to more than 500 (by December 31, 2022).

5.1.5   Maintain the option for U.S. Developers to appeal the rejection of an app based on unfair treatment and add online content to the app review portion of Apple's developer website (https://developer.apple.com/app-store/review/) to explicitly note that a developer can appeal the rejection of an app when the developer believes that there has been unfair treatment by Apple in the review of any of the U.S. Developer's apps, in-app products, or updates.

5.1.6   Publish an annual transparency report that, at a minimum, will convey meaningful statistics such as the number of apps rejected for different reasons, the number of customer and developer accounts deactivated, objective data regarding search queries and results, and the number of apps removed from the App Store.

5.2   **Covenant Not to Sue.**   The members of the Settlement Class expressly agree to the appropriateness of Apple's commission structure, including but not limited to the Small Business Program, as it applies to the Settlement Class.   In light of the structural and monetary relief afforded by Apple pursuant to this Settlement Agreement, the members of the Settlement Class covenant not to sue Apple on any claim that was or could have been asserted in the Action.

5.3   **Small Developer Assistance Fund.**   In light of the contributions made by Settlement Class Members to the app economy, particularly as the economy continues to suffer the effects of the Coronavirus pandemic, and in further consideration of the releases and dismissals set forth in this Settlement Agreement, subject to Court approval, and subject to the other terms and conditions of this Settlement Agreement, Apple shall establish a Small Developer Assistance Fund ("Small Developer Assistance Fund").

13

5.3.1   Within thirty (30) days after an Order granting Preliminary Approval, Apple shall transfer $2,000,000.00 into an account established by the Settlement Administrator for payment of the costs of settlement administration.  Within thirty (30) days after the Effective Date, Apple shall transfer $98,000,000.00 into an account established by the Settlement Administrator for the Small Developer Assistance Fund.  Apple's total financial commitment under this Settlement Agreement shall be $100,000,000.00.

5.3.2   The Settlement Administrator shall agree to hold the Small Developer Assistance Fund in an interest-bearing account and administer the Small Developer Assistance Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined in Treasury Regulation § 1.468B-1 et seq.  Any taxes owed by the Small Developer Assistance Fund shall be paid by the Settlement Administrator out of the Small Developer Assistance Fund.  The interest earned in the aforementioned account shall be added to the Small Developer Assistance Fund.

## 6.  DISPOSITION OF THE SMALL DEVELOPER ASSISTANCE FUND

6.1  The Small Developer Assistance Fund shall be applied as follows:

6.1.1   to pay the costs of notice and the costs of administering the Settlement, as set forth in Section 7 below;

6.1.2   to pay any approved Attorneys' Fees to Class Counsel as set forth in Section 9 below;

6.1.3   to pay any Court-approved Service Awards to Named Plaintiffs; and

14

6.1.4   to distribute the Net Small Developer Assistance Fund to Settlement Class Members as set forth in Section 6.2 and 6.3 below.

6.2   The Small Developer Assistance Fund will be distributed to all Settlement Class Members who have Approved Claims, with each such U.S. Developer entitled to a minimum payment of $250.00 from the Net Small Developer Assistance Fund.  U.S. Developers may qualify for a higher payment based on their historic participation in the App Store ecosystem.  For all Approved Claims, the following amounts will be calculated based on Settlement Class Members' Proceeds from June 4, 2015 to December 31, 2020:

6.2.1   A Settlement Class Member who earned Proceeds of no more than $100.00 from all of their Associated Developer Accounts will receive a minimum payment of $250.00.

6.2.2   A Settlement Class Member who earned Proceeds of between $100.01 and $1,000.00 from all of their Associated Developer Accounts will receive a minimum payment of $500.00.

6.2.3   A Settlement Class Member who earned Proceeds of between $1,000.01 and $5,000.00 from all of their Associated Developer Accounts will receive a minimum payment of $1,000.00.

6.2.4   A Settlement Class Member who earned Proceeds of between $5,000.01 and $10,000.00 from all of their Associated Developer Accounts will receive a minimum payment of $1,500.00.

6.2.5   A Settlement Class Member who earned Proceeds of between $10,000.01 and $50,000.00 from all of their Associated Developer Accounts will receive a minimum payment of $2,000.00.

6.2.6   A Settlement Class Member who earned Proceeds of between $50,000.01 and $100,000 from all of their Associated Developer Accounts will receive a minimum payment of $3,500.00.

6.2.7   A Settlement Class Member who earned Proceeds of between $100,000.01 and $250,000.00 from all of their Associated Developer Accounts will receive a minimum payment of $5,000.00.

6.2.8   A Settlement Class Member who earned Proceeds of between $250,000.01 and $500,000.00 from all of their Associated Developer Accounts will receive a minimum payment of $10,000.00.

6.2.9   A Settlement Class Member who earned Proceeds of between $500,000.01 and $1,000,000.00 from all of their Associated Developer Accounts will receive a minimum payment of $20,000.00.

6.2.10  A Settlement Class Member who earned Proceeds of over $1,000,000.01 from all of their Associated Developer Accounts will receive a minimum payment of $30,000.00.

6.3  The minimum payment amounts set forth in Section 6.2 above assume that one hundred percent (100%) of Settlement Class Members have an Approved Claim.  If not all Settlement Class Members have an Approved Claim, then the minimum payment amounts to Settlement Class Members with Approved Claims shall increase

16

proportionally in correspondence with the same categories of Developer Proceeds as contained in Section 6.2.

6.4   The minimum payment amounts set forth in Section 6.2 above assume that the Net Small Developer Assistance Fund is approximately $68 million.  The actual amount could be greater or less depending on the costs of administration, any Service Awards, and the amounts awarded by the Court for attorneys' fees and expenses pursuant to Section 9.1.

6.5   Within sixty (60) days after receiving the Small Developer Assistance Funds pursuant to Section 5.3, the Settlement Administrator shall have substantially completed the issuance of the initial payments to the Settlement Class Members with Approved Claims, which shall be sent to Settlement Class Members through electronic distribution, or in the form of physical checks mailed to the Settlement Class Member's mailing address as contained in Apple's company records or set forth on the Claim Form for those Settlement Class Members for whom electronic distribution is not available.  To the extent economically and practically feasible, the Settlement Administrator shall follow up and communicate with Settlement Class Members who have not cashed their checks within sixty (60) days of distribution.  Unused checks shall expire not later than the first anniversary of the initial date of distribution.

6.6   Following distribution of the Small Developer Assistance Fund as set forth in Sections 6.1-6.3, if approved by the Court, any remaining funds (including any funds from uncashed checks) will be used as a *cy pres* distribution to Girls Who Code, a nonprofit organization working to close the gender gap in technology and to change the image of what a programmer looks like and does, or another similar charitable organization

as approved by the Court.  Under no circumstances will Small Developer Assistance Funds revert to Apple.

7. **NOTICE AND SETTLEMENT ADMINISTRATION.**

7.1 **Neutral Settlement Administrator.**  Subject to Court approval, the Settlement Administrator shall provide settlement notice and administration services, in accordance with the terms of this Settlement Agreement and as ordered by the Court in the Preliminary Approval Order. As provided in Section 6.1.1, the reasonable costs of notice and the costs of administering the Settlement shall be paid out of the Small Developer Assistance Fund.

