Joseph M. Vanek (*pro hac vice*)
Eamon P. Kelly (*pro hac vice*)
SPERLING & SLATER, P.C.
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile: (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com

*Counsel for Pure Sweat Basketball, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | No. 4:19-cv-03074-YGR (TSH) <br><br> **DECLARATION OF RICHARD CZESLAWSKI IN SUPPORT OF DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS** |

I, RICHARD CZESLASWKI, declare as follows:

1. I am an individual over the age of 18 and I make this declaration based on personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am the Chief Operating Officer and President of Pure Sweat Basketball, Inc., a class representative in the above-entitled action. I submit this affidavit on behalf of Pure Sweat Basketball, Inc. and the settlement class, in support of Developer Plaintiff's motion for attorneys' fees, expenses, and service awards and in support of final approval of the settlement with Apple, Inc.

3. As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlements, I am required to consider the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court.

4. Over the past 2.5 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic updated correspondence from my counsel and key case documents. Since the outset of the litigation, I have also diligently retained app papers or electronic information that could be relevant to the litigation and provided these to my attorneys.

5. Throughout the case I have also assisted in responding to discovery. This included reviewing discovery requests from defendant, discussing them with my counsel, reviewing proposed responses, making any corrections, and singing off on the responses. In total, I assisted counsel in responding to a total of 3 interrogatories and 165 requests for production of documents.

6. I have also contributed to the discovery process by sitting for a deposition. In total, my deposition lasted 5 hours and 8 minutes of record time, where I was questioned by counsel in this case. To ensure the accuracy of my transcript, I spent about 3 hours reviewing it for errors.

7. In total, I estimate that I have spent about 40-45 hours performing all of the above-described duties on behalf of the class over the past 2.5 years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal benefit or benefit to Pure Sweat Basketball, Inc. I believe that the time, effort, and information I provided on behalf of Pure Sweat Basketball, Inc. helped to make the settlement possible. I ask that the Court approve Pure Sweat Basketball, Inc.'s service award in the amount of $5,000.

-2-

DECLARATION OF RICHARD CZESLAWSKI IN SUPPORT OF DEVELOPER PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS
No. 4:19-cv-03074-YGR (TSH)

8. I have reviewed the terms of the settlement with defendant Apple, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects Pure Sweat Basketball, Inc. and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Apple agrees to provide $100 million in monetary relief and certain structural relief. I further understand that the monetary relief will be paid into a Small Developer Assistance Fund to be distributed to the Settlement Class in payment tiers depending on the amount of proceeds class members earned from the distribution of their apps on the Apple App Store, with the minimum payment being $250.00. I understand in general terms that there will be no reversion of unclaimed funds to Apple, Inc. To the extent that money is not able to be reasonably distributed to class members, the settlement proposes a *cy pres* distribution to the nonprofit organization Girls Who Code.

9. I believe that the proposed settlement achieves significant monetary and structural relief for the Class and that this is an excellent result in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

10. I believe the settlement agreement between Apple and Class Counsel was reached at arms' length, and that the terms of the settlement reflect the independent evaluation of Apple and Class counsel of their respective best interests. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

-3-

DECLARATION OF RICHARD CZESLAWSKI IN SUPPORT OF DEVELOPER PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS
No. 4:19-cv-03074-YGR (TSH)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 11th day of February 2022 at Crystal Lake, Illinois.

*Richard Czeslawski*