THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; pro hac vice)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
  Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, *et al.*,<br><br>            Plaintiffs<br><br>     v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 4:19-cv-03074-YGR<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**<br><br>The Honorable Yvonne Gonzalez Rogers |

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSE TO DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS
No. 4:19-cv-03074-YGR

Pursuant to Local Rule 7-3(b), Defendant Apple Inc. ("Apple") respectfully submits this Response regarding the application for fees and expenses, Dkt. 465, made by Plaintiffs' counsel in connection with the proposed settlement in this action. In total, Plaintiffs' counsel are seeking fees and costs that constitute 30.5 percent of the $100 million Small Developer Assistance Fund established by the settlement. They seek 27 percent of that amount for attorneys' fees, which equals more than 200 percent of their lodestar investment. While Apple takes no issue with the expenses or service awards sought by Plaintiffs, the fee request is high by the standards applied in this Circuit and District. *See*, *e.g.*, *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."); *Haralson v. U.S. Aviation Servs. Corp.*, 2021 WL 5033832, at *7 (N.D. Cal. Feb. 3, 2021) ("Courts in the Ninth Circuit generally start with the 25 percent benchmark and adjust upward or downward"). While Apple ultimately does not oppose the fee request, Apple notes that the Court has discretion to award a different amount as appropriate. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 942.

At the outset, Apple entirely agrees with Plaintiffs' counsel that the terms of the settlement confer substantial benefits—monetary and non-monetary—on the members of the settlement class, who comprise more than 99 percent of U.S. app developers. In addition to the $100 million non-reversionary cash fund to assist small developers, Apple has made a series of commitments to structural changes that will benefit all developers worldwide for at least three years after final approval. Specifically, some of the key benefits provided by the settlement to the developer community include:

(1) **Small business program maintenance**. Apple will maintain a commission rate of no greater than 15% for U.S. developers who are enrolled participants in the Small Business Program, subject to program participation requirements.

(2) **Search and discovery**. Apple will commit to drive search results by a variety of factors that will give new and high-quality apps a chance to be found.

1
DEFENDANT APPLE INC.'S RESPONSE TO DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS
No. 4:19-cv-03074-YGR

Gibson, Dunn & Crutcher LLP

(3) **Communication**. Apple will permit U.S. developers to communicate with their customers via email and other means outside their apps about purchasing methods other than in-app purchase.

(4) **Price points**. Apple will expand the choice of App Store price points by December 31, 2022.

(5) **App rejection**. Apple will clarify that U.S. developers can appeal the rejection of apps where they believe there has been unfair treatment by Apple.

(6) **Transparency**. Apple will publish an annual App Store transparency report with data on App Review, search, security, and more.

These are real benefits, and they are the product of extensive settlement negotiations between the parties in order to resolve contentious litigation and preserve judicial resources. Class counsel are entitled to be paid for their efforts in litigating this action. The question is how much.

Non-monetary benefits are often difficult to quantify. *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1125 (9th Cir. 2020) ("'[I]t is difficult to put a dollar figure on' the value of the non-monetary relief obtained by the class . . . .") (quoting the district court's decision); *Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918, 924 (9th Cir.), *vacated as moot by* 772 F.3d 608 (9th Cir. 2014) ("Monetary valuation of injunctive relief is difficult and imprecise."). Only when "the value of the injunctive or non-monetary relief can be measured," do courts readily take into consideration non-monetary relief for the purpose of awarding attorneys' fees. *Harris v. Amgen Inc.*, 2017 WL 6048215, at *7 (C.D. Cal. Apr. 4, 2017). As the Ninth Circuit has explained,

> Precisely because the value of injunctive relief is difficult to quantify, its value is also easily manipulable by overreaching lawyers seeking to increase the value assigned to a common fund. We hold, therefore, that only in the unusual instance where the value to individual class members of benefits deriving from injunctive relief can be accurately ascertained may courts include such relief as part of the value of a common fund for purposes of applying the percentage method of determining fees.

*Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003).

Plaintiffs' expert, Prof. Economides, has made an effort to quantify a portion of the non-monetary relief here, but his opinion is not definitive. His calculation consists of an extrapolation of

2

DEFENDANT APPLE INC.'S RESPONSE TO DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS
No. 4:19-cv-03074-YGR

Gibson, Dunn & Crutcher LLP

future savings to developers, compared to standard commission rates, based on incomplete data for the first months of the Small Business Program. Dkt. 459-7, ¶¶ 16–17, 19–22. It has not been the subject of any competing testimony, discovery, or adversarial testing. Neither Apple nor the Court has any way of knowing if this calculation is accurate, too high, or too low.

