1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

OAKLAND DIVISION

11

| | |
|---|---|
| DONALD R. CAMERON, *et al.*,<br><br>                    Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 4:19-cv-03074-YGR<br><br>**[PROPOSED] ORDER GRANTING DEVELOPER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Hon. Yvonne Gonzalez Rogers |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter has come before the Court to determine whether there is any cause why this Court should not approve the Developer Plaintiffs' ("Plaintiffs") settlement with Apple Inc. ("Apple" or "Settling Defendant"). The Court, having reviewed Plaintiffs' Motion for Final Approval of Settlement and Response to Objectors ("Motion"), the Settlement Agreement, the pleadings and other papers on file in this action, the statements of counsel and the parties, and the objection of Steven Wytyshyn (ECF No. 469), hereby finds that the Settlement Agreement should be approved. Accordingly, the Court enters this Order of Final Approval.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class and the Settling Defendant.

2.      For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreement. *See* ECF No. 453, Order Granting Preliminary Approval of Class Action Settlement and Setting Deadlines for Notice, Objection, Exclusion, and Final Fairness Hearing, Ex. A (Settlement Agreement). The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement, and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, including with respect to each of the factors enumerated in Rule 23(e)(2).

3.      The following class is certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All former or current U.S. developers of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iOS App Store that earned, through all Associated Developer Accounts, proceeds equal to or less than $1,000,000 through the App Store U.S. storefront in every calendar year in which the U.S. developer had a developer account between June 4, 2015 to the date of the Agreement (August 24, 2021). For class definition purposes, the 2015 calendar year shall consist of June 4, 2015 through December 31, 2015. The 2021 calendar year shall consist of January 1, 2021 through April 26, 2021. Additionally, excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its

subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, (d) any Developers who validly request exclusion ("opt out") from the Settlement Class, and (e) any other individuals whose claims already have been adjudicated to a final judgment.

4. The settlement class shall be referred to herein as the "Settlement Class."

5. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes only by the Settlement Class in that:

(a) there are at least tens of thousands of geographically dispersed settlement class members, making joinder of all members impracticable;

(b) there are questions of law and fact common to the settlement class which predominate over individual issues;

(c) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class;

(d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; and

(e) resolution through class settlements is superior to individual settlements.

6. The Court finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), for settlement purposes only, because: (i) questions of fact and law common to members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

7. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms that Hagens Berman Sobol Shapiro LLP is appointed as Settlement Class Counsel, and that the named

Plaintiffs, Donald Cameron and Pure Sweat Basketball, Inc., are appointed to serve as the Class Representatives on behalf of the Settlement Class.

8.     Plaintiffs' notice of the Settlement to the Settlement Class was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate information to the Settlement Class of all matters relating to the Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

9.     Certain members of the Settlement Class timely and validly requested exclusion from the Settlement Class, and therefore they are excluded from the Settlement Class. These persons and entities are reflected in the attached **Exhibit A** to this order. Such persons and entities are not included in or bound by this Order as it relates to the Settlement for which they opted-out. Such persons and entities are not entitled to any recovery of the settlement proceeds obtained through this Settlement.

10.     The Court has reviewed and considered the objection of Steven Wytyshyn (ECF No. 469), and finds it to be without merit.

11.     Without affecting the finality of this Order in any way, this Court hereby retains continuing, exclusive jurisdiction over the settlement and the Settlement Agreement, including:

(a) implementation of the settlement and any distribution to members of the Settlement Class pursuant to further orders of this Court;

(b) disposition of the Settlement Fund;

(c) determining attorneys' fees, costs, expenses, and interest;

(d) the Action until Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement;

(e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds;

(f) all parties to the Action and Released Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and

1    other documents contemplated by, or executed in connection with, the

2    Settlement Agreement; and

3    (g) any other proceedings concerning the administration, interpretation,

4    consummation, and enforcement of these settlements.

5    12.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil

6  Procedure, that Final Judgments of Dismissal with prejudice as to the Settling Defendant

7  ("Judgment") should be entered forthwith and further finds that there is no just reason for delay in

8  the entry of the Judgment, as a Final Judgment, in accordance with the Settlement Agreement.

9

10  **IT IS SO ORDERED.**

11

12  DATED: _____    _____

13                                   Hon. Yvonne Gonzalez Rogers
                                     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHBIT A – VALID EXCLUSION REQUESTS

| No. | Party |
|-----|-------|
| 1 | Pleco Inc. |
| 2 | Christian Classics Ethereal Library |
| 3 | Millennium Products, Inc. |
| 4 | Eri Lombardo |
| 5 | Gooseworks Media LLC |
| 6 | Ebranta Technologies Inc. |
| 7 | DEVONtechnologies, LLC |
| 8 | Michael Hominick |
| 9 | CoverMe Communications, Inc. |
| 10 | Justin Andrews |
| 11 | Ryan Steder |
| 12 | Nike, Inc. |
| 13 | KPAW |