UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| DONALD R. CAMERON, *et al.*, | Case No. 4:19-cv-03074-YGR |
|---|---|
| Plaintiffs, | **[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO APPLE INC.** |
| v. | |
| APPLE INC., | Hon. Yvonne Gonzalez Rogers |
| Defendant. | |

1    This matter has come before the Court to determine whether a final judgment of dismissal should be entered as to Defendant Apple Inc. ("Apple") in light of the settlement with the Developer Plaintiffs ("Plaintiffs"). The Court, having reviewed the settlement agreement between Plaintiffs and Apple and Plaintiffs' Plaintiffs' Motion for Final Approval of Settlement and Response to Objectors ("Final Approval Motion"), and finding no just reason for delay, hereby directs entry of Final Judgment under Federal Rule of Civil Procedure 54(b), which shall constitute a final adjudication of this case on the merits as to members of the Settlement Class and Defendant Apple Inc. pursuant to the terms of the Settlement Agreement Between Plaintiffs and Apple Inc. ("Settlement Agreement") (*see* ECF No. 453, Ex. A).

Good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.   The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class and Defendant Apple.

2.   For purposes of this Judgment, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement as though they were fully set forth in this Final Judgment. Specifically, "Settlement Class," means:

> All former or current U.S. developers of any Apple iOS application or in-app product (including subscriptions) sold for a non-zero price via Apple's iIOS App Store that earned, through all Associated Developer Accounts, proceeds equal to or less than $1,000,000 through the App Store U.S. storefront in every calendar year in which the U.S. developer had a developer account between June 4, 2015 to the date of the Agreement (August 24, 2021). For class definition purposes, the 2015 calendar year shall consist of June 4, 2015 through December 31, 2015. The 2021 calendar year shall consist of January 1, 2021 through April 26, 2021. Additionally, excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, (d) any Developers who validly request exclusion ("opt out") from the Settlement Class, and (e) any other individuals whose claims already have been adjudicated to a final judgment.

3.      Those persons and entities identified in the list attached hereto as **Exhibit A** are validly excluded from the Settlement Class. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any recovery of the settlement proceeds obtained in connection with the Settlement Agreement.

4.      The Court finds the prerequisites to a class action under Rule 23(a) have been satisfied for settlement purposes only by the Settlement Class in that:

    a.      There are at tens of thousands of putative members of the Settlement Class, making joinder of all members impracticable;

    b.      There are questions of fact and law that are common to all members of the Settlement Class;

    c.      The claims of the Class Representatives are typical of those of the Settlement Class; and

    d.      Plaintiffs Donald Cameron and Pure Sweat Basketball, Inc. ("Class Representatives") have and will fairly and adequately protect the interests of the members of the Settlement Class and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately advance the interests of the Settlement Class.

5.      The Court has found that this Action may be maintained as a class action under Rule 23(b)(3), for settlement purposes only, because: (i) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.      Pursuant to Rule 23(g), the Court hereby confirms that Hagens Berman Sobol Shapiro LLP is appointed as Settlement Class Counsel, and that Plaintiffs Donald Cameron and Pure Sweat Basketball, Inc. are appointed to serve as Class Representatives on behalf of the Settlement Class.

7.      Upon the Effective Date of Settlement, the Released Parties shall be discharged and released from the claims released pursuant to the terms of the Settlement Agreement, regardless of

whether any such releasing party executes and delivers a proof of claim, and without respect to any rights afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws. As of the Effective Date, all releasing parties shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any claim released pursuant to the terms of the Settlement Agreement against any of the Released Parties as defined in the Settlement Agreement, or from assisting any third party in commencing or maintaining any suit against any Released Party related in any way to any of the claims released, including without respect to any rights afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws.

8. The Court has finally approved the settlement between the Settlement Class and Apple Inc. that provides $100,000,000 in monetary relief and structural relief in 6 areas of particular concern to the iOS developer community, and has found that said settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. This Court hereby dismisses on the merits and with prejudice this Action against Apple Inc., including the Claims of the Plaintiffs and the Settlement Class, with each party to bear its own costs and attorneys' fees, except as provided in the Settlement Agreement.

10. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing, exclusive jurisdiction over the settlement and the Settlement Agreement, including: (a) implementation of this settlement and any distribution to members of the Settlement Class pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) determining attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to distribution of settlement proceeds; (f) all parties to the Action and Released Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreement; and (g) any other proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement.

11. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

12. The Court finds that, pursuant to Federal Rules of Civil Procedure 54(a) and (b), Final Judgment should be entered, and further finds that there is no just reason for delay in the entry of Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Final Judgment forthwith.

**IT IS SO ORDERED.**

DATED: _____

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge

# EXHBIT A – VALID EXCLUSION REQUESTS

| No. | Party |
|-----|-------|
| 1 | Pleco Inc. |
| 2 | Christian Classics Ethereal Library |
| 3 | Millennium Products, Inc. |
| 4 | Eri Lombardo |
| 5 | Gooseworks Media LLC |
| 6 | Ebranta Technologies Inc. |
| 7 | DEVONtechnologies, LLC |
| 8 | Michael Hominick |
| 9 | CoverMe Communications, Inc. |
| 10 | Justin Andrews |
| 11 | Ryan Steder |
| 12 | Nike, Inc. |
| 13 | KPAW |