THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant APPLE INC.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, *et al.*<br><br>　　　　　　　　Plaintiffs<br><br>　　v.<br><br>APPLE INC.,<br>　　　　　　　　Defendant. | Case No. 4:19-cv-03074-YGR<br><br>**DECLARATION OF CAELI A. HIGNEY IN SUPPORT OF DEVELOPER PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

DECLARATION OF CAELI A. HIGNEY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
4:19-CV-03074-YGR-TSH

Gibson, Dunn & Crutcher LLP

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 490) in connection with the Third Supplemental Declaration of Steven Platt (Dkt. 489).

3. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will exploit any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

4. When a party seeks to seal records in connection with a dispositive motion, there is a "strong presumption in favor of access" that can be overcome by "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted); *see also In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017) (applying standard to class settlements); *Thomas v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2017 WL 4750628, at *4 (N.D. Cal. Oct. 20, 2017) (same); *Cotter v. Lyft, Inc.*, No. 13-CV-04065-VC, 2016 WL 3654454, at *1 (N.D. Cal. June 23, 2016) (same). Here, such "compelling reasons" exist for Apple's limited sealing request.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF CAELI A. HIGNEY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
4:19-CV-03074-YGR-TSH

5. Specifically Apple seeks only to seal information about the number of developers and amounts of projected disbursements in each settlement class tier. Apple maintains the confidentiality of this information (and/or the information it is based on), including because its public disclosure would assist Apple's competitors in gauging revenues earned by various discrete segments of the App Store developer population and in competing with Apple for the participation of those developers in software marketplaces. Accordingly, public disclosure of this information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing); *see also Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal information that would put parties "at a competitive disadvantage compared to their current position").

6. The information Apple seeks to protect is an important aspect of its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's business interests.

7. The information that Apple now requests to seal is similar to the information the Court sealed in Figure 10 at page 39 of the Expert Report of Lorin M. Hitt, PhD. in opposition to class certification in this action. *See* Dkt. 376-4 (sealed report); Dkt. 458 at 16 (sealing granted); Dkt. 462-7 (redacted report).

8. Below is a chart detailing the specific items of Apple's, also highlighted in the sealed documents filed at Dkt. 490, that are sealable for the reasons explained herein.

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF CAELI A. HIGNEY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
4:19-CV-03074-YGR-TSH

| Document | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| Third Supplemental Declaration of Steven Platt of Angeion Group | Page 2, Lines 21-22 | This portion of the declaration should be sealed because it contains non-public and competitively sensitive information. |
| Ex. A to Third Supplemental Declaration of Steven Platt of Angeion Group | The numbers in the second, third, fifth, seventh, and ninth columns of the second, third, fourth, and fifth tables at Page 2. | These portions of the exhibit should be sealed because they contain non-public and competitively sensitive information. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on June 10, 2022 at San Francisco, California.

*/s/ Caeli A. Higney*
Caeli A. Higney
Gibson, Dunn & Crutcher LLP

3

DECLARATION OF CAELI A. HIGNEY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
4:19-CV-03074-YGR-TSH