Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
tedw@hbsslaw.com

Shana E. Scarlett (SBN 217895)
Benjamin J. Siegel (SBN 256260)
Ben M. Harrington (SBN 313877)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com
benh@hbsslaw.com

*Settlement Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, et al., | No. 4:19-cv-03074-YGR |
| Plaintiffs, | **DEVELOPER PLAINTIFFS' NOTICE OF INITIAL POST-DISTRIBUTION ACCOUNTING AND PROPOSED SCHEDULE FOR FURTHER DISTRIBUTIONS** |
| v. | |
| APPLE INC. | |
| Defendant. | Hon. Yvonne Gonzales Rogers |

In accordance with the Northern District of California's Procedural Guidance for Class Action Settlements ("Procedural Guidance"), Developer Plaintiffs submit this Notice of Initial Post-Distribution Accounting.  Developer Plaintiffs also propose a schedule for further settlement distributions, as to which Apple has no objection.

By Order dated June 10, 2022, this Court approved Developer Plaintiffs' settlement with Apple and authorized distributions to the settlement class.  *See* ECF No. 491.  After resolving disputed claims, the settlement administrator ("Angeion") commenced distributions on October 19, 2022.  *See* Declaration of Steven Platt of Angeion Group Regarding Post Distribution Accounting of Settlement Funds ("Platt Declaration"), dated June 29, 2023, ¶ 6 (filed concurrently herewith).  On October 20, 2022, this Court extended the deadline for a post-distribution accounting until July 7, 2023.  *See* ECF No. 496.

As of the date of this submission, Angeion has issued settlement payments to 8,728 of 8,933 eligible claimants.  *See* Platt Declaration ¶ 11.  These payments total $66,398,667 and 97 percent of the Small Developer Assistance Fund available for distribution.  *See id.*  An accounting of these initial distributions is set forth in the accompanying **Exhibit A,** which also provides further metrics in accordance with this District's Procedural Guidance.

Payments to 205 eligible claimants (approximately 2 percent of all eligible claimants) have not been issued because Angeion has been unable to obtain valid tax identification numbers, as required for IRS reporting purposes.  *See id.* ¶¶ 5, 11.  Angeion has made diligent efforts to secure this information, including by obtaining tax identification information maintained by Apple and through an email, mail, and phone outreach campaign.  While these efforts yielded verifiable tax identification numbers for most claimants, the 205 that have not received payments do not have valid numbers on file with Apple and have been unreachable or otherwise unable to supply this information despite Angeion's best efforts.  *See id.* ¶¶ 6-11.

Developer Plaintiffs have conferred with Apple and the parties agree that these 205 eligible claimants should be extended a final opportunity to provide verifiable tax identification numbers before their claims are denied and their settlement proceeds revert to the Small Developer Assistance

Fund for a second round of distribution.  Specifically, and subject to the Court's authorization, the parties propose the following process:

| DATE | EVENT |
|---|---|
| **15 Days After Date of Entry of Accompanying Proposed Order ("Order Date")** | **Notice**:  Final email notice to be sent to all eligible claimants who have not provided verifiable tax identification numbers.  Such notice shall state prominently that claimants failing to cure within 60 days will forfeit their claims. |
| **75 Days After Order Date** | **Deadline to Cure**:  Claimants who do not supply verifiable tax identification numbers by this date will forfeit their claims and their settlement proceeds will revert to the Small Developer Assistance Fund for a second round of distribution. |
| **No Later than 150 Days from Order Date** | **Second Distribution**:  Angeion to commence second round of distribution to (1) eligible claimants who redeemed their initial payments, and (2) claimants who supplied verifiable tax identification numbers by the Deadline to Cure.[1]  Checks from this second distribution shall be valid for six months after issuance and expire thereafter. |
| **21 Days After Checks from Second Distribution Expire** | **Supplemental Post-Distribution Accounting**: Developer Plaintiffs will file supplemental post-distribution accounting covering all settlement payments to date. |

Developer Plaintiffs respectfully request that the Court enter the accompanying Proposed Order implementing the foregoing process for further settlement distributions.  Developer Plaintiffs will post a copy of this submission, and any related Order that issues, on the Settlement Website.

---

[1] To maintain a pro rata allocation and expedite payments, distributions to any claimants providing tax identification numbers by the Deadline to Cure shall include both the amounts they were entitled to in the initial distribution, as well the amounts they would have received in a second distribution had they cashed their initial payment.

**Exhibit A (Initial Post-Distribution Accounting)**

| REQUESTED INFORMATION[2] | RESPONSE | SOURCE |
|---|---|---|
| Total Settlement Fund | $100 Million (cash fund) | ECF No. 491 at 2 |
| Total Number of Class Members | 67,440 | ECF No. 482 at ¶ 3 |
| Total Number of Class Members to Whom Notice Was Sent and Not Returned as Undeliverable | 66,692 (99.3%) | ECF No. 477 at ¶ 6 |
| Number and Percentage of Approved Claim Forms Submitted | 8,933 (13.2%) | Platt Declaration (dated June 29, 2023) ¶ 4 |
| Number and Percentage of Opt-Outs | 13 (.019%) | ECF No. 491 at 9 |
| Number and Percentage of Objections | 1 (.001%) | ECF No. 491 at 9 |
| Average Payment | $7,667.08 | Platt Declaration (dated June 29, 2023) ¶ 12 |
| Median Payment | $2,016.22 | Platt Declaration (dated June 29, 2023) ¶ 12 |
| Maximum Payment | $120,973.23 | Platt Declaration (dated June 29, 2023) ¶ 12 |
| Minimum Recovery Per Claimant | $250 | ECF No. 491, Ex. A at § 6.2 |
| Methods of Notice | Email, Mail, Social Media, Phone, Website | ECF No. 477 at ¶ 3 |
| Methods of Payment | Physical Check or Electronic Distribution (at Class Member election) | ECF No. 491, Ex. A at § 6.5 |
| Number and Value of Checks Not Cashed | 622 checks totaling $5,942,926.29 | Platt Declaration (dated June 29, 2023) ¶ 13 |
| Amounts Distributed to Cy Pres Recipient | $0 (any cy pres award will follow second distribution) | |
| Administrative Costs | $604,913.55 (through June 29, 2023) | Platt Declaration (dated June 29, 2023) ¶ 14 |

---

[2] *See* Procedural Guidance, Post-Distribution Accounting, § 1(a).

| REQUESTED INFORMATION[2] | RESPONSE | SOURCE |
|---|---|---|
| Attorneys' Fees and Costs | $26,000,000 (fees) $3,500,000 (costs) | ECF No. 491 at 14 |
| Attorneys' Fees as Percentage of Settlement Fund | 26% (of cash fund) | ECF No. 491 at 14 |
| Class Counsel's Lodestar | $10,923,265 | ECF No. 491 at 14 |
| Lodestar Multiplier | 2.38 | ECF No. 491 at 14 |

DATED: June 29, 2023

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By ___ /s/ Steve W. Berman ___
  STEVE W. BERMAN (*pro hac vice*)

Robert F. Lopez (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
tedw@hbsslaw.com

Shana E. Scarlett (SBN 217895)
Benjamin J. Siegel (SBN 260260)
Ben M. Harrington (SBN 313877)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com
benh@hbsslaw.com

*Settlement Class Counsel*