7.2 **Notice Procedures.**  The Parties agree to the following forms and methods of notice to the Settlement Class:

7.2.1 A copy of the Class Notice, together with the Claim Form, the Settlement, the motions for Final Approval Order and Final Judgment, and Attorneys' Fees, and Court orders pertaining to the Settlement, shall be posted and available for download on the Settlement Website maintained by the Settlement Administrator.

7.2.2 The Settlement Administrator shall send a copy of the Summary Notice to the email and physical addresses for Associated Developer Accounts of developers who are or reasonably may be members of the Settlement Class.  The electronic version of the Summary Notice shall contain a direct link to the Settlement Website and the instructions for the Claim Form.  To facilitate the distribution of the Summary Notice, within thirty (30) days of the date of execution of the Settlement Agreement, Apple shall provide the Settlement Administrator with the email and physical addresses for Associated Developer Accounts of

18

developers who are or reasonably may be members of the Settlement Class, along with transactional data produced in this Action sufficient to calculate Proceeds for purposes of implementing this Agreement.

7.2.3   The names, email addresses, physical mailing addresses, and Proceeds of Associated Developer Accounts are personal information about the potential members of the Settlement Class and shall be provided to the Settlement Administrator solely for the purposes of providing notice, processing requests for exclusion, and administering payment.  The Settlement Administrator shall execute the Stipulated Protective Order (Dkt. 252), treat all such information as "Highly Confidential – Attorneys' Eyes Only," and take all reasonable steps to ensure that all such information is used solely for the purpose of administering this Settlement.

7.2.4   The Settlement Administrator shall commence the notice by the Notice Date. If, despite using best efforts, the Settlement Administrator is unable to commence the notice by the Notice Date, the Settlement Administrator shall inform the Parties of the status of the notice, and notify the Parties when the notice has been commenced.

7.2.5   In addition to the notice required by the Court, the Parties may jointly agree to provide additional notice to the members of the Settlement Class, although Class Counsel and Apple must both approve any additional notice.

7.2.6   If this notice plan is not approved, or is modified in a material way by the Court, the Parties shall have the right to terminate the Settlement.

7.3     **Claim Form.**  Settlement Class Members who wish to receive a cash payment will be required to submit a Claim Form.  The Claim Form shall, among other things, require the Settlement Class Member to certify, under penalty of perjury, that (a) they have only one Associated Developer Account, or (b) if they have more than one Associated Developer Account, that they have identified all Associated Developer Accounts in a manner to be specified in the Claim Form.  The Claim Forms shall be submitted to the Settlement Administrator via U.S. mail or electronically through the Settlement Website.

7.4     **Claims Period.**  To be valid, Claim Forms, requests to opt out, and objections must be received by the Settlement Administrator within one hundred and twenty (120) days from the Notice Date.

7.5     **Process for Opting Out of Settlement.**  The Class Notice shall provide a procedure whereby members of the Settlement Class may exclude themselves from the Settlement. The members of the Settlement Class shall have no less than sixty (60) days following the Notice Date to exclude themselves.  Any member of the Settlement Class who does not timely and validly request exclusion shall be a Settlement Class Member and shall be bound by the terms of this Settlement.  As soon as practicable after the opt-out deadline, the Settlement Administrator shall provide the Court and the Parties with a list of Settlement Class Members who timely and validly requested exclusion from the Settlement.

7.6     **Process for Objections.**  The Class Notice shall provide a procedure whereby Settlement Class Members may object to the Settlement.  All objections shall be filed with the Court ~~and served on Class Counsel and Defense Counsel~~ within ~~sixty (60)~~ sixty-six (66) days from the Notice Date.  Any objection shall, at a minimum, require the individual to provide:  (a) a detailed statement of such Settlement Class Member's specific objections to any matters before the Court;

HG 11-5-21
SB 115-3

20

(b) the grounds for such objections and the reason such Settlement Class Member desires to appear and to be heard; and (c) proof of membership in the Settlement Class, as well as all other materials the Settlement Class Member wants the Court to consider.

7.7    **Review of Claims Submitted.**   The Settlement Administrator shall determine whether a submitted Claim Form meets the requirements set forth in this Settlement Agreement. Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine whether each Claim shall be allowed.   The Settlement Administrator shall use best practices and all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims.

7.8    **Rejection of Claims Forms.**  Claim Forms that do not meet the requirements set forth in this Settlement and/or in the Claim Form instructions shall be rejected by the Settlement Administrator.   The Settlement Administrator shall have thirty (30) days from the end of the Claims Period to exercise the right of rejection.   The Settlement Administrator shall notify the claimant using the contact information provided in the Claim Form of the rejection.  Class Counsel and Defense Counsel shall be provided with copies of all such notifications of rejection, provided that the copies do not contain the name, email address, mailing address, or other personal identifying information of the claimant.  If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within ten (10) days from receipt of the rejection, transmit to the Settlement Administrator by email or U.S. mail a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the Claim.  If Class Counsel and Defense Counsel cannot agree on a resolution of the claimant's notice contesting the rejection,

the disputed Claim shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.  No person shall have any claim against Apple, Defense Counsel, the Named Plaintiffs, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.  This provision does not affect or limit in any way the right of review by the Court or referee of any disputed Claim Forms as provided in this Settlement.

7.9    **Information Regarding Claims Submitted, Approved, and Rejected.**  Within forty-five (45) days from the end of the Claims Period, the Settlement Administrator shall provide a spreadsheet to Class Counsel and Defense Counsel that contains information sufficient to determine:  (a) the number of Settlement Class Members that submitted a claim; (b) the number of submitted Claim Forms that are valid and timely and the number that were not valid and/or timely; (c) the number of submitted Claim Forms the Settlement Administrator intends to treat as Approved Claims; and (d) the number of submitted Claim Forms the Settlement Administrator has denied and the reason(s) for the denials.  The Settlement Administrator shall provide supplemental spreadsheets with respect to the resolution of any rejected claims or any Claim Forms submitted after the expiration of the deadline, within a reasonable time after such resolution or receiving such Claim Forms.  The materials that the Settlement Administrator provides to Class Counsel pursuant to this paragraph shall not contain the names, email addresses, mailing addresses, or other personal identifying information of the Settlement Class Members.  The Settlement Administrator shall retain the originals of all Claim Forms (including envelopes with postmarks, as applicable), and shall make copies available to Class Counsel or Defense Counsel (with redactions to remove the names, email addresses, mailing addresses, or other personal identifying information of the Settlement Class Members) upon request.  All such spreadsheets and related materials (including

22

Claim Forms) shall be designated as "Highly Confidential – Attorneys' Eyes Only" as provided in Section 7.2.3. Should Class Counsel believe they require the name, email address, mailing address, or other personal identifying information of any particular Settlement Class Member, the Parties shall meet-and-confer, on a case-by-case basis, to determine whether the release of such personal identifying information is necessary. Any disputes regarding whether such information may be released to Class Counsel shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution. The Settlement Administrator shall only release personal identifying information upon authorization of Apple and/or the authorization of the Court or referee.