Many settlements contain both monetary and non-monetary relief, as this one does. And in many settlements, the non-monetary relief confers real benefits on class members, as the terms here do. But it will often be difficult to quantify these benefits. For this reason, the Ninth Circuit prescribes that, typically, class counsel should be awarded 25 percent of the ascertainable value of a settlement as attorney's fees. *See Stanton*, 327 F.3d at 968. The amount of any cash settlement fund is the most objectively verifiable measure, and generally does not give rise to ancillary litigation regarding valuation methodologies.

The Ninth Circuit's 25 percent guidance promotes predictability and certainty for plaintiffs and defendants alike. It ensures that plaintiffs, their lawyers, and experts will not over-invest in unmeritorious cases, and it allows defendants to predict their likely exposure in deciding whether to settle or continue litigating. Perhaps most importantly, the 25 percent guidance protects absent class members by ensuring that the majority of the cash achieved in settlement—75 percent or more—is available to the class members rather than the lawyers. These values would be jeopardized if courts were routinely to examine uncertain non-monetary terms to increase the fee award. Indeed, that approach could result in a whole second round of expert-intensive litigation, contrary to Supreme Court guidance and the public policy favoring private settlements to conserve judicial resources. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."); 4 William B. Rubenstein, Newberg on Class Actions § 13:44 (5th ed. 2021) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals.").

3

DEFENDANT APPLE INC.'S RESPONSE TO DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS
No. 4:19-cv-03074-YGR

Gibson, Dunn & Crutcher LLP

The settlement fund here is large—$100 million. An award totaling 25 percent of that fund would constitute a substantial sum—$25 million. Plaintiffs' counsel do not suggest that this amount would be insufficient to compensate them for their investment in the case. Indeed, counsel acknowledge that their lodestar fees are about $11 million. Dkt. 465 at 9. They seek a fee award of almost 2.5 times that amount: $27 million. On its face, that request raises questions regarding overcompensation. Apple does not intend to suggest that the lodestar is controlling in every case, but the Ninth Circuit has made clear that it must be considered. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 & n.5 (9th Cir. 2002).

Plaintiffs' counsel invoke the factors for adjusting fee awards discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), even while recognizing that multipliers have increasingly been disfavored by the Supreme Court. *See* Dkt. 564 at 20 n.54 (citing *Resurrection Bay Conserv. Alliance v. City of Seward*, 640 F.3d 1087, 1095 n.5 (9th Cir. 2011) (noting doubt cast by Supreme Court on two *Kerr* factors used as bases for lodestar enhancement)). Indeed, the Supreme Court "has never sustained an enhancement of a lodestar amount for performance, but has repeatedly said that an enhancement may be awarded in 'rare' and 'exceptional' circumstances." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 543 (2010). Plaintiffs' counsel do not dispute that this case was resolved early in its litigation history—before class certification, dispositive motions, or trial. Shortly after the settlement agreement was signed, this Court rejected analogous claims in *Epic v. Apple*, Case No. 4:20-cv-05640-YGR, which may have imperiled any later recovery by the class at all. Counsel did not risk it all here. A $25 million award, all in, would still be 167% of their investment—a healthy return in any environment, and particularly generous in light of *Epic*.

Apple believes that as much money as possible from the Small Developer Assistance Fund should end up in the hands of the small app developers who choose to make claims pursuant to the settlement facility. The total amount of fees requested by Plaintiffs' counsel appears high, both as a percentage of the cash fund and as a lodestar multiple. While Apple ultimately does not oppose entry of a fee award in the amount requested by Plaintiffs, Apple wishes to stress that the Court has the discretion to award fees in the amount it determines to be appropriate.

4

DEFENDANT APPLE INC.'S RESPONSE TO DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS
No. 4:19-cv-03074-YGR

Gibson, Dunn & Crutcher LLP

DATED: February 28, 2022

> GIBSON, DUNN & CRUTCHER LLP
>
> By: /s/ Mark. A. Perry
> Mark A. Perry
> Theodore J. Boutrous Jr.
> Richard J. Doren
> Daniel G. Swanson
> Veronica S. Moyé
> Cynthia E. Richman
> Ethan D. Dettmer
> Rachel S. Brass
> Caeli A. Higney
>
> *Attorneys for Defendant Apple Inc.*

5

DEFENDANT APPLE INC.'S RESPONSE TO DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS
No. 4:19-cv-03074-YGR

Gibson, Dunn & Crutcher LLP