  7.10 **Opportunity for Review.** Defense Counsel and Class Counsel shall have fourteen (14) days after receiving the spreadsheet(s) and information specified in Section 7.9 to contest the Settlement Administrator's determination with respect to any of the submitted Claims. Defense Counsel and Class Counsel shall meet and confer in good faith within ten (10) days to reach resolution of any such disputed Claim(s). If Class Counsel and Defense Counsel cannot agree on a resolution of any such disputed Claim(s), the disputed Claim(s) shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.

## 8. COURT APPROVAL

  8.1 The Parties agree to recommend approval of the Settlement to the Court as fair and reasonable and to undertake their best efforts to obtain such approval. "Best efforts" includes that the Parties may not oppose any application for appellate review by one of the Parties in the event the Court denies preliminary or final approval. The Parties therefore agree that, at 5:00 PM Pacific time on August 26, 2021, the Named Plaintiffs shall submit this Settlement Agreement to the Court and shall apply for entry of the Preliminary Approval Order.

8.2     Class Counsel shall draft the Motion for Preliminary Approval requesting issuance of the Preliminary Approval Order as soon as practicable after execution of this Settlement Agreement, and shall provide that draft to Defense Counsel on or before August 24, 2021.  The Motion for Preliminary Approval shall be written in a neutral manner that does not contain inflammatory language about the Parties or their perceived conduct in the Action.  The Parties shall agree on the form of all exhibits attached to the Motion for Preliminary Approval, including but not limited to the Notice, the Summary Notice, and the Claims Form.

8.3     Upon filing of the Motion for Preliminary Approval, Apple shall provide timely notice of the Settlement as required by the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*.

8.4     In accordance with the schedule set in the Preliminary Approval Order, Class Counsel shall draft the motion for Final Approval Order and Final Judgment and shall provide that draft to Defense Counsel at least seven (7) days before filing such motion with the Court.

8.5     In the event that the Settlement is not approved (following the exhaustion of any appellate review), then (a) this Settlement Agreement shall be null and void and of no force or effect, (b) any payments made to the Settlement Administrator, including any and all interest earned thereon less monies expended toward settlement administration and/or Small Developer Assistance Fund, shall be returned to Apple within ten (10) days from the date the Settlement Agreement becomes null and void, (c) any release shall be of no force or effect, and (d) neither the Settlement Agreement nor any facts concerning its negotiation, discussion, terms or documentation shall be referred to or used as evidence or for any other purpose whatsoever in the Action or in any other action or proceeding.  In such event, the Action will proceed as if no settlement has been attempted, and the Parties shall be returned to their respective procedural postures existing on the date the Settlement is executed, so that the Parties may take such litigation steps that they otherwise

would have been able to take absent the pendency of this Settlement.  However, any reversal, vacatur, or modification on appeal of (a) any amount of the Attorneys' Fees and Expenses awarded by the Court to Class Counsel, or (b) any determination by the Court to award less than the amounts requested in Attorneys' Fees and Expenses or Named Plaintiff Service Awards shall not give rise to any right of termination or otherwise serve as a basis for termination of this Settlement.

### 9. ATTORNEYS' FEES

9.1     Class Counsel may submit an application or applications to the Court  for distribution to them from the Small Developer Assistance Fund of an award of attorneys' fees and expenses incurred in connection with prosecuting the Action and as may be awarded by the Court (the "Fee and Expense Award").  Apple reserves the right to object to or oppose a request for attorneys' fees and expenses.

9.2     The Fee and Expense Award, as approved by the Court, shall be paid solely from the Small Developer Assistance Fund to an account designated by Class Counsel within forty-five (45) days after the Effective Date.

9.3     Class Counsel has the authority and responsibility to allocate and distribute the awarded funds to other counsel based, in its sole discretion, on counsel's efforts and contributions in the Action, provided that the allocation and distribution is consistent with the Court's order(s) regarding the Fee and Expense Award.  Apple and Defense Counsel shall have no liability or other responsibility for allocation of any such awarded funds, and, in the event that any dispute arises relating to the allocation of fees or costs, Class Counsel and the Settlement Administrator agree to hold Apple and Defense Counsel harmless from any and all such liabilities, costs, and expenses of such dispute.

9.4     Apple shall not be liable for any additional fees or expenses of the Named Plaintiffs or any Settlement Class Member in connection with the Action.  Class Counsel agree that they will not seek any additional fees, expenses, or costs from Apple in connection with the Action or the settlement of the Action beyond the approved Fee and Expense Award.  Apple expressly agrees that it will not seek to recover its attorneys' fees, expenses, or costs from the Named Plaintiffs or Class Counsel once this Settlement Agreement becomes effective pursuant to the Effective Date.

9.5     The Court's Fee and Expense Award shall be separate from its determination of whether to approve the Settlement.  In the event the Court approves the Settlement, but declines to award Class Counsel's attorneys' fees or expenses in the amounts requested by Class Counsel, the Settlement will nevertheless be binding on the Parties.

## 10. RELEASES AND DISMISSAL OF ACTION

10.1     As of the Effective Date, the Settlement Class Members and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or ~~are related to~~ arise from the same facts underlying the claims asserted in the Action, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief. By example only,

HG 11-5-21
SB 11-5-21

26

and without limitation, the Settlement Class Members expressly release any claim, contention, argument, or theory that the commissions charged by Apple on paid downloads or in-app purchases of digital content (including subscriptions) through the App Store are supracompetitive, inflated, or otherwise set at unlawful amounts. Accordingly, the Settlement shall terminate the Action. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

10.2    As of the Effective Date, the Named Plaintiffs and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or ~~are related to~~ arise from the same facts underlying the claims asserted in the Action regarding the App Store, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

HG 11-5-21

SG 11-5-21

10.3    After entering into this Settlement, the Settlement Class Members and/or Named Plaintiffs may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the claims released by this Settlement, but they intend to release

27

fully, finally and forever any and all such claims.  The Settlement Class Members and Named Plaintiffs expressly agree that, upon the Effective Date, they waive and forever release any and all provisions, rights, and benefits conferred by:

(a) Section 1542 of the California Civil Code, which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

and

(b) any law of any state, territory, or possession of the United States (or for the non-U.S. Named Plaintiffs, their respective country, province, or state), or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

10.4    Upon the Effective Date, the Action shall be dismissed with prejudice.  Class Counsel shall have the responsibility for ensuring that the Action is dismissed with prejudice in accordance with the terms of this Settlement.

10.5    The Court shall retain jurisdiction over this Action to enforce the terms of this Settlement.  In the event that any applications for relief are made, such applications shall be made to the Court.  To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

## 11. <u>DEFENDANT'S DENIAL OF LIABILITY; AGREEMENT AS DEFENSE IN FUTURE PROCEEDINGS</u>

11.1    Apple has indicated its intent to vigorously contest each and every claim in the Action, and denies all of the material allegations in the Action.  Apple enters into this Settlement

Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind. Apple nonetheless has concluded that it is in its best interests that the Action be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend the Action, the benefits of disposing of protracted and complex litigation, and the desire of Apple to conduct its business and provide additional assistance to the small developer community unhampered by the distractions of continued litigation.

11.2    Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiation or proceedings connected with it, shall be construed as an admission or concession by Apple of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

11.3    To the extent permitted by law, this Settlement Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for claims, causes of action, and/or theories of relief covered by the covenant not to sue and/or the releases in this Settlement Agreement.

## 12. <u>MODIFICATION OR TERMINATION OF THE SETTLEMENT</u>

12.1    Apple may, at its sole discretion, terminate this Settlement Agreement if the number of Developers who seek exclusion from the Settlement Class exceeds 10% of the total number of Developers in the Settlement Class.

12.2    The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Approval Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement

and its implementing documents (including all exhibits) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and Final Judgment and do not materially alter, reduce, or limit the rights of Settlement Class Members.

12.3    If any of the non-monetary terms of this Agreement are affected by a change in legislation, regulation, law, court or agency order, or any material change in circumstances, the Parties agree to meet and confer in good faith regarding an appropriate modification of the Agreement.

12.4    In the event the terms or conditions of this Settlement Agreement, other than terms pertaining to the Attorneys' Fees, are materially modified by any court, the Parties may within thirty (30) days of such material modification, declare this Settlement null and void as provided in Section 8.5.  For purposes of this paragraph, material modifications include any modifications to the definitions of the Settlement Class, Settlement Class Members, Released Parties, or the scope of the releases (as provided in Sections 10.1 and 10.2), any modifications to the terms of the Settlement consideration (as provided in Sections 5.1 - 5.3).  In the event of any modification by any court, and in the event Apple does not exercise its unilateral option to withdraw from this Settlement, the Parties shall meet and confer within fourteen (14) days of such modification to attempt to reach an agreement as to how best to effectuate the court-ordered modification.

12.5    If the Effective Date is not reached, this Settlement Agreement is without prejudice to the rights of any party hereto, and all terms, negotiations, and proceedings connected therewith shall not be deemed or construed to be an admission by any Party or evidence of any kind in this Action or any other action or proceeding.

**13. <u>NOTICES</u>**

13.1   All notices to Named Plaintiffs shall be delivered to:

Steve W. Berman
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101

13.2   All notices to Apple shall be delivered to:

Heather Grenier
Senior Director, Commercial Litigation
Apple Inc.
One Apple Park Way, MS 60-1AL
Cupertino, CA 95014

With a copy to:

Mark A. Perry
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036

13.3   The notice recipients and addresses designated in paragraphs 13.1 and 13.2 may be changed upon written notice provided to all individuals identified in those paragraphs.

## 14. <u>MISCELLANEOUS</u>

14.1   This Settlement Agreement may not be modified in any respect except upon the written consent of the Parties.

14.2   The undersigned each represent and warrant that each has authority to enter into this Settlement Agreement on behalf of the Party indicated below his or her name.

14.3   If, prior to the Effective Date, Class Counsel knows, or has reason to know, of any Named Plaintiff who intends to exclude himself or herself from the Settlement or who intends to submit an objection to the Settlement, Class Counsel shall promptly notify Defense Counsel within three (3) days.   The Parties shall thereafter meet and confer within seven (7) days of such

notification to determine whether any modifications to the Settlement, or any other actions or filings, are required.

14.4    Class Counsel and the Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action, and they further represent and warrant that they know of no such assignments or transfers on the part of any member of the Settlement Class.

14.5    The Parties, together with Class Counsel and Defense Counsel, have jointly participated in the drafting of this Settlement Agreement.  No Party hereto shall be considered the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

14.6    As used in this Settlement Agreement, the masculine, feminine, or neutral gender, and the singular or plural wording, shall each be deemed to include the others whenever the context so indicates.

14.7    Unless otherwise noted, all references to "days" in this Settlement Agreement shall be to calendar days.  In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

14.8    Any and all disputes arising from or related to this Settlement Agreement must be brought by the Parties, Class Counsel, Defense Counsel, and/or members of the Settlement Class exclusively to the Court.  The Parties, Class Counsel, Defense Counsel and members of the Settlement Class irrevocably submit to the exclusive and continuing jurisdiction of the Court for

any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement.  All terms of this Settlement Agreement and any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to choice of law or conflicts of laws principles; however, nothing in this Settlement Agreement shall operate as a waiver of any Party's position regarding the applicable law governing the underlying claims at issue in the Action.

14.9    Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Settlement Agreement.

14.10   Unless otherwise ordered by the Court, all motions, discovery, and other proceedings in the Action shall be stayed until the Court enters the Final Approval Order and Final Judgment, or this Settlement Agreement is otherwise terminated.

14.11   Nothing in this Settlement Agreement shall alter or abrogate any prior Court orders entered in the Action.

14.12   This Settlement Agreement may be executed in counterparts.  Facsimile or PDF signatures shall be considered valid as of the date they bear.

14.13   The Parties, together with Class Counsel and Defense Counsel, agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

14.14   This Settlement Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each other that they have read and fully understand the provisions of this Settlement Agreement and have relied on the advice and representation of legal counsel of their own choosing.

14.15 This Settlement Agreement may be amended or modified only by a written instrument signed by Defense Counsel and Class Counsel and approved by the Court.

///

///

///

///

///

///

///

The Parties have agreed to the terms of this Settlement Agreement and have signed below.

For the Named Plaintiffs:

_____
Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101

Dated:   August 24, 2021

For Apple:

Heather Grenier
Senior Director, Commercial Litigation
Apple Inc.
One Apple Park Way, MS 60-1AL
Cupertino, CA 95014

Dated:   August 24, 2021

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Are a U.S. iOS App Developer
## You Could Get a Payment from a Settlement with Apple

*A court authorized this notice.  This is not a solicitation.*

A settlement has been reached with Apple Inc. ("Apple") in an antitrust class action lawsuit brought by U.S. app developers about Apple's App Store.  The lawsuit alleged that Apple monopolized (or attempted to monopolize) an alleged iOS app and in-app product distribution services market in violation of U.S. antitrust and California unfair competition laws. Apple denies all allegations and the settlement is not an admission of wrongdoing by Apple.

You may be included in this settlement and entitled to receive a payment if you are or were a U.S. developer of any Apple iOS application or in-app product (including subscriptions) that:

(1) Was sold for a non-zero price;

(2) Was sold via Apple's iOS App Store between 2015 and 2021; and

(3) Earned, together with any other iOS applications or in-app products (including subscriptions) sold through all of your associated developer accounts, proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year from 2015 to 2021 in which you had a developer account.

The criteria to be a "Settlement Class Member" are defined more fully below. U.S. developers who meet the criteria are entitled to a minimum cash payment ranging from $250 to $30,000.

Your legal rights are affected whether you act or don't act.  Read this notice carefully.  It addresses each of the following options available to you:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **STAY IN THE CLASS AND FILE A VALID CLAIM AND RECEIVE PAYMENT**<br><br>**DEADLINE: MAY 20, 2022** | If you submit a timely and valid claim form, you are entitled to a cash payment (with minimums ranging from $250 - $30,000) from the $100 million Small Developer Assistance Fund established as part of this settlement.<br><br>You will lose the ability to sue Apple for claims related to this case. (*See* Questions 11-13.) |
| **ASK TO BE EXCLUDED FROM THE SETTLEMENT**<br><br>**DEADLINE: MARCH 21, 2022** | If you decide to exclude yourself from this settlement, you will lose the ability to obtain a payment from the Small Developer Assistance Fund.  But you may keep the ability to sue Apple for claims related to this case. (*See* Questions 14-16.) |
| **OBJECT TO THE SETTLEMENT**<br><br>**DEADLINE: MARCH 21, 2022** | If you do not exclude yourself from the settlement, you may still object to it by writing to the Court to explain the basis for your objection. (*See* Question 20.) |
| **SPEAK AT THE HEARING ON JUNE 7, 2022 AT 2 P.M.** | If you object to the settlement, you may ask the Court for permission to speak at the Final Approval Hearing about your objection. (*See* Question 24.) |
| **DO NOTHING (NO DEADLINE)** | If you take no action, you get no payment and you give up your legal right to continue to sue Apple for claims related to this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**                                                          **Page**
   1.  Why was this notice issued?                      3
   2.  What is this lawsuit about?                       3
   3.  Why is there a settlement?                        3

**WHO IS INCLUDED IN THE SETTLEMENT?**                                          **Page**
   4.  How do I know if I am part of the settlement?     3
   5.  What does a "U.S. app developer" mean?            4
   6.  What is an "associated developer account"?       4
   7.  What are App Store "proceeds"?                    4
   8.  Do I need to calculate my proceeds?               4

**THE SETTLEMENT'S BENEFITS**                                                   **Page**
   9.  What does the settlement provide?                 5
  10. How much will my payment be?                                 5

**HOW TO GET A PAYMENT**                                                        **Page**
  11. How do I get a payment?                                      6
  12. When will I get a payment?                                   6
  13. What rights am I giving up to get a payment?                 7

**THE LAWYERS REPRESENTING THE CLASS**                                          **Page**
  14. Do I have a lawyer in this case?                             8
  15. How will the lawyers be paid?                                8
  16. May I get my own lawyer?                                     8

**EXCLUDING YOURSELF FROM THE SETTLEMENT**                                      **Page**
  17. How do I request to be excluded from the settlement?         9
  18. If I exclude myself, can I still get a payment from this settlement?  9
  19. If I exclude myself from the settlement, can I sue Apple for the same claims later? 9

**OBJECTING TO THE SETTLEMENT**                                                 **Page**
  20. How do I object?                                            9
  21. What's the difference between objecting and excluding myself? 10

**THE COURT'S FINAL APPROVAL HEARING**                                          **Page**
  22. When and where will the Court decide whether to approve the settlement? 10
  23. Do I have to come to the hearing?                            10
  24. May I speak at the hearing?                                  10

**IF YOU DO NOTHING**                                                           **Page**
  25. What happens if I do nothing at all?                         11

**ADDITIONAL INFORMATION**                                                      **Page**
  26. Are more details available?                                  11

# BASIC INFORMATION

### 1. Why was this notice issued?

A federal court authorized this notice because you have a right to know about the proposed settlement of this class action lawsuit and all of your options before the Court decides whether to approve the proposed settlement.  This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who can get them.

Judge Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California (the "Court") is currently overseeing this case and will decide whether to grant final approval to the settlement.  The case is known as *Cameron et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR.

### 2.  What is this lawsuit about?

Plaintiffs Donald Cameron and Pure Sweat Basketball, Inc. (the "Plaintiffs") filed a lawsuit against Apple Inc. (the "Defendant") claiming that Apple had monopolized (or attempted to monopolize) an alleged iOS app and in-app-product distribution services market in violation of the federal antitrust laws, and that Apple's conduct violated California's Unfair Competition Law.

Plaintiffs claim that Apple willfully acquired and maintained monopoly power, or attempted to gain and maintain monopoly power, by refusing to allow iOS device users to purchase iOS apps and in-app products other than through its own App Store; refusing to allow other app stores to be allowed on its devices; and mandating that iOS developers who sell through the App Store cannot sell their apps though any other means that are meant to reach iOS device consumers.  Plaintiffs also alleged that Apple abused its market power by charging a supra-competitive commission, or by making artificially low payments to iOS developers for digital products sold in the App Store.  Plaintiffs also challenged Apple's end-in $.99 pricing tiers as anticompetitive.

### 3.  Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or Apple.  Instead, the Plaintiffs and Apple agreed to a settlement.  This way, the parties avoid the cost, burden, and uncertainty of litigation.  The class representatives and their attorneys think the settlement is best for all Settlement Class Members.  Apple denies that it did anything wrong and denies that its conduct harmed developers but has agreed to the Settlement to avoid the time, expense, and uncertainty associated with further litigation.  In addition, Apple agreed to this Settlement to provide additional assistance to the small developer community that is an integral part of the iOS ecosystem.

# WHO IS INCLUDED IN THE SETTLEMENT?

### 4.  How do I know if I am part of the settlement?

The Court decided that everyone who fits this description and chooses not to request to be excluded is a member of the **Settlement Class**:

All former or current U.S. developers of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iOS App Store that earned, through all associated developer accounts, proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which the U.S. developer had a developer account from 2015-2021.  For class definition purposes, the 2015 calendar year shall consist of June 4, 2015, through December 31, 2015.  The 2021 calendar year shall consist of January 1, 2021, through April 26, 2021, the last date in 2021 for which there are available developer transactional data as produced in this Action.

Excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) defense counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, (d) any developers who validly request exclusion ("opt-out") from the Settlement Class, and (e) any other individuals whose claims already have been adjudicated to a final judgment.

Based on the records obtained by Class Counsel, there are approximately 67,000 potential members of the Settlement Class ("Settlement Class Members").

**5.   What does a "U.S. app developer" mean?**

A U.S. developer is an app developer who self-identified as U.S.-based when registering for a Developer Program Account with Apple.

If you received a notice by email or postcard, it means that according to Apple's records, you identified as a U.S.-based app developer when registering for your developer account.

**6.   What is an "associated developer account"?**

An associated developer account means any U.S. Apple Developer Program account that you own or control, or any U.S. Apple Developer Program account that owns or controls your account.

You must identify any and all associated developer accounts on your claim form.

**7.   What are App Store "proceeds"?**

App Store proceeds mean a developer's net revenues on the U.S. App Store storefront, after subtracting out any commissions paid to Apple.

**8.   Do I need to calculate my proceeds?**

No.  The App Store proceeds for your developer account and any associated developer accounts will be calculated based on Apple's records to confirm that you are eligible to receive a payment from the settlement.  Only U.S.-based developers who earned, through all of their associated developer accounts, proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year in which those developers had developer accounts between 2015 and 2021 are eligible.  For purposes of calculating proceeds to determine eligibility, the 2015 calendar year shall consist of June 4,

2015, through December 31, 2015.  The 2021 calendar year shall consist of January 1, 2021, to April 26, 2021.

If you believe that your proceeds have not been calculated correctly, please contact the settlement administrator at info@smallappdeveloperassistance.com or (833) 920-3778.

If you are still unsure if you are a Settlement Class Member, please visit www.smallappdeveloperassistance.com, email info@smallappdeveloperassistance.com, or call (833) 920-3778.

If you did not receive a notice, but think you may be a Settlement Class Member, you can still file a claim form.  More information on how to do so is available at www.smallappdeveloperassistance.com.

## THE SETTLEMENT'S BENEFITS

**9.   What does the settlement provide?**

Under the settlement, if approved, Apple has agreed to the following commitments:

- Maintain a commission rate of no greater than 15% for U.S. developers who are enrolled participants in the Small Business Program, subject to program participation requirements.

- Continue to drive App Store search results primarily by objective characteristics, including but not limited to downloads, star ratings, text relevance, and user behavior signals.  Apple may also continue to include apps based on other characteristics, such as similar goals or developer association, as well as to give new and high-quality apps a chance to be found.  Apple will also continue to conduct robust experimentation to drive continuous improvement.

- Permit all U.S. developers to communicate with their customers via email and other communication services outside their app about purchasing methods other than in-app purchase, provided that the customer consents to the communication and has the right to opt out.  In-app communications, including via Apple Push Notification service, are outside the scope of this provision.  Apple will revise its App Store Guidelines to permit the foregoing for all app categories, including by deleting from Guideline 3.1.3 the following language: "Developers cannot use information obtained within the app to target individual users outside of the app to use purchasing methods other than in-app purchase (such as sending an individual user an email about other purchasing methods after that individual signs up for an account within the app)."

- Expand the choice of price points for subscriptions, in-app purchases, and paid apps from fewer than 100 to more than 500 (by December 31, 2022).

- Maintain the option for U.S. developers to appeal the rejection of an app based on unfair treatment and add online content to the app review portion of Apple's developer website (https://developer.apple.com/app-store/review/) to explicitly note that a developer can appeal the rejection of an app when the developer believes that there has been unfair treatment by Apple in the review of any of the U.S. developer's apps, in-app products, or updates.

- Publish an annual transparency report that will convey meaningful statistics such as the number of apps rejected for different reasons, the number of customer and developer accounts

deactivated, objective data regarding search queries and results, and the number of apps removed from the App Store.

In light of the contributions made by small developers to the app economy, particularly as the economy continues to suffer the effects of the Coronavirus pandemic, Apple also has established a $100 million fund as part of this settlement (the "Small Developer Assistance Fund"). After deducting any Court-approved attorneys' fees and expenses, service awards, and the costs of settlement notice and administration, the net Small Developer Assistance Fund will be made available to Settlement Class Members who submit timely and valid claim forms.

## 10. How much will my payment be?

The Small Developer Assistance Fund will be distributed to all Settlement Class Members who submit timely and valid claim forms. Each such U.S. developer will be entitled to a minimum payment of $250.00. U.S. developers may qualify for a higher payment based on their total proceeds during the relevant period (from June 4, 2015-December 31, 2020).

| Total U.S. App Store Proceeds (during relevant time period) | Potential Minimum Payment |
| --- | --- |
| Less than $100 | $250 |
| $100 - $1,000 | $500 |
| $1,000 - $5,000 | $1,000 |
| $5,000 - $10,000 | $1,500 |
| $10,000 - $50,000 | $2,000 |
| $50,000 - $100,000 | $3,500 |
| $100,000 - $250,000 | $5,000 |
| $250,000 - $500,000 | $10,000 |
| $500,000 - $1,000,000 | $20,000 |
| Over $1,000,000 | $30,000 |

These minimum payments are subject to change based on the total number of approved claims, among other factors. Settlement Class Members may visit www.smallappdeveloperassistance.com for their specific estimated payment amounts from the settlement.

## HOW TO GET A PAYMENT

## 11. How do I get a payment?

If you received a notice by email and/or mail indicating that Apple believes that you may be a Settlement Class member, you can submit a claim online or by mail. You must fill out and complete an accurate claim form so that it is received by May 20, 2022. Claim forms can be found and submitted electronically at www.smallappdeveloperassistance.com. Settlement Class Members also have the option of

downloading a claim form and submitting by U.S. mail to: **Cameron et al. v. Apple Inc. Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103**. If your claim form is incomplete, contains false information, or is not received by the deadline, your claim will be rejected. The settlement administrator may contact you to request more information to verify your claim. The information you provide will be treated as confidential and used for the purpose of this settlement only.

If you did not receive a notice by email and/or mail but believe that you are a Settlement Class Member, you may obtain and submit a claim form available at www.smallappdeveloperassistance.com.

## 12. When will I get a payment?

The Court will hold a hearing at 2 P.M. on June 7, 2022, to decide whether to grant final approval to the settlement. If the Court approves the settlement, there may be objections. It is always uncertain whether objections will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed to Settlement Class Members who have submitted timely and valid claim forms as soon as possible, if and when the Court grants final approval to the settlement and all objections (if any) have been resolved.

We expect most payments on approved claims will be made via electronic distribution. However, you will also have the opportunity to request that a check be mailed to you by the settlement administrator. Following distribution of the funds from the Small Developer Assistance Funds to Settlement Class Members that submitted approved claims, funds remaining from the distribution may, with approval of the Court, be donated to Girls Who Code, a nonprofit organization working to close the gender gap in technology, or to another similar charitable organization as agreed on by the parties and approved by the Court.

Note that the Court may also elect to move the final approval hearing to a different date or time in its sole discretion. The date and time of the final approval hearing can be confirmed at www.smallappdeveloperassistance.com.

## 13. What rights am I giving up to get a payment?

Unless you exclude yourself, regardless of whether or not you submit a claim form, you will be part of the Settlement Class. If the settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You won't be able to sue, or be part of any other lawsuit against Apple related to the subject matter of this lawsuit or the claims released by the settlement agreement. The specific claims you will be releasing are described in more detail in paragraph 10.1 of the settlement agreement, available at www.smallappdeveloperassistance.com.

**THE LAWYERS REPRESENTING THE CLASS**

| **14. Do I have a lawyer in this case?** |
| --- |

The Court appointed the following attorneys to represent potential class members as "Class Counsel":

> Steve W. Berman
> Robert F. Lopez
> Hagens Berman Sobol Shapiro LLP
> 1301 Second Ave., Suite 2000
> Seattle, WA 98101
> Heatherw@hbsslaw.com

They are experienced in handling similar class action cases. More information about these lawyers, their law firm, and their experience is available at www.hbsslaw.com. They believe, after conducting an extensive investigation, that the settlement is fair, reasonable, and in the best interest of the Settlement Class. You will not be charged for these lawyers.

| **15. How will the lawyers be paid?** |
| --- |

Class Counsel attorneys' fees, costs, and expenses will be paid from the Small Developer Assistance Fund in amounts to be determined and awarded by the Court.  The petition for attorneys' fees will seek no more than 30% of the Small Developer Assistance Fund for Class Counsel, and the petition for costs will seek no more than $3.5 million.  The Court may award less than the sums requested.  Under the settlement, any amounts awarded to Class Counsel will be paid out of the Small Developer Assistance Fund.

Subject to approval by the Court, each class representative will be paid up to $5,000.00 from the Settlement Fund.

A copy of Class Counsel's Motion for Attorneys' Fees and Expenses and for Named Plaintiff Service Awards will be available at www.smallappdeveloperassistance.com by February 15, 2022.

| **16. May I get my own lawyer?** |
| --- |

You are not required to hire your own lawyer because Class Counsel is working on your behalf. However, if you want your own lawyer, you may hire one at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep any ability to sue Apple related to the subject matter of this lawsuit or the claims released by the settlement agreement, and you do not want to receive a payment from this lawsuit, then you must take steps to get out of the settlement.  This is called excluding yourself or "opting out" of the settlement.

| 17.  How do I request to be excluded from the settlement? |
|---|

To exclude yourself from the settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Cameron et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (N.D. Cal.) settlement.  Your letter or request for exclusion must include your name and address, and identify all of your Apple Developer Accounts.  You must mail or otherwise deliver your exclusion request no later than March 21, 2022, to:

*Cameron et al. v. Apple Inc.*, Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

| 18. If I exclude myself from the settlement, can I still get a payment from this settlement? |
|---|

No.  You will not be eligible for any payment from the Small Developer Assistance Fund if you exclude yourself from the settlement.  You can only get a payment if you stay in the Settlement Class.

| 19.  If I exclude myself from the settlement, can I sue Apple for the same claim later? |
|---|

If you exclude yourself, you may be able to sue Apple regarding the subject matter of this lawsuit or the claims released by the Settlement Agreement.  If you do not exclude yourself, you give up your right to sue Apple related to the subject matter of this lawsuit or the claims released by the settlement agreement.

## OBJECTING TO THE SETTLEMENT

| 20. How do I object? |
|---|

If you are a Settlement Class Member and have not excluded yourself from the settlement, you can ask the Court to deny approval of the settlement by submitting an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement agreed to by the parties.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must file an objection.

Any objection to the settlement must be in writing.  If you submit a timely written objection, you may, but are not required to, participate in the final approval hearing, either in person or through your attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must:

- clearly identify the case name and number (*Cameron et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR);

- be submitted only to the Court, either by mailing the objection to Clerk of Court, United States District Court, Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing it in person at any location of the United States District Court for the Northern District of California; and

- must be postmarked or filed on or before **March 21, 2022.**

### 21. What's the difference between objecting and excluding myself?

Objecting is simply telling the Court that you don't like something about the settlement.  If you are part of the Settlement Class, you can object to the settlement only if you stay in the Settlement Class (do not exclude yourself).  Excluding yourself from the settlement is telling the Court that you don't want to be part of the settlement.  If you exclude yourself from the settlement, you cannot object to the settlement because it no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement, including the potential payments to Settlement Class Members.  You may participate and you may ask to speak, but you don't have to do so.

### 22.  When and where will the Court decide whether to approve the settlement?

The Court will hold a final approval hearing at 2 P.M. on June 7, 2022, at the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website at www.smallappdeveloperassistance.com to confirm the details.

At this hearing the Court will consider whether to approve the settlement, Class Counsel's request for attorneys' fees and expenses, and the service awards to the named Plaintiffs.  If there are objections, the Court will consider them at this time.  After the hearing, the Court will decide whether to approve the settlement.  The Court's decision may be appealed.

### 23. Do I have to come to the hearing?

No.  Class Counsel will answer questions the Court may have.  However, you are welcome to participate in the hearing at your own expense.  If you send an objection, you do not have to participate in the hearing.  As long as you submitted your written objection on time, to the proper address, the Court will consider it.  You may also pay your own lawyer to participate, but that is not necessary.

### 24. May I speak at the hearing?

Yes.  You may ask the Court for permission to speak at the final approval hearing.

## IF YOU DO NOTHING

| 25. What happens if I do nothing at all? |
| --- |

If the Court gives final approval to the settlement, and you are a Settlement Class Member and you do nothing, you will <u>not</u> receive a payment from the Small Developer Assistance Fund.  This is because you need to submit a valid and timely claim form in order to be eligible for a payment. Apple's behavioral commitments, as described in Question 9, will still apply to you.  You will still give up the rights explained in Question 13, including your right to start a lawsuit or be part of any other lawsuit against Apple related to the subject matter of this lawsuit or for claims released by the settlement agreement.

## ADDITIONAL INFORMATION

| 26. Are more details available? |
| --- |

The notice summarizes the proposed settlement.  More details, including the settlement agreement and other related documents, are at www.smallappdeveloperassistance.com.  You may also call toll-free at (833) 920-3778 or write to; Cameron et al. v. Apple Inc. Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  Inquiries should NOT be directed to the Court.

# Notice by Email

From:  Settlement Administrator <<email address>>

Subject:  Class Action Notice: Cameron et al. v. Apple Inc.

**CLAIMANT ID NUMBER:** <<Claimant ID Number>>

**CONFIRMATION CODE:** <<Confirmation Code>>

**LEGAL NOTICE**

*A court authorized this notice.  This is not a solicitation.*

**If you are a U.S. app developer that has earned not more than $1,000,000 per year selling apps and digital content on Apple Inc.'s U.S. iOS App Store in any year you had a developer account since June 2015, you could be entitled to benefits under a class action settlement.**

**WHAT IS THIS NOTICE ABOUT?**

In a consolidated class action lawsuit pending against Apple, Plaintiffs claimed that Apple monopolized (or attempted to monopolize) an alleged iOS app and in-app product distribution services market in violation of U.S. antitrust and California unfair competition laws.  Apple denies all allegations and is entering into this settlement to avoid burdensome and costly litigation and to provide additional assistance to the small app developer community.  The Settlement is ***not*** an admission of wrongdoing by Apple.  This notice summarizes your legal rights. You should visit the settlement website www.smallappdeveloperassistance.com to obtain more detailed information about the proposed settlement and your rights.   You also can contact the settlement administrator by mail, email or by calling toll-free:

Cameron v. Apple Inc.
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email:  info@smallappdeveloperassistance.com
Toll-Free:  (833) 920-3778

**AM I A CLASS MEMBER?**

You are a "Settlement Class Member" if you are or were a U.S. developer of any Apple iOS application or in-app product (including subscriptions) that:

(1) Was sold for a non-zero price;

(2) Was sold via Apple's iOS App Store between 2015 and 2021; and

(3) Earned, together with any other iOS applications or in-app products (including subscriptions) sold through all of your associated developer accounts, proceeds equal to or less than $1,000,000.00 through the App Store U.S. storefront in every calendar year from 2015 to 2021 in which you had a developer account.

For class definition purposes, the 2015 calendar year consists of June 4, 2015 through December 31, 2015.  The 2021 calendar year consists of January 1, 2021 through April 26, 2021.

To claim a settlement benefit, you must submit a claim form on or before <u>May 20, 2022</u> at <u>www.smalldeveloperassistancefund.com</u>, or, after downloading a claim form available on this website, returning it by mail to the address on the claim form, so that it is <u>received by May 20, 2022</u>.

**WHAT BENEFIT CAN I GET FROM THE SETTLEMENT?**
Under the settlement, Apple has agreed to, among other things, (1) maintain a commission rate of no greater than 15% for U.S. developers who are enrolled in Apple's Small Business Program, subject to program participation requirements; (2) permit U.S. developers to communicate with their customers via email and other communication services outside their iOS app about purchasing methods other than in-app purchase; and (3) expand the choice of price points for subscriptions, in-app purchases, and paid downloads (by December 31, 2022).  Apple will also pay $100,000,000 into a fund for developers (the "Small Developer Assistance Fund").  Apple will provide a cash payment from the Small Developer Assistance Fund to each eligible Settlement Class Member who submits a timely and valid claim form.  Each eligible Settlement Class Member with a valid claim will be entitled to a <u>minimum</u> payment of between $250 and $30,000, depending on the U.S. developer's App Store proceeds.  You can visit the settlement website <u>www.smalldeveloperassistancefund.com</u> to determine the minimum payment for which you may be eligible.  <u>Please note that the actual cash payment may be more depending on the total number of approved claims and other factors.</u>

**HOW CAN I EXCLUDE MYSELF FROM THE CLASS?**
If you don't want to make a claim and you don't want to be legally bound by the settlement, your request to be excluded must be <u>received</u> by March 21, 2022, or you will not be able to sue, or continue to sue, Apple over the conduct at issue in this case.  Refer to the settlement website <u>www.smalldeveloperassistancefund.com</u> and the detailed <u>Class Notice</u> for information and instructions on how to exclude yourself.

**HOW CAN I OBJECT?**
If you want to remain a Settlement Class Member, but you want to object to the settlement and/or to class counsel's request for attorneys' fees and expenses, your objection must be <u>received by March 21, 2022</u>.  Refer to the settlement website and the detailed Class Notice for information and instructions on how to object.  The Court will consider objections at a final hearing in this case (*Cameron, et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR) on June 7, 2022 at 2 P.M. at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 1, 1301 Clay Street, Oakland, CA 94612, to consider whether to approve (1) the settlement; (2) class counsel's request for attorneys' fees and expenses; and (3) named plaintiff service awards of up to $5,000.  You may appear at the final hearing, but you don't need to.  The date of the final hearing may change without further notice and may be confirmed on the Court's Public Access to Court Electronic Records (PACER) site, for a fee, at <u>https://ecf.cand.uscourts.gov</u>.  Information about the final hearing will also be posted on the settlement website.

**WHERE CAN I GET MORE INFORMATION?**

Please visit the settlement website at www.smalldeveloperassistancefund.com, or call toll free (833) 920-3778 to obtain more complete information about the proposed settlement and your rights.  You may also write to class counsel at: Hagens Berman Sobol Shapiro, LLP, 1301 Second Ave., Suite 2000, Seattle, WA 98101 or email Heatherw@hbsslaw.com.

Unsubscribe

# Notice by Postcard

**If you are a U.S. app developer that has earned not more than $1,000,000 per year selling apps and digital content on Apple Inc.'s U.S. iOS App Store in any year you had a developer account since June 2015, you could be entitled to benefits under a class action settlement.**

For more information on the proposed settlement, to file a claim or objection, or to exclude yourself, visit the settlement website or contact the Claims Administrator or Class Counsel.

**Do not contact the Court for information about the settlement.**

RETURN ADDRESS

«ScanString»

Postal Service: Please do not mark barcode

Claim ID: «Claim ID»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

**www.SmallAppDeveloperAssistance.com**

PLEASE RETAIN THIS POSTCARD FOR YOUR RECORDS

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

In a consolidated class action lawsuit pending against Apple, Plaintiffs claimed that Apple monopolized (or attempted to monopolize) an alleged iOS app and in-app product distribution services market in violation of U.S. antitrust and California unfair competition laws. Apple denies all allegations and is entering into this settlement to avoid burdensome and costly litigation and to provide additional assistance to the small app developer community. The settlement is *not* an admission of wrongdoing by Apple. This notice summarizes your legal rights. You should visit the settlement website to obtain more detailed information about the proposed settlement. You also may write to the claims administrator at the address on the reverse side, or call toll free at (833) 920-3778.

**Am I a Class Member?** Yes, if you are a current or former U.S. developer of any Apple iOS application or in-app product (including subscriptions) that (a) was sold for a non-zero price; (b) was sold via Apple's iOS App Store between 2015 and 2021; and (c) earned, together with any other iOS applications or in-app products (including subscriptions) sold through all of your associated developer accounts, proceeds equal to or less than $1,000,000 through the App Store U.S. storefront in every calendar year in which you had a developer account from 2015 to 2021. For these purposes, the 2015 calendar year is June 4, 2015 through December 31, 2015; the 2021 calendar year is January 1, 2021 through April 26, 2021. To claim a settlement benefit, you must submit a claim form at www.smallappdeveloperassistance.com, or by mail at the address on the claim form, so that it is received by May 20, 2022.

**What benefit can I get from the settlement?** Under the settlement, Apple has agreed to, among other things, (1) maintain a commission rate of no greater than 15% for U.S. developers who are enrolled in Apple's Small Business Program, subject to program participation requirements; (2) permit U.S. developers to communicate with their customers via email and other communication methods outside their iOS app about purchasing methods other than in-app purchase; and (3) expand the choice of price points for subscriptions, in-app purchases, and paid downloads. Apple will also pay $100,000,000 into a fund for developers (the "Small Developer Assistance Fund"). Apple will provide a cash payment from the Small Developer Assistance Fund to each eligible class member who submits a timely and valid claim form. Each eligible class member with a valid claim will be entitled to a minimum payment of between $250 and $30,000, depending on the U.S. developer's App Store proceeds. You can visit the settlement website to determine the minimum payment for which you may be eligible. Please note that the actual cash payment may be more depending on the total number of approved claims and other factors.

**How can I exclude myself from the class?** If you don't want to make a claim and you don't want to be legally bound by the settlement, your request to be excluded must be received by March 21, 2022, or you will not be able to sue, or continue to sue, Apple over the conduct at issue in this case. Refer to the settlement website and the detailed Class Notice for information and instructions on how to exclude yourself.

**How can I object?** If you want to stay in the settlement class, but want to object to the settlement and/or to class counsel's request for attorneys' fees and expenses, your objection must be received by March 21, 2022. Refer to the settlement website and the detailed Class Notice for information and instructions on how to object. The Court will consider objections at a final hearing in this case (*Cameron, et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR) on June 7, 2022 at 2 P.M. at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 1, 1301 Clay Street, Oakland, CA 94612, to consider whether to approve (1) the settlement; (2) class counsel's request for attorneys' fees and expenses; and (3) named plaintiff service awards of up to $5,000. You may appear at the final hearing, but you don't need to. The date of the final hearing may change without further notice and may be confirmed on the Court's website, for a fee, at https://ecf.cand.uscourts.gov. Information about the final hearing will also be posted on the settlement website.

**Where can I get more information?** Please visit the settlement website at www.SmallAppDeveloperAssistance.com or call toll free at (833) 920-3778 to obtain more complete information about the proposed settlement and your rights. You may also email class counsel at: Heatherw@hbsslaw.com.

## www.SmallAppDeveloperAssistance.com